# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE BEARD, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> COUNTY OF STANISLAUS, et al., <br><br>  Defendants. | Case No. 1:21-cv-00841-DAD-SAB <br><br> ORDER GRANTING MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM AND APPOINTING DONNIE R. COX AS GUARDIAN AD LITEM FOR MINOR PLAINTIFF N.P. <br><br> (ECF Nos. 6,8) |

On May 24, 2021, Plaintiffs Shane Beard, Hilda Perez, and N.P., a minor, filed a complaint in this action. (ECF No. 1.) On May 26, 2021, the Court ordered Plaintiffs' counsel to file, within ten (10) days of entry of the order, evidence that a representative has been appointed under state law or a motion for appointment of a guardian ad litem that meets the requirements of Local Rule 202. (ECF No. 4.) On May 27, 2021, Plaintiffs' counsel Robert R. Powell ("Mr. Powell") filed a motion to appoint Donnie R. Cox ("Mr. Cox"), as guardian ad litem for N.P. (ECF No. 6.) The declaration of Mr. Powell proffered that the submission would be accompanied by a declaration containing information pertaining to the proposed guardian ad litem Mr. Cox's "relation to the parties." (ECF No. 6-2 at 1-2.) The declaration of Mr. Cox failed to explain the relation to the parties or provide any information in this regard aside from proffering generally that Mr. Cox has no interests adverse to N.P., and will receive no compensation for work on behalf of N.P. (ECF No. 6-1 at 1-2.) Given this deficiency, the Court

1

found supplemental briefing would be appropriate as to the relationship between Mr. Cox and all Plaintiffs in this action, including the minor N.P., as well as information pertaining to the professional relationship between Plaintiffs' counsel and Mr. Cox, including whether Mr. Cox serves as guardian ad litem in Mr. Powell's cases and vice versa.  On May 27, 2021, Court ordered supplemental briefing to be filed within seven (7) days, and on June 3, 2021, Mr. Powell submitted supplemental briefing, as well as a supplemental declaration. (ECF Nos. 8, 8-1.)  No supplemental declaration was submitted by Mr. Cox.

Rule 17 of the Federal Rules of Civil Procedure provides that a suit by a minor may be brought or defended by: "(A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary."  Fed. R. Civ. P. 17(c)(1).  A minor who does not have a duly appointed representative may sue by next friend or a guardian ad litem. Fed. R. Civ. P. 17(c)(2).  "The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Id.   Further, the Local Rules of the Eastern District of California state:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).

L.R. 202(a).

This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation.  United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986).  The appointment of the guardian ad litem is more than a mere formality. Id.  "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."  Id.  A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." AT&T Mobility, LLC v. Yeager, 143 F.Supp.3d 1042, 9 (E.D. Cal. 2015).  This means that the

guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward. Id. (citations omitted).

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." Gonzalez v. Reno, 86 F.Supp.2d 1167, 1185 (S.D. Fla.), aff'd sub nom. Gonzalez v. Reno, 212 F.3d 1338 (11th Cir. 2000). While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict. Anthem Life Ins. Co. v. Olguin, No. 1:06-CV-01165 AWI-NEW, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007). Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child. Id. at *2.

Mr. Cox and Mr. Powell apparently vehemently disagree with the Court performing its judicial function or inquiring for more substantive information pertaining to the appointment of Mr. Cox as guardian ad litem for N.P., notwithstanding the Court's duty to do so, and despite the failure by counsel and Mr. Cox to provide any basis or explanation of the relationship between Mr. Cox and the parties even though the declaration of Mr. Powell expressly stated the submission would so.[1]  The Court declines their invitation to offended.[2]  The Court does inform

---

[1] Specifically, Plaintiffs' supplement briefing begins in part: "Though only some of the many points in the paragraph are laid out as specific inquiries, Plaintiffs' Counsel would prefer to attempt to address and answer everything in the order that has an aura of questioning as to the propriety of Mr. Cox's selection as G.A.L. It should come as no surprise to the Court that this Order is perceived as questioning the integrity of both officers of this Court, and for reasons neither can conceive and certainly know do not exist. Given that perception, correct or incorrect, Plaintiffs will address every one of the specific inquiries, including those that may not be 'specific' yet fall in the description of 'questioning.' " (ECF No. 8 at 2.)

[2] However, the Court will note that counsel appears to refer to the yet to appear Defendant Stanislaus County as engaging in a "corrupt" process, and then also appears to aver to some disfavor to Plaintiffs' counsel, or favor to Stanislaus County from the Eastern District in general, stating: "although the relationship between Plaintiffs' Counsel and Mr. Cox has not once been questioned in the aforementioned 22 years knowing each other, it has now been questioned twice in lawsuits filed in the Eastern District Court of California in less than one year's time, both against Stanislaus County's child welfare agency." (ECF No. 8 at 3, 5.) The undersigned was not aware of any prior questioning of Mr. Powell and Mr. Cox by other judges in this district, and was only basing the request for supplemental briefing on counsel's failure to provide the basic information that counsel stated would be provided. Based on counsel's efforts in the supplemental briefing to offend the Court, the undersigned has indeed now become aware of the previous questioning of Mr. Cox and Mr. Powell in this district. In the action that counsel has made the undersigned privy to, the Court admonished counsel stating: "In ruling on the pending request for reconsideration, the undersigned reviewed the entire transcript for the June 26, 2020 hearing on plaintiffs' motion. At several points in that hearing, attorney Powell interrupted and otherwise addressed the magistrate judge in a manner that the

counsel that upon review of the supplemental briefing, the Court's first impression of the demeanor reflected in the briefing is that counsel "doth protest too much, methinks." See William Shakespeare, Hamlet Act III, Scene 2; see also Ghorbani v. Pac. Gas & Elec. Co. Grp. Life Ins., 100 F. Supp. 2d 1165, 1168 (N.D. Cal. 2000) ("To the contrary, the strenuousness with which a defendant objects to a plaintiff's claim might legitimately be regarded as a sign that a case has merit.  As Gertrude's observation to Hamlet reveals, suspicions are rightly fueled by one who 'doth protest too much.' ").  However, at this juncture, and mindful of the Court's future duty to approve any settlement of the minor's claims, based on the proffer of Mr. Powell and Mr. Cox and despite the improper rhetoric, the supplemental briefing did provide the Court with the additional information it needed to make the guardian ad litem decision.  Therefore, the Court shall grant the motion to appoint Mr. Cox as guardian ad litem.  It should be noted that the Court will continue to perform its judicial function in all future matters in cases before it, applying the law to the facts.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to appoint Donnie R. Cox as N.P's guardian ad litem (ECF No. 6) is GRANTED; and

2. Donnie R. Cox is appointed as guardian ad litem for minor Plaintiff N.P.

IT IS SO ORDERED.

Dated:   **June 15, 2021**

UNITED STATES MAGISTRATE JUDGE

---

undersigned will mildly characterize as inappropriate.  Having been warned, any repetition of such conduct will likely result in the imposition of sanctions."  (Webb et al v. County of Stanislaus, 19-cv-01716-DAD-EPG, ECF No. 36 at 7 n.4.)  Additionally, the Court will note that despite not expressly informing the Court in the first submission and blanketly declaring no financial interest in acting as guardian ad litem, Mr. Cox and Mr. Powell do have a practice of acting as guardian ad litem in each other's cases.