ROBERT R. POWELL, SBN: 159747
POWELL & ASSOCIATES
925 West Hedding Street
San Jose, California 95126
T: (408) 553-0201 F: (408) 553-0203
E: rpowell@rrpassociates.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE BEARD, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>  Defendants. | Case No.: 1:21-cv-00841-DAD-SAB<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA RE: STANISLAUS FAMILY JUSTICE CENTER**<br><br>Judge: Dale A. Drozd<br>Magistrate Judge: Stanley A. Boone |

**TO THE HONORABLE COURT, AND DEFENDANTS THROUGH THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on May 18, 2022, or as soon thereafter as the matter may be heard in Courtroom 10 of the above-entitled court, located at Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, CA 93721, Plaintiffs will and do hereby move the court to compel the Stanislaus Family Justice Center (SFJC) to comply with Plaintiff's subpoena served on the entity December 30, 2021.

i

Plaintiff's Motion to Compel Re: SFJC
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al. v. County of Stanislaus, et al.

This motion is based upon this Notice, Plaintiff's Motion with Memorandum of Points and Authorities, the Declaration of Robert R. Powell filed herewith, all other pleadings and papers filed herein, and on any other oral or documentary evidence that may be submitted at the hearing.

Pursuant to Local Rules of the United States District Court, Eastern District of California, Rule 251 ("L.R. 251"), Plaintiffs have attempted to arrange a conference to satisfy the requirement to meet and confer regarding the content of this motion. Plaintiff has been unable to obtain a substantive meet and confer with the Stanislaus Family Justice Center and are therefore unable to obtain a Joint Statement at this time. Plaintiff's attempts to secure a meet and confer are outlined in the Declaration of Robert R. Powell, filed herewith and evidenced by the Exhibits provided with said Declaration. Therefore, pursuant to subsection (e) of L.R. 251, Plaintiffs have noticed this motion for hearing within fourteen (14) days, and no Joint Statement will be filed.

Plaintiffs will also note for the Court that this motion is being filed concurrently with a separate motion to compel against a separate entity co-located with the Stanislaus Family Justice Center.

POWELL & ASSSOCIATES

Date: April 28, 2022              /S/Robert R. Powell_____
                                  ROBERT R. POWELL, ESQ.
                                  Attorney for Plaintiffs

ii

Plaintiff's Motion to Compel Re: SFJC
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al. v. County of Stanislaus, et al.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Shane Beard requests that this Court compel Stanislaus Family Justice Center (SFJC) to comply with Plaintiff's subpoena served on the entity December 30, 2021 based on the following points and authorities.

## I.   RELEVANT FACTS

Stanislaus Family Justice Center is a non-party witness in this matter, and Plaintiffs are informed and believe that the entity possess numerous documents, up to and including audio or video recordings, involving Plaintiffs Shane Beard, Hilda Perez, and their children. Decl. of Robert R. Powell, ¶3.

On December 30, 2021, a process server procured by Plaintiffs' counsel personally served a lawfully executed subpoena to produce documents on the executive director of SFJC. *Id*, at ¶¶5, 7. The subpoena served on SFJC's Executive Director, Lisa Mantarro, also included the necessary provisions of F.R.C.P. 45(c), (d), (e) and (g) which relate to the place of compliance as well as the witness's duty to respond to the subpoena. *Id*., at ¶¶5-6. Plaintiffs properly noticed Defendants' counsel that these documents were being sought from SFJC via subpoena on December 29, 2021. *Id*., at ¶¶3-4.

After the reasonable time requested by Plaintiffs for compliance with the subpoena had elapsed, Plaintiffs' counsel drafted and mailed a letter addressed to SFJC on February 1, 2022, apprising the entity of the elapsed time, and requesting that SFJC promptly contact Plaintiffs' attorney to advise of when compliance of the subpoena will be completed. *Id*., at ¶¶8-9.

As of the date of this filing, Plaintiffs have not received any contact from SFJC in response to the subpoena served December 30 nor the letter mailed February 1 – not by phone, email, or traditional mail. *Id*., at ¶12.

1

Plaintiff's Motion to Compel
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al., v. County of Stanislaus, et al.

After waiting for more than two months after the February 1 letter, Plaintiffs' counsel drafted and mailed another letter to SFJC which referenced the subpoena served on Lisa Mantarro, the February 1 letter, and the complete lack of any response from any person at SFJC. *Id*., at ¶¶10-11. The second letter, mailed April 11, 2022, also apprised SFJC that Plaintiffs would be seeking a motion to compel SFJC to comply with the subpoena. *Ibid*

## II. ARGUMENT

Plaintiffs bring this motion pursuant to the enforcement provision of F.R.C.P. 45(g), and Eastern District Local Rule 251.

The evidence attached to the Declaration of Robert R. Powell demonstrates that Plaintiffs' counsel has attempted to comply with the meet and confer provisions set out in subsections (b) and (c) in Local Rule 251. After being served with the subpoena on December 30, 2021, SFJC had ample time to contact Plaintiffs' counsel regarding the subpoena or respond with objections, or whichever sort of compliance the entity felt necessary to produce within those nineteen (19) days. *Id*., at ¶7. The proof of service for the subpoena specifies that the person served was Lisa Mantarro – Ms. Mantarro told the process server that she was the executive director of SFJC and was authorized to accept service. *Id*., at ¶¶6-7. An appropriate notice and copy of the subpoena was served on Defendants' counsel before service of the subpoena on SFJC. *Id*., at ¶3-4.

Plaintiffs' counsel waited for any sort of response from SFJC for another two weeks before mailing SFJC the first letter on February 1, 2022. *Id*., at ¶¶8-9. The first letter enclosed a separate copy of the subpoena. *Ibid*.

Plaintiffs' counsel sent a separate letter to SFJC on April 11, 2022 – *seventy* days from the February 1 letter – informing the entity of Plaintiffs' intent on filing a motion to compel

2

Plaintiff's Motion to Compel
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al., v. County of Stanislaus, et al.

its compliance with the subpoena. *Id*., at ¶¶10-11.

From the time of service of the subpoena on SFJC to the time of this filing, more than *three months* have elapsed, and Plaintiffs' counsel has not heard nor seen one response from the organization. *Id*., at ¶12. Not one phone call or email or letter. *Ibid*. The Stanislaus Family Justice Center have therefore made a "complete and total failure to respond to [the] discovery request," and that is why the Court is deprived of a Joint Statement and this motion was noticed on a shorter basis. L.R. 251(e).

Federal Rule of Civil Procedure 45(g) provides the Court the authority to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." This is because properly issued subpoenas are themselves court orders whereby noncompliance may warrant sanctions or other punishment for contempt. *Pennwalt Corp. v. Durand-Wayland, Inc.,* 708 F. 2d 492, 494 (9th Cir. 1983).

Courts may impose civil sanctions to "(1) compel or coerce obedience to a court order, and/or (2) compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4,* 721 F. 3d 1122, 1131 (9th Cir. 2013). There is no requirement that the contempt be willful and there is no good faith exception to the requirement that court orders must be obeyed. *In re Dual–Deck Video Cassette Recorder Antitrust Litig.,* 10 F. 3d 693, 695 (9th Cir. 1993).

As evidenced by the documents attached to the Declaration of Robert R. Powell which show SFJC's refusal to respond to the subpoena, as well as two letters sent within three months, Plaintiffs have upheld their burden to demonstrate clear and convincing evidence that SFJC has violated a "clear and specific court order." *Forsythe v. Brown*, 281 F.R.D. 577, 587

Plaintiff's Motion to Compel
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al., v. County of Stanislaus, et al.

(D. Nev. 2012). The burden now shifts to the contemnor to show that they "took every reasonable step" to comply and explain why compliance was not possible. *Ibid*.

### III. CONCLUSION

Based on the forgoing points and authorities, Plaintiffs' respectfully request that this Court order the Stanislaus Family Justice Center to comply with Plaintiffs' lawfully executed subpoena served December 30, 2021, or in addition or alternatively, an order to show cause on SFJC to show why it should not be held in contempt for failure to comply with the subpoena.

POWELL & ASSOCIATES

Dated: April 28, 2022         /s/Robert R. Powell
                              ROBERT R. POWELL
                              Attorney for Plaintiffs

4

Plaintiff's Motion to Compel
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al., v. County of Stanislaus, et al.