# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SHANE BEARD, et al.,

Plaintiffs,

v.

COUNTY OF STANISLAUS, et al.,

Defendants.

Case No. 1:21-cv-00841-DAD-SAB

ORDER GRANTING PLAINTIFFS' MOTIONS TO COMPEL THIRD PARTIES STANISLAUS FAMILY JUSTICE CENTER AND C.A.I.R.E. CENTER TO PRODUCE DOCUMENTS WITHIN 30 DAYS

ORDER VACATING MAY 18, 2022 HEARING

(ECF Nos. 24, 25)

Currently before the Court is Plaintiffs Shane Beard, Hilda Perez, and N.P.'s (collectively, "Plaintiffs") motion to compel third parties Stanislaus Family Justice Center ("Family Justice Center") and C.A.I.R.E. Center to produce documents in response to their subpoenas.[1] (ECF Nos. 24, 25.) No oppositions were filed and the deadline to do so has now expired. Accordingly, the Court finds this matter suitable for decision without oral argument and the parties will not be required to appear on May 18, 2022. See Local Rule 230(g). For the reasons explained herein, Plaintiffs' motion shall be granted, and the Family Justice Center and C.A.I.R.E. Center shall provide, within thirty days of entry of this order, all documents

[1] The documents requested in each subpoena and substance of the two motions to compel are substantially identical, and will be collectively referred to herein. To the extent any distinctions between the two are relevant to the Court's findings, they will be addressed.

responsive to the requests for production identified in Plaintiffs' December 30, 2021 subpoenas, without objections.

**I.**

**BACKGROUND**

Plaintiff N.P. is the son of Plaintiffs Beard and Perez. Non-party minors A.S., C.P., V.P., and D.P. are the children of Perez and other partners. At all relevant times, Beard and Perez lived in separate residences, and N.P. lived primarily with Perez.

On July 12, 2019, a social services referral was generated. The reporting party alleged that A.S. reported he was touched inappropriately in the shower by V.P., and that V.P. and C.P. hit him on the head but Perez did nothing about it. An investigation ensued, with the end result that on July 19, 2019, N.P. was removed from Beard's custody and on July 24, 2019, the juvenile court determined at a detention hearing that N.P. needed continued detention. An amended juvenile dependency petition was filed on August 16, 2019. The juvenile case eventually concluded on April 15, 2020.

Plaintiffs allege the individual Defendant social workers fabricated information, generally misrepresented the situation, and withheld exculpatory information during their investigation and in their reports and warrant application, notably that N.P. was not involved in the aforementioned situation, was no longer living with V.P. and C.P., and was not in any danger and therefore should not have been removed from Beard's custody. Plaintiffs further allege Defendant County of Stanislaus promulgates unconstitutional policies and fails to properly train its social workers.

Plaintiffs initiated this action against Defendant County of Stanislaus and Defendant social workers Eric Anderson, April Cobbs, Mariela Gomez, David Granados, Stephanie Herrera, Shari Johnson, Shynelle Jones, and Gloria Solorio on May 24, 2021. (ECF No. 1.) The complaint asserts federal and state claims against Defendants for violations of the Fourth and Fourteenth Amendments, Monell liability, intentional infliction of emotional distress, false imprisonment, and violations of the Bane Act. A scheduling order issued on October 27, 2021. On March 31, 2022, the Court entered a protective order stipulated to by the parties. (ECF No. 23.)

On December 29, 2021, Plaintiffs' counsel notified Defense counsel of Plaintiffs' intention to serve subpoenas for documents on the Family Justice Center and C.A.I.R.E. Center. (ECF No. 24-1 at 2 (Powell Decl.); Id. at 5–6 (Ex. A); ECF No. 25-1 at 2 (Powell Decl.); Id. at 6–7 (Ex. A).) The following day, a process server served the subpoenas on the Family Justice Center and the C.A.I.R.E. Center. (ECF No. 24-1 at 2; Id. at 8–13 (Ex. B); ECF No. 25-1 at 2; Id. at 10–17 (Ex. B).) The subpoenas were served on Lisa Mantarro, the executive director of the Family Justice Center, who accepted service on behalf of both the Family Justice Center and the C.A.I.R.E. Center. (ECF No. 24-1 at 2; Id. at 9; ECF No. 25 at 2; Id. at 11.)

Thereafter, Plaintiffs received no response from the Family Justice Center or the C.A.I.R.E. Center. (ECF No. 24-1 at 2; ECF No. 25-1 at 2.) On February 1, 2022, Plaintiffs' counsel sent a letter to the Family Justice Center and to the C.A.I.R.E. Center, requesting a response and providing copies of the December 30, 2021 subpoenas. (ECF No. 24-1 at 2; Id. at 15–16 (Ex. C); ECF No. 25-1 at 2–3; Id. at 19 (Ex. C).)

On April 11, 2022, Plaintiffs' counsel sent another letter to the Family Justice Center and to the C.A.I.R.E. Center, notifying each of them of Plaintiffs' intent to file motions to compel and again attaching copies of the December 30, 2021 subpoenas. (ECF No. 24-1 at 3; Id. at 17 (Ex. D); ECF No. 25-1 at 3; Id. at 21 (Ex. D).) Counsel avers he never received a response from either the Family Justice Center or the C.A.I.R.E. Center. (ECF No. 24-1 at 3; ECF No. 25-1 at 3.)

On April 29, 2022, Plaintiffs filed motions to compel production of documents against the Family Justice Center and C.A.I.R.E. Center. (ECF Nos. 24, 25.) To date, no opposition or other response has been filed. On May 11, 2022, Plaintiffs additionally submitted affidavits of service indicating the motions to compel were personally served on the Family Justice Center and C.A.I.R.E. Center on May 2, 2022. (ECF Nos. 26, 27.)

**II.**

**LEGAL STANDARD**

Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena to command a nonparty to "produce designated documents, electronically stored information, or

tangible things in that person's possession, custody, or control. . . ." Fed. R. Civ. P. 45(a)(1)(A)(iii). In response to the subpoena, the nonparty must serve objections to the request before the earlier of the time specified for compliance or fourteen days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B.) If an objection is made, the serving party may move for an order compelling compliance in the court for the district where compliance is required. Fed. R. Civ. P. 45(b)(1)(B(i).

It is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and 34. Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Service Center, 211 F.R.D. 648, 662 (D. Kan. 2003) (quoting Advisory Committee Note to the 1970 Amendment of Rule 45(d)(1) that the amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."). Rule 34(a) provides that a party may serve a request that is within the scope of Rule 26.

Under the Federal Rules of Civil Procedure,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Although relevance is broadly defined, it does have "ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (quoting Oppenheimer Fund, Inc., 437 U.S. at 351). While discovery should not be unnecessarily restricted, discovery is more limited to protect third parties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co., Inc. v. Westwood Chemical Co., Inc., 649 F.2d 646, 649 (9th Cir. 1980). In deciding discovery disputes, courts must be careful not to deprive the party of discovery that is reasonably necessary

to their case. Dart Industries Co., Inc., 649 F.2d at 680. "Thus, a court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Gonzales, 234 F.R.D. at 680.

**III.**

**ANALYSIS**

As an initial matter, and in light of the fact that neither of the third-party subpoena recipients have responded to Plaintiffs or filed any opposition relating to the subpoenas or instant motions to compel, the Court considers whether the subpoenas were properly served on the Family Justice Center and C.A.I.R.E. Center. See Folkmanis, Inc. v. Uptown Toys LLC, No. 18-cv-00955-EMC, 2018 WL 4361140, at *2 (N.D. Cal. Sep. 13, 2018) ("[I]f service [is] improper, that may well explain the failure of a defendant to appear in a lawsuit.")

Here, the subpoena Plaintiffs served on the Family Justice Center requests production of the following:

> 1. All video, audio, or other recordings of any and all interactions, interviews, meetings with any of the above-named individuals [Shane Beard, Hilda Perez, Noah Perez-Beard, Alfresdo Cruz-Sosa, Jr., Christopher Garcia-Perez, Damien Garcia-Perez, and William (aka Victoria) Garcia-Perez], including but not limited to any CAIRE Center [sic] interviews of the named minors.
>
> 2. All documents of any kind which relate in any way to the named individuals above, including but not limited to therapy notes, interview notes, correspondence, internal memos.
>
> 3. All communications of any kind which relate in any way to the named individuals above, including but not limited to every e-mail, fax, letter, telephone call recording, and voicemail, between Family Justice Center, including any of its employees and/or agents, and any County of Stanislaus Community Services Agency employees.
>
> 4. All communications of any kind which relate in any way to the named individuals above, including but not limited to every e-mail, fax, letter, telephone call recording, and voicemail, between Family Justice Center, including any of its employees and/or agents, and personnel from any law enforcement agency.
>
> 5. All communications of any kind which relate in any way to the named individuals above, including but not limited to every e-mail, fax, letter, telephone call recording, and voicemail, between Family Justice Center, including any of its employees and/or agents, and personnel from the County of Stanislaus Office of the District Attorney.
>
> 6. All communications of any kind which relate in any way to the named individuals above, including but not limited to every e-mail, fax, letter, telephone

call recording, and voicemail, between Family Justice Center, including any of its employees and/or agents, and personnel from Healthy Alternatives to Violent Environments.

7. All communications of any kind which relate in any way to the named individuals above, including but not limited to every e-mail, fax, letter, telephone call recording, and voicemail, between Family Justice Center, including any of its employees and/or agents, and personnel from the Stanislaus County Behavioral Health and Recovery Services: Child Welfare CAIRE Center.

(ECF No. 24-1 at 12–13.)

Similarly, the subpoena Plaintiffs served on the C.A.I.R.E. Center requests production of the following:

1. All video, audio, or other recordings of any and all interactions, interviews, meetings with any of the above-named individuals [Shane Beard, Hilda Perez, Noah Perez-Beard, Alfresdo Cruz-Sosa, Jr., Christopher Garcia-Perez, Damien Garcia-Perez, and William (aka Victoria) Garcia-Perez], including but not limited to any CAIRE Center interviews of the named minors.

2. All documents of any kind which relate in any way to the named individuals above, including but not limited to therapy notes, interview notes, correspondence, internal memos.

3. All communications of any kind which relate in any way to the named individuals above, including but not limited to every e-mail, fax, letter, telephone call recording, and voicemail, between CAIRE Center, including any of its employees and/or agents, and any County of Stanislaus Community Services Agency employees.

4. All communications of any kind which relate in any way to the named individuals above, including but not limited to every e-mail, fax, letter, telephone call recording, and voicemail, between CAIRE Center, including any of its employees and/or agents, and personnel from any law enforcement agency.

5. All communications of any kind which relate in any way to the named individuals above, including but not limited to every e-mail, fax, letter, telephone call recording, and voicemail, between CAIRE Center, including any of its employees and/or agents, and personnel from the County of Stanislaus Office of the District Attorney.

6. All communications of any kind which relate in any way to the named individuals above, including but not limited to every e-mail, fax, letter, telephone call recording, and voicemail, between CAIRE Center, including any of its employees and/or agents, and personnel from Healthy Alternatives to Violent Environments.

7. All communications of any kind which relate in any way to the named individuals above, including but not limited to every e-mail, fax, letter, telephone call recording, and voicemail, between CAIRE Center, including any of its employees and/or agents, and personnel from the Stanislaus County Behavioral Health and Recovery Services: Child Welfare CAIRE Center.

(ECF No. 25-1 at 16–17.)

Both subpoenas are issued from the Eastern District and plainly require production of documents pursuant to the attachment of requested items. The subpoenas provide the case name and number, counsel's address at which the production should be delivered, and indicate the date and time of production: January 18, 2022 at 10:00 a.m. The subpoenas also provide a copy of the provisions of Rule 45(c), (d), (e), and (g) (governing place of compliance, enforcement, duties in responding, and contempt). Finally, Plaintiffs sent notice to Defendants of the subpoenas the day before they were served on the Family Justice Center and C.A.I.R.E. Center. Thus, the subpoenas are procedurally compliant with Rule 45. Fed. R. Civ. P. 45(a).

Further, the Court finds the subpoenas were properly served. Rule 45 provides that any person who is at least 18 years old and not a party may serve a subpoena. Fed. R. Civ. P. 45(b). Rule 45 also requires a copy of the subpoena be delivered to the named person. Id. As previously noted, here, the process server personally served both subpoenas on Lisa Mantarro, who is identified in the proof of service for the Family Justice Center as the Executive Director, and identified in the proof of service for the C.A.I.R.E. Center as the authorized agent. (ECF No. 24-1 at 9; ECF No. 25-1 at 11.) Thus, on their faces, the proofs of service appear to be in compliance with the aforementioned authorities. See also SEC v. Internet Solutions for Bus., Inc., 509 F.3d 1161, 1163 (9th Cir. 2007) ("[A] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence."). The Court further notes Plaintiffs also sent follow up letters to the Family Justice Center and C.A.I.R.E. Center on February 1, 2022, as well as the notification letters on April 11, 2022, of the motions to compel Plaintiffs intended to file. This indicates the Family Justice Center and C.A.I.R.E. Center received adequate notice of the subpoenas as well as proper service.

Finally, the Court notes Plaintiffs served the Family Justice Center and C.A.I.R.E. Center copies of the instant motions on May 2, 2022. (ECF Nos. 26, 27.) The motion was served on the Family Justice Center via Arleen Hernandez, the Director of Client Services. (ECF No. 27 at 2.) The motion was served on the C.A.I.R.E. Center via "John Doe," whose physical description was provided in the proof of service, as well as the averment that Doe was the "party routinely in

charge of accepting subpoenas and other legal documents on behalf of C.A.I.R.E. (ECF No. 26 at 2.) While the Court acknowledges that service on "John Does" is generally disfavored, it is permissible under certain circumstances. See, e.g., J & J Sports Prods., Inc. v. Barksdale, No. CIV S-11-2994 JAM, 2012 WL 1353903, at *5 (E.D. Cal. Apr. 13, 2012) ("The mere fact that the service documents were left with an unidentified adult is not fatal to the service, because courts have recognized that persons in apparent charge of businesses often refuse to provide their names for purposes of service, and that it is an accepted practice to name such a person by a fictitious name or by description [and] [f]urthermore, the substituted service statute also has an additional safeguard built into the process by requiring follow-up service by mail."), report and recommendation adopted, No. 2:11-cv-2994 JAM CKD, 2012 WL 2376284 (E.D. Cal. June 22, 2012). Here, the Federal Rules do not require personal service of a motion to compel. Furthermore, considering the full circumstances here — namely, that initial service of the subpoenas was valid; that multiple letters were mailed to the third-parties; and that Defendants were also properly served notice of the subpoenas and motions and therefore provided an opportunity to reach out to the third parties or timely intervene to protect their own interests — the Court finds all service appropriate.

Having found the Family Justice Center and C.A.I.R.E. Center were properly notified and served subpoenas, the Court considers the propriety of Plaintiffs' motions to compel. Here, Family Justice Center and C.A.I.R.E. Center neither responded to Plaintiffs' subpoenas or subsequent correspondences, nor filed any opposition to the instant motions. Nor have Defendants attempted to protect any of their own rights that might be implicated by the materials requested by Plaintiffs, by opposing the motions. Furthermore, the Court finds the production requests, which appear pertinent to the Defendant social workers' underlying investigation of Plaintiffs, are relevant to Plaintiffs' claims in this action. Gonzales, 234 F.R.D. at 680. Accordingly, the Court shall grant the motions to compel.

**IV.**

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to compel compliance with the subpoena for production of documents served on third-party Stanislaus Family Justice Center on December 30, 2021 (ECF No. 24), is GRANTED;

2. Plaintiffs' motion to compel compliance with the subpoena for production of documents served on third-party C.A.I.R.E. Center on December 30, 2021 (ECF No. 25), is GRANTED;

3. The hearing on Plaintiffs' motions to compel set for May 18, 2022, at 10:00 a.m. is hereby VACATED; and

4. Both the Stanislaus Family Justice Center and the C.A.I.R.E. Center shall provide all documents responsive to the requests for production identified in Plaintiffs' December 30, 2021 subpoenas **within thirty (30) days** of entry of this order, without objections.

IT IS SO ORDERED.

Dated: **May 16, 2022**

UNITED STATES MAGISTRATE JUDGE