ROBERT R. POWELL, SBN: 159747
POWELL & ASSOCIATES
925 West Hedding Street
San Jose, California 95126
T: (408) 553-0201 F: (408) 553-0203
E: rpowell@rrpassociates.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE BEARD, et al.,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:21-cv-00841-DAD-SAB<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL RE: PLAINTIFF SHANE BEARD`S DEMANDS FOR PRODUCTION SET ONE TO DEFENDANT COUNTY OF STANISLAUS**<br><br>Judge: Dale A. Drozd<br>Magistrate Judge: Stanley A. Boone |

**TO THE HONORABLE COURT, AND DEFENDANTS THROUGH THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on July 13th, 2022, or as soon thereafter as the matter may be heard in Courtroom 9 of the above-entitled court, located at Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, CA 93721, Plaintiffs hereby move the Court to compel Defendant County of Stanislaus ("Defendant") to produce documents responsive to Plaintiff Shane Beard`s Request for Production of Documents, Set One, served on Defendant on November 30, 2021.

i

Plaintiff's Motion to Compel Re: RFPD, Set One
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al. v. County of Stanislaus, et al.

This motion is based upon this Notice, Plaintiffs' Motion with Memorandum of Points and Authorities, the Declaration of Robert R. Powell filed herewith, all other pleadings and papers filed herein, and on any other oral or documentary evidence that may be submitted at the hearing.

Pursuant to Local Rules of the United States District Court, Eastern District of California, Rule 251 ("L.R. 251"), Plaintiffs have attempted to arrange a conference to satisfy the requirement to meet and confer regarding the content of this motion. Plaintiff has been unable to obtain a substantive meet and confer with Defendant and are therefore unable to obtain a Joint Statement at this time. Plaintiff's attempts to secure a meet and confer are outlined in the Declaration of Robert R. Powell, filed herewith and evidenced by the Exhibits provided with said Declaration.

POWELL & ASSSOCIATES

Date: June 22th, 2022

  /S/Robert R. Powell_____
ROBERT R. POWELL, ESQ.
Attorney for Plaintiffs

Plaintiff's Motion to Compel Re: RFPD, Set One
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al. v. County of Stanislaus, et al.

**TABLE OF CONTENTS**

I.    FACTS…………………………………………………...…………..…………1

II.    ARGUMENT………………..…………………………………….…………...3

      A.  Objections………………………………………………………………….4

          1.  Privileged Information – Including Attorney-Client……………………4

          2.  Improper General Objections……………………………………………5

      B.  Sanctions…………………………………………………………………..6

III.   CONCLUSION………………………………………………………….…...7

iii

Plaintiff's Motion to Compel Re: RFPD, Set One
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al. v. County of Stanislaus, et al.

# TABLE OF AUTHORITIES

**Federal Cases**

*A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186 (C.D. Cal. 2006)……………………….5

*Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 187 F.R.D. 528 (E.D. PA 1999)……………….4

*Hickman v. Taylor,* 329 U.S. 495, 507 (1947)………………………………………… ………..3

*In re Grand Jury Investigation (The Corporation),* 974 F.2d 1068 (9th Cir.1992)…………...5

*Kandel v. Brother Int'l Corp.,* 683 F.Supp.2d 1076 (C.D.Cal.2010)………………...……..…5

*Kaufman v. Board of Trustees*, 168 F.R.D. 278 (C.D. Cal. 1996)…………………….....……..4

*Little v. City of Seattle,* 863 F. 2d 681 (9th Cir. 1988)……………………………………………3

*Ramirez v. County of L.A.,* 231 F.R.D. 407 (C.D.Cal.2005)………………………………... ..5

*Richmark Corp. v. Timber Falling Consultants,* 959 F2d 1468 (9th Cir. 1992)……………....4


**Federal Statutes & Rules**

F.R.C.P. 26….……………………………………………………………………...……………5

F.R.C.P. 26(b)…..…………………………………………………………………….....…………4

F.R.C.P. 26(b)(1)…………………………………………………………………..…..…………4

F.R.C.P. 26(b)(2)(i)………………………………………………………………………………3

F.R.C.P. 26(b)(2)(iii)…………………………………………………………………….………3

F.R.C.P. 26(b)(5)………………………………………………………………………………….4

F.R.C.P. 34……………………………………………………………………….…………1, 3, 4

F.R.C.P. 37………………………………………………………………………….. 3, 7

F.R.C.P. 37(a)(3)(B)(iv)……………………………………………..………….…………1, 3

F.R.C.P. 37(a)(4)…………………………………………………………………… 3

iv

Plaintiff's Motion to Compel Re: RFPD, Set One
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al. v. County of Stanislaus, et al.

F.R.C.P. 37(a)(5)……………………………………………….…………………… 4, 6

**Local Rules**

CAED Local Civil Rules, Rule 251……………………………………………………..6

v

Plaintiff's Motion to Compel Re: RFPD, Set One
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al. v. County of Stanislaus, et al.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

Plaintiffs hereby request that this Court compel Defendant to produce documents responsive to Plaintiff Shane Beard`s Request for Production of Documents, Set One, that these documents be redacted only insofar as is required by law, and that the documents are accompanied by a privilege log.

### I.　FACTS

Pursuant to Rule 37(a)(3)(B)(iv) and 37(a)(4) of the Federal Rules of Civil Procedure ["FRCP"], Plaintiffs move to compel Defendant County of Stanislaus to produce documents responsive to Requests served pursuant to FRCP 34, on November 30, 2021. A copy of Plaintiff's Demands and proof of service can be found as Exhibit A to the Declaration of Robert R. Powell [Dec. RRP], filed herewith.[1]

On December 28, 2021, Defendant's counsel emailed Plaintiffs' counsel requesting an extension of time to serve a response to Plaintiff's documents request. Dec. RRP, Ex. B. Plaintiffs' counsel agreed to an extend the deadline 19 days to January 18, 2022 for Defendant to serve their response. *Ibid.*

Come January 18, 2022, no response of any kind to Plaintiff's Request for Production of Documents was served on Plaintiffs or their counsel. *Id.*, at ¶7.

Plaintiffs' counsel's office sent a notice by email of this missed deadline to Defendant's counsel on January 20, 2022. *Id.*, at ¶8. Defendant's counsel erroneously responded with, "There [sic] are due today and responses will be produced today." *Ibid.* Just over an hour later, Defendant's counsel served Defendant's Response and Objections to Shane Beard's Request for Production by email. *Id.*, Ex. D.

---

[1] All Exhibit references are to Exhibits with the Declaration of Robert R. Powell [In Support].

Plaintiff's Motion to Compel
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al., v. County of Stanislaus, et al.

On March 24, 2022, counsel for the parties met and conferred via telephone to address several discovery issues. *Id.*, at ¶12. During the telephone conference, Plaintiffs' counsel stated Plaintiffs' position that the Defendant's late service of responses and objections to the Request for Production resulted in waiver of those objections. *Id.*, at ¶13. Based on those grounds, Plaintiffs' counsel stated that if Defendant County of Stanislaus did not agree to serve complete good-faith responses without objections by end of business on March 28, 2022, that Plaintiffs would be pursuing a motion to compel. *Id.*, Ex. 14. Counsel for Defendant responded that he would look into it. The following day, March 25, a summary recap was sent via email to Defendant's counsel regarding the issues discussed during the telephonic meet and confer. Defendant's counsel responded to one of two points enumerated in the email but failed to address the issue of the late response. *Id.*

By March 28, 2022, the deadline put forth in the summary recap, Plaintiffs had not received revised and complete responses to the Request for Production served on the County. *Id.*, at ¶17. As of the date of this filing, Plaintiffs still have not received any revised and complete responses from Defendant – and further, Defendant County of Stanislaus has not produced any documents to Plaintiffs after the entity stated in its response that it would produce documents responsive to Plaintiffs requests numbered 1-2, 4-5, 7-8, 10-19, and 21-23. *Id.*, Ex. C.

In addition to having served the responses late, the responses received were inadequate and without merit. Requests were generally objected to on the basis that they were vague, ambiguous, overbroad, and overly burdensome, but there was no explanation as to why the requests were vague, ambiguous, overly burdensome, and overbroad. Objections to requests were made based on attorney-client privilege, yet no privilege logs accompanied these

2

Plaintiff's Motion to Compel
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al., v. County of Stanislaus, et al.

objections. *Id.,* Ex. C.  A portion of the requests were objected to on the basis that they violated F.R.C.P 34, because they were not reasonably calculated to lead to the discovery of admissible evidence.

In response to nineteen (19) of the Requests, the Defendants indicated that they would comply with the request, despite their objections. As of the date of this filing, no documents have been produced.[2]

## II.    ARGUMENT

Pursuant to Federal Rule of Civil Procedure, Rule 37, a party seeking discovery may move to compel disclosure and for appropriate sanctions when a party fails to produce documents as requested under Rule 34. FRCP 37(a)(3)(B)(iv), 37(a)(5). Furthermore, "an evasive or incomplete disclosure…must be treated as a failure to disclose, answer, or respond." FRCP 37(a)(4).

The Court has wide discretion in controlling discovery. *Little v. City of Seattle*, 863 F. 2d 681, 685 (9th Cir. 1988). Ordinarily, pre-trial discovery is "accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."   FRCP 26(b)(2)(i). The court is only required to limit discovery in situations where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FRCP 26(b)(2)(iii).

---

[2] Issues of nonresponse are a constant recurring problem with regard to discovery in every case involving Stanislaus County when represented by its current counsel. Across five suits thus far it is the same counsel, same problems. [Dec RRP at ¶19 ] In the case *Webb, et al., v. County of Stanislaus, et al.* 1:19 -cv-01716 the Court awarded $5,202 in expenses to Plaintiffs for similar dilatory conduct. [Dec RRP Ex. F]

3

Plaintiff's Motion to Compel
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al., v. County of Stanislaus, et al.

By this Motion Plaintiffs seek an order compelling Defendants to produce all documents responsive to Plaintiff Shane Beard's Request for Production of Documents, Set One. As discussed previously, the Defendants failed to respond to the request within the time permitted by Rule 34, and thus have waived all objections. "It is well established that a failure to object to discovery requests within the time required constitutes waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F2d 1468, 1473 (9th Cir. 1992); *see also Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 187 F.R.D. 528, 529 (E.D. PA 1999).

Plaintiffs are entitled to these documents because they are relevant to Plaintiffs' claims, or – at the very least – "reasonably calculated to lead to the discovery of admissible evidence." FRCP 26(b)(1); *see Kaufman v. Board of Trustees*, 168 F.R.D. 278, 280 (C.D. Cal. 1996) ("Rule 26(b) is liberally interpreted to permit wide-ranging discovery… The burden of proof is on the party opposing discovery to claim lack of relevancy and privilege.").

Finally, Plaintiffs should be awarded sanctions for their expenses incurred in bringing this motion, including the reasonable attorney's fees, because Defendants' refusal to properly produce the documents in question was not "substantially justified." *See* FRCP 37(a)(5).

**A.    Objections**

    **1. Privileged Information – Including Attorney-Client**

Defendants claimed attorney-client privilege, yet Defendants included no privilege log with their response, nor did they properly shoulder the burden of demonstrating that the requested documents were protected by attorney-client privilege.[3] Parties withholding documents as privileged must "(i) expressly make the claim; and… (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed … in a manner

---

[3] This was a problem in the *Webb* matter as well, and the Court had to order it be produced.

4

Plaintiff's Motion to Compel
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al., v. County of Stanislaus, et al.

that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FRCP 26(b)(5). The burden of proving the applicability of the privilege or protection is on the party asserting the privilege or protection. *See, e.g., In re Grand Jury Investigation (The Corporation)*, 974 F. 2d 1068, 1070 ( 9th Cir. 1992); *Kandel v. Brother Intl Corp.*, 683 F. Supp. 2d 1076, 1084 (C.D. Cal. 2010). A party's "[f]ailure to provide sufficient information may constitute a waiver of the privilege." *Ramirez v. County of L.A.*, 231 F.R.D. 407, 410 (C.D. Cal. 2005). Therefore, Defendants must either produce a privilege log consistent with FRCP 26 or produce the documents without asserting privilege.

### 2. Improper General Objections

The Defendants improperly incorporated "General Objections" into all their responses and apply the same unmeritorious objections in response to all Requests for Production on the grounds that the discovery sought is "overly broad, unduly burdensome, and harassing," and is not "relevant to the subject matter of the pending complaint nor reasonably calculated to lead to the discovery of admissible evidence." Ex. D "[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper -- especially when a party fails to submit any evidentiary declarations supporting such objections.... Similarly, boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006). Each of Plaintiff's requests is reasonably particularized and seeks documents limited to a particular subject manner between specific parties, and for a reasonable duration of time. As these General Objections fulfilled none of the above-referenced requirements, the Defendants' reliance on them is improper and those objections should be disregarded entirely.

5

Plaintiff's Motion to Compel
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al., v. County of Stanislaus, et al.

B.  **<u>Sanctions</u>**

Since Defendants have yet to produce any of the documentation requested, as well as their inadequate and unmeritorious objections, their actions cannot be said to be "substantially justified" within the meaning of FRCP 37(a)(5) – accordingly, Plaintiffs are entitled to their expenses incurred in bringing this motion, including the reasonable attorneys' fees.

Fees have been incurred by Plaintiffs since Defendants' failure to timely produce documents. In addition to the informal discovery dispute conference, there has been time spent in ongoing attempts to meet and confer on this issue, and this has resulted in significant work by Plaintiffs' counsel and paralegals, resulting in not insignificant attorney and paralegal fees. To date, Plaintiffs submit the following hourly legal fees have been incurred on these repeated efforts to obtain compliance with a simple and straightforward document request:

| | |
|---|---|
| Attorney's fees[4]: | $910.00 |
| Paralegal fees: | $3865.00 |
| Total: | $4775.00 |

A spreadsheet outlining these attorney's fees and costs is attached as Exhibit G to the Declaration of Robert R. Powell.

Additionally, while not a request for sanctions, Plaintiffs submit that Defendants' failure to meaningfully respond and cooperate with attempts made to meet and confer following the informal discovery conference with Defendants' counsel on March 24, 2022, is grounds for the Court to enter an order in favor of Plaintiffs' requests herein, pursuant to Eastern District Local Rule 251.

---

[4] Plaintiffs' counsel has used the hourly rate of $700 per hour in the "Attorney Fees" claimed. Plaintiffs' counsel recently prevailed in a civil rights matter in the Northern District of California and was awarded fees based on that rate. [Dec of RRP, Ex. F].

6

Plaintiff's Motion to Compel
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al., v. County of Stanislaus, et al.

### III. CONCLUSION

Based upon the foregoing, Plaintiffs request that Defendants be ordered to provide to Plaintiffs all documents responsive to Plaintiff Shane Beard's Request for Production of Documents, Set One.

Plaintiffs also request attorney fees in the amount of $4775.00 pursuant to FRCP 37.

                                            POWELL & ASSOCIATES

Dated: June, 22, 2022                     /s/Robert R. Powell
                                        ROBERT R. POWELL
                                        Attorney for Plaintiffs

7

Plaintiff's Motion to Compel
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al., v. County of Stanislaus, et al.