ROBERT R. POWELL, SBN: 159747
POWELL & ASSOCIATES
925 West Hedding Street
San Jose, California 95126
T: (408) 553-0201 F: (408) 553-0203
E: rpowell@rrpassociates.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE BEARD, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>                    Defendants. | Case No.: 1:21-cv-00841-DAD-SAB<br><br>**DECLARATION OF ROBERT R. POWELL IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DOCUMENTS RESPONSIVE TO PLAINTIFF SHANE BEARD'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>Judge: Dale A. Drozd<br>Magistrate Judge: Stanley A. Boone |

I, ROBERT R. POWELL, do hereby declare:

1.  I am an attorney licensed to practice before all the Superior Courts of the State of California, all 9th Circuit District Courts within the State of California, and a member in good standing to the bar to the U.S. Supreme Court. I am an attorney of record for Plaintiffs in the above-entitled action.

2.  I personally oversaw, reviewed, edited, and finalized the preparation of Plaintiff's Motion to Compel Documents Responsive to Plaintiff Shane Beard's Request For Production of Documents, Set One.

Declaration of Robert R. Powell ISO Plaintiff's Motion to Compel
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al. v. County of Stanislaus, et al.

3. If called upon to do so, I could and would competently testify under oath to all assertions of fact therein and below.

4. It is important in the context of requesting attorneys fees and/or sanctions in this motion to advise the court that the undersigned until recently has been handling six lawsuits against Stanislaus County and its social workers, though one recently settled and has been closed, and another has been consolidated. Problems of the nature complained of in this motion to compel have occurred to some degree or another in every single one.

5. On November 30, 2021 Plaintiff Shane Beard's Request for Production of Documents, Set One was mail served to Defendant's Counsel, Bradley Swingle, by my office and an additional courtesy copy was sent via e-mail.

6. Attached to this declaration as Exhibit A is a true and correct copy of Request for Production of Documents, Set One and Proof of Service for the Request for Production which was sent to Defendants' counsel on November 30, 2021.

7. On December 28, 2021, Defendant's counsel emailed my office requesting an extension of time to serve a response to the Request. It was agreed to extend the deadline until January 18, 2022, an additional nineteen (19) days for Defendant to serve their response. I noted in the email I sent to defendant's counsel's office that I had misgivings about granting the extension only to receive in response, "a plethora of specious objections instead of good faith compliance." Attached to this declaration as Exhibit B is a true and correct copy of the email exchange on that day and occurring from December 28 – 29th, 2021 between counsels' offices.

8. By the end of day on January 18, 2022, my office received no response to Plaintiff's Request for Production of Documents.

Declaration of Robert R. Powell ISO Plaintiff's Motion to Compel
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al. v. County of Stanislaus, et al.

9.  On January 20, 2022, my office sent an email to Defendant's counsel notifying them of the missed deadline. Defendant's counsel mistakenly replied, "There [sic] due today and responses will be produced today."

10. Attached to this declaration as Exhibit C is a true and correct copy of the two emails exchanged between counsels' offices on January 20th, 2022.

11. Approximately an hour after the email exchange Defendant's counsel served Defendant's Response and Objections to Shane Beard's Request for Production of Documents, Set One by email. There were no documents accompanying Defendant's Response and Objections.  There was also no attorney-client privilege log provided.

12. Attached to this declaration as Exhibit D is a true and correct copy of Defendant's Response and Objections to Shane Beard's Request for Production of Documents, Set One received on January 20th, 2022.

13. On March 24, 2022, I engaged in a telephonic meet and confer with Defendant's counsel to address ongoing discovery issues in this, and other, matters.

14. During the meet and confer, I stated the Plaintiff's position: The Defendant's late service of responses and objections to the Request for Production, especially after counsel agreed to an extension of the deadline, resulted in a waiver of any objections by the Defendant.

15.  Based on the above-stated grounds, I stated that if Defendant did not agree to serve good faith responses without objections by the end of business on March 28th, 2022, that the Plaintiffs would be pursuing a motion to compel.

16. One day later, on March 25th, my staff sent an email to Defendant's counsel that was a summary recap of what was discussed regarding this matter the day previously on the

Declaration of Robert R. Powell ISO Plaintiff's Motion to Compel
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al. v. County of Stanislaus, et al.

telephonic meet and confer. There were two points raised in the email and Defendant's counsel responded to one of them, but never addressed the late response and complete lack of document production to Request for Production. The email stated that if nothing was heard from Defendant's counsel by the following Monday (March 28th), this office would proceed with a motion to compel.

17. Attached to this declaration as Exhibit D is a true and correct copy of the email exchange between counsels' offices from March 25th – 29th, 2022.

18. On March 28th, no revised or completed response to the Request for Production was received from Defendant's counsel, and again no privilege log.

19. Issues of nonresponse or incredibly delayed response to communications are a constant recurring problem with regard to discovery in every case involving Stanislaus County when represented by its current counsel; across five lawsuits thus far since 2018 it is always the same counsel.  These cases are: *Nunes, et al., v. County of Stanislaus, et al.* 1:17-cv-00633; *Santor, et al., v. County of Stanislaus, et al.* 1:19-cv-01593 (which was consolidated with a case brought on behalf of the minor); *Webb, et al., v. County of Stanislaus, et al.* 1:19 -cv-01716; and *Westfall, et al. v. County of Stanislaus, et al.* 1:21-cv-00238.

20. In the case *Webb, et al., v. County of Stanislaus, et al.* 1:19 -cv-01716 the Court awarded $5,202 in expenses in a similar Motion to Compel. This Order was filed as ECF No.98 in that case.

21. In order to comply with Eastern District Local Rule 251(b), immediately after filing this Motion to Compel, I will be contacting Defendant's counsels' office to meet and confer regarding this Motion and will either file a Joint Statement re Discovery Disagreement,

4

Declaration of Robert R. Powell ISO Plaintiff's Motion to Compel
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al. v. County of Stanislaus, et al.

or an affidavit attesting to the nature and extent of the efforts to arrange the required

conference and procure the required joint statement at least fourteen days before the

scheduled hearing date.

 

    The foregoing is sworn to under penalty of perjury pursuant to the laws of the State of

California.

POWELL & ASSOCIATES

 Date: June 22, 2022                                    _____/S/ Robert R. Powell____
ROBERT R. POWELL, ESQ.
Attorney for Plaintiffs

Declaration of Robert R. Powell ISO Plaintiff's Motion to Compel
Case No. 1:21-CV-00841-DAD-SAB
Beard, et al. v. County of Stanislaus, et al.

**EXHIBIT A**

1  ROBERT R. POWELL, SBN: 159747
2  **POWELL & ASSOCIATES**
   925 West Hedding Street
   San Jose, California 95126
3  T: (408) 553-0201
4  F: (408) 553-0203
   E: rpowell@rrpassociates.com

5  Attorneys for Plaintiffs

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| SHANE BEARD, et al.,<br><br>             Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>             Defendants. | Case No. 1:21-cv-00841-DAD-SAB<br><br>REQUEST FOR PRODUCTION OF DOCUMENTS TO COUNTY OF STANISLAUS– SET ONE |

11
12
13
14
15
16
17

18  PROPOUNDING PARTY:   PLAINTIFF SHANE BEARD
19  RESPONDING PARTY:    DEFENDANT COUNTY OF STANISLAUS
    SET NO:              ONE
20  RESPONSE DATE:       DECEMBER 30, 2021

21
22      Plaintiff SHANE BEARD hereby requests that Defendant COUNTY OF STANISLAUS

    respond to this Request for Production of Documents pursuant to the Federal Rules of Civil
23
    Procedure, Rule 34, a copy of which is attached hereto, by presenting its verified written
24
    responses and either providing copies (under Rule 34(b)) to the office of the attorney for the
25
    propounding party, or making originals available for copying within 30 days of service of

Request for Production of Documents
To County of Stanislaus – Set One
Beard, et al. v. County of Stanislaus, et al.
U.S.D.C. Eastern Dist. Case # 21-cv-00841-DAD-SAB
Page 1 of 18

these requests. Propounding party requests, though responding party is not required to comply, that all documents be scanned into PDF format (Adobe Acrobat) and provided on CD Disk, USB Memory Stick, or by e-mail, excepting any original verifications and signatures on the response or production, which should be delivered by U.S. mail or private courier.

**DEFINITIONS**

1.      The terms "YOU" or "YOUR" or "COUNTY" shall mean and include COUNTY OF STANISLAUS as well as their/its agents, employees, supervisors, managers, executives, representatives, contractors, consultants, attorneys, or affiliated companies or other entities (inclusive of COMMUNITY SERVICES AGENCY), and anyone else acting on their behalf.

2.      The term "INDIVIDUALLY NAMED DEFENDANTS" or "INDIVIDUAL DEFENDANTS," refers to those individual defendants employed or previously employed by the COUNTY, identified in Plaintiff's Complaint as ERIC ANDERSON, APRIL COBBS, MARIELA GOMEZ, DAVID GRANADOS, STEPHANIE HERRERA, SHARI JOHNSON, SHYNELLE JONES, and GLORIA SOLORIO.

3.      The term "CSA," as used herein, refers to that certain department AND/OR sub-unit of COUNTY commonly referred to as COMMUNITY SERVICES AGENCY AND/OR CHILD & FAMILY SERVICES, however, as this is merely a sub-entity of the COUNTY, every reference to CSA should be interpreted to include COUNTY.

4.      The term "VOLUNTARY SAFETY PLAN" as used herein refers to that certain handwritten document, also commonly referred to as "SAFETY PLAN," "VOLUNTARY PLAN" AND/OR "ACTION PLAN", intended to memorialize alleged agreed upon steps/tasks for the various participants - including the parent(s) - to take, what concerns justified the steps/tasks the various participants are to undertake, and spells out the "resolution" reached between the parties, whatever the resolution may be (for example,

Request for Production of Documents
To County of Stanislaus – Set One
Beard, et al. v. County of Stanislaus, et al.
U.S.D.C. Eastern Dist. Case # 21-cv-00841-DAD-SAB
Page 2 of 18

including but not limited to, continued detention of the child, removal of the child, return of the child, placement of the child with a relative or extended family member).

5.      The term "CWS/CMS" as used herein refers to the California statewide computer system known as the "Child Welfare Services / Case Management System," wherein child welfare service agencies such as CSA enter data and information about children & families of a nature related to a child abuse or neglect referral investigation and any subsequent to investigation related data and information pertaining to juvenile dependency proceedings or provision of services by the child welfare agency whether or not there has been the initiation of juvenile dependency proceedings.

6.      The term "AUDIT" as used herein refers to any review, inspection, examination, evaluation, assessment, appraisal, or valuation of the material or data in question, whether performed in an official, formal, informal, internal, or external manner.

7.      The term "DSL" as used herein refers to "Delivered Service Logs," the chronological records of what a social workers has done regarding a particular referral or case which are entered into the statewide California computer system/database known as the "Child Welfare Services / Case Management System," herein "CWS/CMS."

8.      The term "PLAINTIFF" and or "PLAINTIFFS" as used herein shall refer to Plaintiffs Shane Beard, Hilda Perez, and Minor Plaintiff N.P., individually and collectively, as dictated by context.

9.      The term "PERSON" or "PERSONS" shall mean and include, without limitation, a natural person, firm, association, organization, partnership, business, joint venture, corporation, consortium, government agency, society or public entity.

10.     The term "AND/OR" as used herein means either or both of two stated possibilities.

Request for Production of Documents
To County of Stanislaus – Set One
Beard, et al. v. County of Stanislaus, et al.
U.S.D.C. Eastern Dist. Case # 21-cv-00841-DAD-SAB
Page 3 of 18

11.     The term "COMMUNICATION" and "COMMUNICATIONS," shall mean and include without limitation, all transmissions of information of any nature or character from one PERSON to another PERSON by any means whatsoever which contains information, words, or data of any nature.

12.     The terms "DOCUMENT" or "DOCUMENTS" shall mean any and all tangible things, including, without limitation, any written, printed, typed, recorded, inputted, keyed, magnetic, punched, copied, graphic or other tangible thing in, upon or from which information may be embodied, translated, conveyed or stored, as defined in FRCP 34(a) and Federal Rules of evidence 1001 (1) and (2), and all items constituting "writings" as defined under California Evidence Code Section 250.

13.     The terms "CONCERN" or "CONCERNING" or "RELATE TO" "RELATED TO" or "RELATING TO" or "EVIDENCE" or "EVIDENCING," all mean referring to, related to, alluding to, responding to, pertaining to, connected with, commenting on, in respect of, about, regarding, discussing, involving, showing, describing, demonstrating, reflecting, analyzing, evaluating and constituting, as set forth in relation to the topic, item, circumstance, category of items or circumstances identified in the context of the specific request for production.

14.     The term "ABILITY" as used herein, means to possess the skill, knowledge, or proficiency in a particular area or performing a particular process or procedure.

15.     The term "EFFICACY" as used herein, means the ABILITY to produce a desired or intended result, in this context, from a training, the promulgation of a policy or procedure for entity employees.

16.     The term "EXCULPATORY, EXPLANATORY OR MITIGATING EVIDENCE" as used herein means evidence that would disprove, tend to disprove, an allegation, a referral or whatever concerning facts are at issue in a child abuse/neglect investigation.

Request for Production of Documents
To County of Stanislaus – Set One
Beard, et al. v. County of Stanislaus, et al.
U.S.D.C. Eastern Dist. Case # 21-cv-00841-DAD-SAB
Page 4 of 18

17.     Each of these definitions is incorporated in each of the requests.

**INSTRUCTIONS**

1.     YOU are required to produce the original of each DOCUMENT or thing described below or, if the original is not in YOUR custody, a copy thereof. YOU are required to produce all non-identical copies which differ from the original of from other copies produced, for any reason, including, but not limited to, the making of interlineations, marginalia, receipt stamp, notation, indication of copies sent or received, or otherwise.

2.     YOU are required to produce all DOCUMENTS and things in YOUR possession, custody or control, including, but not limited to, DOCUMENTS and things in the possession of YOUR present and any former attorneys, employees, representatives and agents, or other persons acting on YOUR behalf.

3.     In the event YOU are able to produce only some of the DOCUMENTS and things called for in a particular category, produce all of the DOCUMENTS and things you are able to produce, and state the reasons for YOUR inability to produce the rest.

4.     If YOU object to a portion of the category, YOU must produce all DOCUMENTS and things called for by that portion of the category to which you do not object.

5.     All DOCUMENTS and things are to be produced without masking, reducing, obliterating, or altering the DOCUMENTS or things in any manner, and in the same form, order and system, including file folders, tabs and indices, as maintained in the regular course of business prior to service of this demand.

6.     **Unless otherwise specified, the relevant time frame for each Request is the period of January 1, 2018, through the date of response/production pursuant to this Request for Production of Documents. This means that a document responsive to a request would have been a document containing policies or training or other types of**

Request for Production of Documents
To County of Stanislaus – Set One
Beard, et al. v. County of Stanislaus, et al.
U.S.D.C. Eastern Dist. Case # 21-cv-00841-DAD-SAB
Page 5 of 18

**information responsive to the specific request, which was in effect or use at any time**

**during the period from January 1st, 2018 through the date of response/production**

**pursuant to this Request for Production of Documents.**

7.      More than one category of this demand may ask for the same DOCUMENT or

thing.  Any duplications should not be construed as a basis for either narrowing or eliminating

the normal interpretation placed upon each individual category of this demand.

8.      If a privilege is claimed as to any DOCUMENT(S) described in a request for

production, identify such document in a separate Privilege Log, to be produced and

identifying such DOCUMENT(S) by some reasonable description, and state with specificity

the basis for the claim of privilege as to such DOCUMENTS.  The privilege log should

comply fully with FRCP 26(b)(5), and any applicable California state law provision if this

litigation involves claims brought by PLAINTIFFS under state law.

9.      If the responding party knows of the existence, past or present, of any

DOCUMENTS described herein, but is unable to produce such DOCUMENT because it is

not presently in their possession, custody or control of respondent or his/her officers,

directors, agents or accountants, representatives or attorneys, please so state in response to

such request, identify such DOCUMENT in response to the request for production in question

and state the name, address and business telephone number of the person in whose possession,

custody or control the DOCUMENT was last known to reside. If such a DOCUMENT no

longer exists, state when, how and why such DOCUMENT ceased to exist.

**REQUESTS**

1.      All DOCUMENTS, COMMUNICATIONS, records, writings and tangible items of

COUNTY constituting COUNTY policies AND/OR procedures as they RELATE TO the

Request for Production of Documents
To County of Stanislaus – Set One
Beard, et al. v. County of Stanislaus, et al.
U.S.D.C. Eastern Dist. Case # 21-cv-00841-DAD-SAB
Page 6 of 18

obligations and duties of Emergency Response Social Workers investigating referrals of abuse or neglect of a child(ren).

2.    All DOCUMENTS, COMMUNICATIONS, records, writings and tangible items of COUNTY, constituting materials used for training, educating, AND/OR notifying CSA personnel on or about the policies AND/OR procedures as they RELATE TO the obligations and duties of Emergency Response Social Workers investigating referrals of abuse or neglect of a child(ren).

3.    All DOCUMENTS RELATING TO any AUDIT of the EFFICACY of the training, educating, AND/OR notifying CSA personnel about the policies AND/OR procedures, and CSA personnel's subsequent implementation and adherence to said policies AND/OR procedures in their employment obligations to CSA as set forth in the prior request.

4.    All DOCUMENTS, COMMUNICATIONS, records, writings and tangible items of COUNTY constituting COUNTY policies AND/OR procedures as they RELATE TO the obligations and duties of Emergency Response Social Workers investigating referrals of abuse or neglect of a child(ren) under circumstances where potential victims (including specifically but not limited to siblings, half-siblings, or step-siblings) in fact live in various households and do not always reside together.

5.    All DOCUMENTS, COMMUNICATIONS, records, writings and tangible items of COUNTY, constituting materials used for training, educating, AND/OR notifying CSA personnel on or about the policies AND/OR procedures as they RELATE TO the obligations and duties of Emergency Response Social Workers investigating referrals of abuse or neglect of a child(ren) under circumstances where potential victims (including specifically but not limited to siblings, half-siblings, or step-siblings) in fact live in various households and do not always reside together.

Request for Production of Documents
To County of Stanislaus – Set One
Beard, et al. v. County of Stanislaus, et al.
U.S.D.C. Eastern Dist. Case # 21-cv-00841-DAD-SAB
Page 7 of 18

6.     All DOCUMENTS RELATING TO any AUDIT of the EFFICACY of the training, educating, AND/OR notifying CSA personnel about the policies AND/OR procedures, and CSA personnel's subsequent implementation and adherence to said policies AND/OR procedures in their employment obligations to CSA as set forth in prior request.

7.     All DOCUMENTS, COMMUNICATIONS, records, writings and tangible items of COUNTY constituting COUNTY policies AND/OR procedures as they RELATE TO the purpose and utilization of TDMs during investigations of abuse or neglect of a child(ren).

8.     All DOCUMENTS, COMMUNICATIONS, records, writings and tangible items of COUNTY, constituting materials used for training, educating, AND/OR notifying CSA personnel on or about the policies AND/OR procedures as they RELATE TO the purpose and utilization of TDMs during investigations of abuse or neglect of a child(ren).

9.     All DOCUMENTS RELATING TO any AUDIT of the EFFICACY of the training, educating, AND/OR notifying CSA personnel about the policies AND/OR procedures, and CSA personnel's subsequent implementation and adherence to said policies AND/OR procedures in their employment obligations to CSA as set forth in prior request.

10.    All DOCUMENTS, COMMUNICATIONS, records, writings, and tangible items of COUNTY, constituting COUNTY policies AND/OR procedures as they RELATE TO the method of assessment, and factors assessed, by Emergency Response Social Workers to determine the presence of probable cause for seeking a warrant from a court of competent jurisdiction to remove one or more children from his/her/their parent(s).

11.    All DOCUMENTS, COMMUNICATIONS, records, writings, and tangible items of COUNTY, constituting materials used for training, educating, AND/OR notifying Emergency Response Social Workers of or about the COUNTY's policies AND/OR procedures governing the preparation of documents to be used in conjunction with the submission of a

Request for Production of Documents
To County of Stanislaus – Set One
Beard, et al. v. County of Stanislaus, et al.
U.S.D.C. Eastern Dist. Case # 21-cv-00841-DAD-SAB
Page 8 of 18

request to a court of competent jurisdiction for a warrant to remove one or more children from his/her/their parent(s).

12.   All DOCUMENTS, COMMUNICATIONS, records, writings, and tangible items of COUNTY, constituting COUNTY policies AND/OR procedures as they RELATE TO the obligations and duties of County social workers to include EXCULPATORY, EXPLANATORY OR MITIGATING EVIDENCE in their preparation and submission of documents to a court of competent jurisdiction, where "documents" include but are not limited to applications for protective custody warrants to remove a child/children, a Petition pursuant to W&IC 300, or any and all other reports to a juvenile dependency Court in relation to the opening or continuing pursuit of a juvenile dependency investigation AND/OR jurisdiction finding over a child/children, and specifically including applications for protective custody warrants and all supporting documentation submitted therewith to a/the court of competent jurisdiction when seeking a warrant.

13.   All DOCUMENTS, COMMUNICATIONS, records, writings, and tangible items of COUNTY, constituting materials used for training, educating, AND/OR notifying Emergency Response Social Workers of or about the COUNTY's policies AND/OR procedures set forth in the prior request.

14.   All DOCUMENTS, COMMUNICATIONS, records, writings, and tangible items of COUNTY constituting COUNTY policies AND/OR procedures as they RELATE TO the submission of "declarations," "affidavits," or other statements of fact sworn to under penalty of perjury in order to seek a protective custody warrant to remove a child[ren], specifically those policies, procedures, practices and customs regarding the form, content, and review of same by someone other than the author and signator of such "declarations" or "affidavits."

Request for Production of Documents
To County of Stanislaus – Set One
Beard, et al. v. County of Stanislaus, et al.
U.S.D.C. Eastern Dist. Case # 21-cv-00841-DAD-SAB
Page 9 of 18

15.    All DOCUMENTS, COMMUNICATIONS, records, writings, and tangible items of COUNTY constituting materials used for training, educating, AND/OR notifying social workers on or about the policies AND/OR procedures set forth in the prior request.

16.    All DOCUMENTS, COMMUNICATIONS, records, writings, and tangible items of COUNTY constituting materials used for training, educating, AND/OR notifying COUNTY social workers of or about COUNTY policies AND/OR procedures as they RELATE TO determining/assessing the circumstances/facts presented or perceived by a social worker during an initial child abuse AND/OR neglect referral investigation, specifically including, but not by way of limitation, which facts AND/OR circumstances shall/must be considered when contemplating removal of child[ren] from a parent or lawful guardian and could also violate the rights of the child, parent, or lawful guardian under any state or federal, statutory or decisional law ("case law"), including, without limitation, any training evidencing an attempt to articulate the lawful standards under state or federal law for removing a child[ren] from his/her parent[s] or lawful guardian without having first obtained a protective custody warrant or other lawful court order.

17.    All DOCUMENTS, COMMUNICATIONS, records, writings, and tangible items of COUNTY constituting materials used for training, educating, AND/OR notifying COUNTY social workers on or about the nature and extent of the trauma to children removed from their parents or guardians and the life-long debilitating effects, including but not limited to detrimental physiological changes to the brain and nervous system.

18.    All DOCUMENTS RELATING to which CSA personnel have the ABILITY to edit, alter, delete, or otherwise change a DSL entry after the date/time of the original entry.

Request for Production of Documents
To County of Stanislaus – Set One
Beard, et al. v. County of Stanislaus, et al.
U.S.D.C. Eastern Dist. Case # 21-cv-00841-DAD-SAB
Page 10 of 18

19.   All DOCUMENTS, COMMUNICATIONS, records, writing, and tangible items of COUNTY RELATED TO entering into a VOLUNTARY SAFETY PLAN with parent(s) that places the child(ren) of the parent(s) outside of the custody, or care of one or more of the parents(s) or lawful guardians(s) during a child abuse AND/OR neglect investigation.

20.   All DOCUMENTS, COMMUNICATIONS, records, writing, and tangible items of COUNTY constituting the collection AND/OR maintenance of statistical data RELATED TO entering parent(s) into a VOLUNTARY SAFETY PLAN, AND any subsequent AUDIT of said data.

21.   All DOCUMENTS, COMMUNICATIONS, records, writings, and tangible items of COUNTY constituting COUNTY policies AND/OR procedures that relate to the process of choosing a placement the child[ren] outside the home of the parent or lawful guardian during a child abuse (including, but not limited to, sexual abuse) AND/OR neglect investigation.

22.   All DOCUMENTS, COMMUNICATIONS, records, writings, and tangible items of COUNTY constituting materials used for training, educating, AND/OR notifying social workers on or about the policies AND/OR procedures set forth in the prior request.

23.   All DOCUMENTS, COMMUNICATIONS, records, writings and tangible items of COUNTY constituting materials used for training, educating, AND/OR notifying CSA personnel regarding the nature and extent of the psychological trauma to children removed from their parents or guardians, including but not limited to detrimental physiological changes to the brain and nervous system of such children.

24.   All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE received by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT from any Valley Children's Hospital personnel CONCERNING any PLAINTIFF.

Request for Production of Documents
To County of Stanislaus – Set One
Beard, et al. v. County of Stanislaus, et al.
U.S.D.C. Eastern Dist. Case # 21-cv-00841-DAD-SAB
Page 11 of 18

25. All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE sent by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT to any Valley Children's Hospital personnel CONCERNING any PLAINTIFF.

26. All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE received by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT from any Golden Valley Health Center personnel CONCERNING any PLAINTIFF.

27. All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE sent by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT to any Golden Valley Health Center personnel CONCERNING any PLAINTIFF.

28. All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE received by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT from any Sierra Vista Child & Family Services personnel CONCERNING any PLAINTIFF.

29. All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE sent by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT to any Sierra Vista Child & Family Service personnel CONCERNING any PLAINTIFF.

30. All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE received by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT from any Sierra Vista Child & Family Services personnel CONCERNING any PLAINTIFF.

31. All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE sent by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT to any Sierra Vista Child & Family Service personnel CONCERNING any PLAINTIFF.

32. All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE received by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT from any Kid's Dental (Turlock, California) personnel CONCERNING any PLAINTIFF.

Request for Production of Documents
To County of Stanislaus – Set One
Beard, et al. v. County of Stanislaus, et al.
U.S.D.C. Eastern Dist. Case # 21-cv-00841-DAD-SAB
Page 12 of 18

33.     All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE sent by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT to any Kid's Dental (Turlock, California) personnel CONCERNING any PLAINTIFF.

34.     All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE received by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT from any Del Puerto Community Health Center personnel CONCERNING any PLAINTIFF.

35.     All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE sent by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT to any Del Puerto Community Health personnel CONCERNING any PLAINTIFF.

36.     All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE received by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT from any PLAINTIFF.

37.     All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE sent by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT to any PLAINTIFF.

38.     ALL DOCUMENTS CONCERNING or constituting any complaints or grievances presented to YOU CONCERNING any INDIVIDUALLY NAMED DEFENDANTS' acts or omissions related to their employment with CSA and including but not limited to off-duty conduct for which ANY complaints or grievances were received pertaining to any INDIVIDUALLY NAMED DEFENDANT.  This Request does specifically include, but not by way of limitation, claims made under the Government Tort Claim Act (G.C. 910 et seq.) or any complaint otherwise documented and made by anyone, including parents, minors, civilians, other CSA employees, COUNTY employees, or anyone else. [This request is limited in time to the period from January 1, 2012 to present.]

Request for Production of Documents
To County of Stanislaus – Set One
Beard, et al. v. County of Stanislaus, et al.
U.S.D.C. Eastern Dist. Case # 21-cv-00841-DAD-SAB
Page 13 of 18

39.   ALL DOCUMENTS that evidence or reflect any written complaint or claim that COUNTY has received regarding the conduct of COUNTY AND/OR any INDIVIDUALLY NAMED DEFENDANTS regarding a CSA investigation of child abuse or neglect, and specifically, but not by way of limitation, incidents involving the removal of a minor from their parents(s) custody. Such DOCUMENTS should include specifically, but not by way of limitation, claims made under the Government Tort Claim Act (G.C. 910, et seq.), letters, incident reports, or any other COMMUNICATION in the nature of a complaint made by anyone. [This request is limited in time to the period from January 1, 2012 through present.]

40.   ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made in YOUR First Affirmative Defense.

41.   ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made in YOUR Second Affirmative Defense.

42.   ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made in YOUR Third Affirmative Defense.

43.   ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made in YOUR Fourth Affirmative Defense.

44.   ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made in YOUR Fifth Affirmative Defense.

Request for Production of Documents
To County of Stanislaus – Set One
Beard, et al. v. County of Stanislaus, et al.
U.S.D.C. Eastern Dist. Case # 21-cv-00841-DAD-SAB
Page 14 of 18

45.     ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made in YOUR Sixth Affirmative Defense.

46.     ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made in YOUR Seventh Affirmative Defense.

47.     ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made in YOUR Eighth Affirmative Defense.

48.     ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made in YOUR Ninth Affirmative Defense.

49.     ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made in YOUR Tenth Affirmative Defense.

50.     ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made in YOUR Eleventh Affirmative Defense.

51.     ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made in YOUR Twelfth Affirmative Defense.

52.     ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made in YOUR Thirteenth Affirmative Defense.

Request for Production of Documents
To County of Stanislaus – Set One
Beard, et al. v. County of Stanislaus, et al.
U.S.D.C. Eastern Dist. Case # 21-cv-00841-DAD-SAB
Page 15 of 18

53.   ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made in YOUR Fourteenth Affirmative Defense.

54.   ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made in YOUR Fifteenth Affirmative Defense.

55.   ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made in YOUR Sixteenth Affirmative Defense.

56.   ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made in YOUR Seventeenth Affirmative Defense.

57.   ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made in YOUR Eighteenth Affirmative Defense.

58.   ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made in YOUR Nineteenth Affirmative Defense.

59.   ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made in YOUR Twentieth Affirmative Defense.

60.   ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made in YOUR Twenty-first Affirmative Defense.

Request for Production of Documents
To County of Stanislaus – Set One
Beard, et al. v. County of Stanislaus, et al.
U.S.D.C. Eastern Dist. Case # 21-cv-00841-DAD-SAB
Page 16 of 18

61.   ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made in YOUR Twenty-second Affirmative Defense.

POWELL & ASSOCIATES

Date:   November 30, 2021

Robert R. Powell, Esq.
Attorney for Plaintiffs

Request for Production of Documents
To County of Stanislaus – Set One
Beard, et al. v. County of Stanislaus, et al.
U.S.D.C. Eastern Dist. Case # 21-cv-00841-DAD-SAB
Page 17 of 18

1  POWELL & ASSOCIATES
   925 West Hedding Street
2  San Jose, California 95126
   T: (408) 553-0201 F: (408) 553-0203
3

4  Attorneys for PLAINTIFFS

5

6                          **PROOF OF SERVICE**
                 Webb, et al. v. County of Stanislaus, et al.
7                   U.S.D.C. - Eastern District of California
                       Case No.: 19-cv-01716-DAD-EPG
8

9        I am over 18 years of age and not a party to this action. My business address is 925 West

10  Hedding Street, San Jose, CA 95126. On November 30th, 2021, I caused to be served the

11  following document(s):

12  **REQUEST FOR PRODUCTION OF DOCUMENT TO COUNTY OF STANISLAUS –
    SET ONE**

13  on the parties AND/OR their attorneys of record listed below, by placing same in a sealed

14  envelope bearing U.S Postal Service First Class postage prepaid, and placing same in the U.S.

15  Mail in the City of San Jose, California,

16  Bradley Swingle
    Arata, Swingle, Van Egmond & Heitlinger
17  1207 I St.
    Modesto, CA 95354
18  bswingle@arata-law.com; mtatum@arata-law.com; aheitlinger@arata-law.com

19

20  Copies of the document(s) were also provided by e-mail on this date, to the e-mail addresses
    noted for Counsel.
21

22       I declare under penalty of perjury under the laws of the State of California that the above is

23  true and correct.

24  Date: November 30, 2021

                                              _____
25                                               Mari Carrington

Request for Production of Documents
To County of Stanislaus – Set One
Beard, et al. v. County of Stanislaus, et al.
U.S.D.C. Eastern Dist. Case # 21-cv-00841-DAD-SAB

**EXHIBIT B**

**Mari Carrington**

| | |
|---|---|
| **From:** | Robert Powell |
| **Sent:** | Wednesday, December 29, 2021 8:59 AM |
| **To:** | Mary Ann Tatum |
| **Cc:** | Mari Carrington; Brad Swingle; Legal Admin; Sarah Paulson; Sean Reichhold |
| **Subject:** | RE: Shane Beard v. County of Stanislaus |

Ok, but it always concerns me if then what happens is I get a plethora of specious objections instead of good faith compliance. I am not forecasting it, but if it happens, it is going to be unlikely that extensions will be given in the future. I believe we've asked for one single extension throughout all the cases.
But again, yes you may have to the 18th and I'll hope for the best.
Thank you,
Bob Powell

---

**From:** Mary Ann Tatum <MTatum@arata-law.com>
**Sent:** Tuesday, December 28, 2021 2:33 PM
**To:** Robert Powell <rpowell@rrpassociates.com>
**Cc:** Mari Carrington <mcarrington@rrpassociates.com>; Brad Swingle <BSwingle@arata-law.com>; Legal Admin <admin@rrpassociates.com>; Sarah Paulson <spaulson@rrpassociates.com>; Sean Reichhold <sreichhold@rrpassociates.com>
**Subject:** Shane Beard v. County of Stanislaus

Mr. Powell – The County has responses due on December 30, 2021 to Shane Beard's Requests for Production of Documents, Set 1, in the above matter. We would like to request an extension of time of up to and including January 18, 2022 in which to respond to this discovery. Your cooperation is appreciated.

Thank you

Mary Ann Jefferies-Tatum
Secretary to Bradley J. Swingle
Arata, Swingle, Van Egmond & Heitlinger
1207 I Street
P.O. Box 3287
Modesto CA 95353
Tel: (209) 522-2211
Fax: (209) 522-2980
Email: MTatum@arata-law.com

Confidential: The contents of this message may contain information from Arata, Swingle, Van Egmond & Heitlinger which is privileged, confidential or otherwise protected from disclosure under applicable law. The information is intended to be for the addressee only. If you are not the addressee, or if you have received this message in error, any disclosure, copying, distribution or use of the contents of this message is strictly prohibited. If you have received this message in error, please contact Arata, Swingle, Van Egmond & Heitlinger immediately by reply email or by calling us at (209) 522-2211 and please destroy the original message and all attachments without retaining any copies. Thank you.

NOTICE REGARDING ELECTRONIC SERVICE

Pursuant to the California Code of Civil Procedure, Section 1010.6 (e)(1), we are serving all documents and correspondence concerning this case via electronic mail.

**For purpose of electronic service of documents to Bradley J. Swingle, email must be sent to the following addresses:**

Bswingle@arata-law.com
Mtatum@arata-law.com

**EXHIBIT C**

**From:** Brad Swingle <BSwingle@arata-law.com>
**Sent:** Thursday, January 20, 2022 2:03 PM
**To:** Sarah Paulson <spaulson@rrpassociates.com>; Mary Ann Tatum <MTatum@arata-law.com>
**Cc:** Mari Carrington <mcarrington@rrpassociates.com>; Legal Admin <admin@rrpassociates.com>
**Subject:** RE: Beard v. County of Stanislaus, RFPD Set One Responses

There are due today and responses will be produced today.

**Bradley J. Swingle**

Arata, Swingle, Van Egmond & Heitlinger
1207 I Street
Modesto, California 95354
Tel:  209.522.2211
Fax: 209.522.2980

**From:** Sarah Paulson <spaulson@rrpassociates.com>
**Sent:** Thursday, January 20, 2022 1:21 PM
**To:** Brad Swingle <BSwingle@arata-law.com>; Mary Ann Tatum <MTatum@arata-law.com>
**Cc:** Mari Carrington <mcarrington@rrpassociates.com>; Legal Admin <admin@rrpassociates.com>
**Subject:** Beard v. County of Stanislaus, RFPD Set One Responses

Mr. Swingle,

The due date for County of Stanislaus RFPD, Set One production was January 18th, 2022. As of today, this office has not received anything via e-mail or USPS. Note, this response date was elongated twice, ten extra days were given initially to account for the holidays, and an additional extension was agreed upon on December 29th, 2021.
Please advise when this office will receive these Responses.

Thank you,

Sarah Paulson
Paralegal

 **POWELL & ASSOCIATES**

**Powell & Associates**
925 West Hedding Street
San Jose, California 95126
Tel: (408) 553-0201
Fax: (408) 553-0203

The information in this e-mail may be confidential and/or privileged. This e-mail is intended to be reviewed only by the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this e-mail and its

attachments, if any, or the information contained herein is prohibited. If you have received this e-mail in error, please immediately notify the sender by return e-mail and delete this e-mail from your system. Thank you.

**EXHIBIT D**

1

2   Bradley J. Swingle, SBN 171535
    Our File No. 10374
3   **ARATA, SWINGLE, VAN EGMOND & HEITLINGER**
    **A Professional Law Corporation**
4   1207 I Street
    Post Office Box 3287
5   Modesto, California 95353
    Telephone: (209) 522-2211
6   Facsimile: (209) 522-2980
    bswingle@arata-law.com
7
    Attorneys for Defendants
8   COUNTY OF STANISLAUS, ERIC ANDERSON, APRIL COBBS, MARIELA GOMEZ, DAVID
    GRANADOS, STEPHANIE HERRERA, SHARI JOHNSON, SHYNELLE JONES and GLORIA
9   SOLORIO

10                    UNITED STATES DISTRICT COURT

11                    EASTERN DISTRICT OF CALIFORNIA

12

13   SHANE BEARD, HILDA PEREZ, and          Case No.: 1:21-cv-00841-DAD-SAB
     N.P., a minor, by and through Guardian ad
14   Litem Donnie R. Cox,
                                             **RESPONSES AND OBJECTIONS TO**
15           Plaintiffs,                     **SHANE BEARD'S REQUEST FOR**
                                             **PRODUCTION OF DOCUMENTS TO**
16   v.                                      **THE COUNTY OF STANISLAUS, SET**
                                             **ONE**
17   COUNTY OF STANISLAUS; ERIC
     ANDERSON; APRIL COBBS; MARIELA          **United States Magistrate Judge Stanley A.**
18   GOMEZ; DAVID GRANADOS;                  **Boone**
     STEPHANIE HERRERA; SHARI
19   JOHNSON; SHYNELLE JONES; GLORIO
     SOLORIO; and DOES 1-10 inclusive,
20
             Defendants.
21   _____/

22   PROPOUNDING PARTY:    SHANE BEARD

23   RESPONDING PARTY:     COUNTY OF STANISLAUS

24   SET NUMBER:           ONE (1)

25        The County of Stanislaus responds to Shane Beard's Request for Production of Documents

26   pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure as follows:

27   //

28   //

RESPONSES AND OBJECTIONS TO SHANE BEARD'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
THE COUNTY OF STANISLAUS, SET ONE - 1

1

**GENERAL OBJECTIONS**

2    The following General Objections apply to every paragraph of Shane Beard's Request for

3  Production of Documents, Set One:

4    1.    Responding party objects to every request that calls for privileged information,

5  including, without limitation, information protected by the attorney-client privilege.  In agreeing to

6  supply documents in response to this request, responding party has not waived any such privileges

7  with respect to any other documents to which any such privilege might apply.

8    2.    Responding party objects to every request that calls for information prepared in

9  anticipation of litigation or for trial absent a showing of substantial need.

10    3.    Responding party objects to every request that calls for the production of any

11  information containing or reflecting the mental impressions, conclusions, opinions and/or legal

12  theories of any attorney for responding party, on the grounds that such information is protected by the

13  attorney work product doctrine.

14    4.    Responding party objects to every request that is overly broad, unduly burdensome,

15  harassing, duplicative or which requests documents which are already in the possession of

16  propounding party.

17    5.    Responding party objects to every request that calls for information which is neither

18  relevant to the subject matter of the pending complaint nor reasonably calculated to lead to the

19  discovery of admissible evidence in connection with the pending complaint.

20    In addition, documents which are sought by and are to be produced by reason of this request

21  may be discoverable, but may not be admissible at trial, arbitration or similar proceeding.  By

22  providing documents in response to this request, responding party has not waived any privileges or

23  other protection which might be asserted to prevent the provided documents (or documents of a

24  similar class) from being admissible at trial.

25    The provided documents are to be supplied in a good faith effort to fully comply with these

26  herein requests and constitute responding party's best efforts at cataloguing and collecting non-

27  privileged documents responsive to this request.  Responding party reserves the right to amend or

28

RESPONSES AND OBJECTIONS TO SHANE BEARD'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
THE COUNTY OF STANISLAUS, SET ONE - 2

1   supplement the response to this request for production of documents in the event that there are

2   documents which are in his possession at this time, but which, for any reason, have inadvertently

3   failed to have been included in the response, or for any other reason which would make such an

4   amendment or supplement appropriate.

5   **SPECIFIC RESPONSES AND OBJECTIONS**

6        1.     All DOCUMENTS, COMMUNICATIONS, records, writings and tangible items of

7   COUNTY constituting COUNTY policies and/or procedures as they RELATE TO the obligations

8   and duties of Emergency Response Social Workers investigating referrals of abuse or neglect of a

9   child(ren).

10  **Response:**     This request is objected to on the basis that it is vague, ambiguous, overbroad and

11  unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

12  neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

13  Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

14  will comply with this request by producing all responsive documents in its possession. Discovery is

15  continuing.

16       2.     All DOCUMENTS, COMMUNICATIONS, records, writings and tangible items of

17  COUNTY, constituting materials used for training, educating, AND/OR notifying CSA personnel on

18  or about the policies AND/OR procedures as they RELATE TO the obligations and duties of

19  Emergency Response Social Workers investigating referrals of abuse or neglect of a child(ren).

20  **Response:**     This request is objected to on the basis that it is vague, ambiguous, overbroad and

21  unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

22  neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

23  Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

24  will comply with this request by producing all responsive documents in its possession.  Discovery is

25  continuing.

26       3.     All DOCUMENTS relating to any AUDIT of the EFFICACY of the training,

27  educating, AND/OR notifying CSA personnel about the policies AND/OR procedures, and CSA

28

RESPONSES AND OBJECTIONS TO SHANE BEARD'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
THE COUNTY OF STANISLAUS, SET ONE - 3

1 | personnel's subsequent implementation and adherence to said policies AND/OR procedures in their

2 | employment obligations to CSA as set forth in the prior request.

3 | **Response:**    This request is objected to on the basis that it is vague, ambiguous, overbroad and

4 | unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

5 | neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

6 | Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

7 | is unaware of any documents responsive to this request at the present time.  Discovery is continuing

8 | and responding party reserves its right to amend this response at a later date.

9 |     4.    All DOCUMENTS, COMMUNICATIONS, records, writings and tangible items of

10 | COUNTY constituting COUNTY policies AND/OR procedures as they RELATE TO the obligations

11 | and duties of Emergency Response Social Worker investigating referrals of abuse or neglect of a

12 | child(ren) under circumstances where potential victims (including specifically but not limited to

13 | siblings, half-siblings, or step-siblings) in fact live in various households and do not always reside

14 | together.

15 | **Response:**    This request is objected to on the basis that it is vague, ambiguous, overbroad and

16 | unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

17 | neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

18 | Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

19 | will comply with this request by producing all responsive documents in its possession. Discovery is

20 | continuing.

21 |     5.    All DOCUMENTS, COMMUNICATIONS, records, writings and tangible items of

22 | COUNTY, constituting materials used for training, educating, AND/OR notifying CSA personnel on

23 | or about the policies AND/OR procedures as they RELATE TO the obligations and duties of

24 | Emergency Response Social Worker investigating referrals of abuse or neglect of a child(ren) under

25 | circumstances where potential victims (including specifically but not limited to siblings, half-siblings,

26 | or step-siblings) in fact live in various households and do not always reside together.

27 |

28 |

RESPONSES AND OBJECTIONS TO SHANE BEARD'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
THE COUNTY OF STANISLAUS, SET ONE - 4

1   **Response:**    This request is objected to on the basis that it is vague, ambiguous, overbroad and

2   unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

3   neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

4   Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

5   will comply with this request by producing all responsive documents in its possession. Discovery is

6   continuing.

7         6.     All DOCUMENTS RELATING TO any AUDIT of the EFFICACY of the training,

8   educating, AND/OR notifying CSA personnel about the policies AND/OR procedures, and CSA

9   personnel's subsequent implementation and adherence to said policies AND/OR procedures in their

10   employment obligations to CSA as set forth in prior request.

11   **Response:**    This request is objected to on the basis that it is vague, ambiguous, overbroad and

12   unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

13   neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

14   Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

15   is unaware of any documents responsive to this request at the present time.  Discovery is continuing

16   and responding party reserves its right to amend this response at a later date.

17         7.     All DOCUMENTS, COMMUNICATIONS, records, writings and tangible items of

18   COUNTY constituting COUNTY policies AND/OR procedures as they RELATE TO the purpose

19   and utilization of TDMs during investigations of abuse or neglect of a child(ren).

20   **Response:**    This request is objected to on the basis that it is vague, ambiguous, overbroad and

21   unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

22   neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

23   Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

24   will comply with this request by producing all responsive documents in its possession. Discovery is

25   continuing.

26         8..    All DOCUMENTS, COMMUNICATIONS, records, writings and tangible items of

27   COUNTY, constituting materials used for training, educating, AND/OR notifying CSA personnel on

28

1   or about the policies AND/OR procedures as they RELATE TO the purpose and utilization of TDMs

2   during investigations of abuse or neglect of a child(ren).

3   **Response:**      This request is objected to on the basis that it is vague, ambiguous, overbroad and

4   unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

5   neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

6   Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

7   will comply with this request by producing all responsive documents in its possession. Discovery is

8   continuing.

9          9.      All DOCUMENTS RELATING TO any AUDIT of the EFFICACY of the training,

10  educating, AND/OR notifying CSA personnel about the policies AND/OR procedures, and CSA

11  personnel's subsequent implementation and adherence to said policies AND/OR procedures in their

12  employment obligations to CSA as set forth in prior request.

13  **Response:**      This request is objected to on the basis that it is vague, ambiguous, overbroad and

14  unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

15  neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

16  Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

17  is unaware of any documents responsive to this request at the present time.  Discovery is continuing

18  and responding party reserves its right to amend this response at a later date.

19         10.     All DOCUMENTS, COMMUNICATIONS, records, writings, and tangible items of

20  COUNTY, constituting COUNTY policies AND/OR procedures as they RELATE TO the method of

21  assessment, and factors assessed, by Emergency Response Social Workers to determine the presence

22  of probable cause for seeking a warrant from a court competent jurisdiction to remove one or more

23  children from his/her/their parent(s).

24  **Response:**      This request is objected to on the basis that it is vague, ambiguous, overbroad and

25  unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

26  neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

27  Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

28

1  will comply with this request by producing all responsive documents in its possession. Discovery is

2  continuing.

3       11.    All DOCUMENTS, COMMUNICATIONS, records, writings, and tangible items of

4  COUNTY, constituting materials used for training, educating, AND/OR notifying Emergency

5  Response Social Workers of or about the COUNTY's policies AND/OR procedures governing the

6  preparation of documents to be used in conjunction with the submission of a request to a court

7  competent jurisdiction for a warrant to remove one or more children from his/her/their parent(s).

8  **Response:**    This request is objected to on the basis that it is vague, ambiguous, overbroad and

9  unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

10  neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

11  Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

12  will comply with this request by producing all responsive documents in its possession. Discovery is

13  continuing.

14       12.    All DOCUMENTS, COMMUNICATIONS, records, writings, and tangible items of

15  COUNTY, constituting COUNTY policies AND/OR procedures as they RELATE TO the obligations

16  and duties of County social workers to include EXCULPATORY, EXPLANATORY OR

17  MITIGATING EVIDENCE in their preparation and submission of documents to a court of competent

18  jurisdiction, where "documents" include but are not limited to applications for protective custody

19  warrants to remove a child/children, a Petition pursuant to W&IC 300, or any and all other reports to

20  a juvenile dependency Court in relation to the opening or continuing pursuit of a juvenile dependency

21  investigation AND/OR jurisdiction finding over a child/children, and specifically including

22  applications for protective custody warrants and all supporting documentation submitted therewith to

23  a/the court of competent jurisdiction when seeking a warrant.

24  **Response:**    This request is objected to on the basis that it is vague, ambiguous, overbroad and

25  unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

26  neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

27  Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

28

RESPONSES AND OBJECTIONS TO SHANE BEARD'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
THE COUNTY OF STANISLAUS, SET ONE - 7

1   will comply with this request by producing all responsive documents in its possession. Discovery is

2   continuing.

3        13.    All DOCUMENTS, COMMUNICATIONS, records, writings, and tangible items of

4   COUNTY, constituting materials used for training, educating, AND/OR notifying Emergency

5   Response Social Workers of or about the COUNTY's policies AND/OR procedures set forth in the

6   prior request.

7   **Response:**    This request is objected to on the basis that it is vague, ambiguous, overbroad and

8   unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

9   neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

10   Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

11   will comply with this request by producing all responsive documents in its possession. Discovery is

12   continuing.

13        14.    All DOCUMENTS, COMMUNICATIONS, records, writings, and tangible items of

14   COUNTY constituting COUNTY policies AND/OR procedures as they RELATE TO the submission

15   of "declarations," "affidavits," or other statements of fact sworn to under penalty of perjury in order to

16   seek a protective custody warrant to remove a child[ren], specifically those policies, procedures,

17   practices and customs regarding the form, content, and review of same by someone other than the

18   author and signator of such "declarations" or "affidavits."

19   **Response:**    This request is objected to on the basis that it is vague, ambiguous, overbroad and

20   unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

21   neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

22   Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

23   will comply with this request by producing all responsive documents in its possession. Discovery is

24   continuing.

25        15.    All DOCUMENTS, COMMUNICATIONS, records, writings, and tangible items of

26   COUNTY constituting materials used for training, educating, AND/OR notifying social workers on

27   or about the policies AND/OR procedures set forth in the prior request.

28

RESPONSES AND OBJECTIONS TO SHANE BEARD'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
THE COUNTY OF STANISLAUS, SET ONE - 8

1   **Response:**      This request is objected to on the basis that it is vague, ambiguous, overbroad and

2   unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

3   neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

4   Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

5   will comply with this request by producing all responsive documents in its possession. Discovery is

6   continuing.

7          16.    All DOCUMENTS, COMMUNICATIONS, records, writings, and tangible items of

8   COUNTY constituting materials used for training, educating, AND/OR notifying COUNTY social

9   workers of or about COUNTY policies AND/OR procedures as they RELATE TO

10  determining/assessing the circumstances/facts presented or perceived by a social worker during an

11  initial child abuse AND/OR neglect referral investigation, specifically including, but not by way of

12  limitation, which facts AND/OR circumstances shall/must be considered when contemplating

13  removal of child[ren] from a parent or lawful guardian and could also violate the rights of the child,

14  parent, or lawful guardian under any state or federal, statutory or decisional law ("case law"),

15  including, without limitation, any training evidencing an attempt to articulate the lawful standards

16  under state or federal law for removing a child[ren] from his/her parent[ s] or lawful guardian without

17  having first obtained a protective custody warrant or other lawful court order.

18  **Response:**      This request is objected to on the basis that it is vague, ambiguous, overbroad and

19  unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

20  neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

21  Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

22  will comply with this request by producing all responsive documents in its possession. Discovery is

23  continuing.

24          17.    All DOCUMENTS, COMMUNICATIONS, records, writings, and tangible items of

25  COUNTY constituting materials used for training, educating, AND/OR notifying COUNTY social

26  workers on or about the nature and extent of the trauma to children removed from their parents or

27

28

RESPONSES AND OBJECTIONS TO SHANE BEARD'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
THE COUNTY OF STANISLAUS, SET ONE - 9

1  guardians and the life-long debilitating effects, including but not limited to detrimental physiological

2  changes to the brain and nervous system.

3  **Response:**      This request is objected to on the basis that it is vague, ambiguous, overbroad and

4  unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

5  neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

6  Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

7  will comply with this request by producing all responsive documents in its possession. Discovery is

8  continuing.

9        18.    All DOCUMENTS RELATING to which CSA personnel have the ABILITY to edit,

10  alter, delete, or otherwise change a DSL entry after the date/time of the original entry.

11  **Response:**      This request is objected to on the basis that it is vague, ambiguous, overbroad and

12  unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

13  neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

14  Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

15  will comply with this request by producing all responsive documents in its possession. Discovery is

16  continuing.

17        19.    All DOCUMENTS, COMMUNICATIONS, records, writing, and tangible items of

18  COUNTY RELATED TO entering into a VOLUNTARY SAFETY PLAN with parent(s) that places

19  the child(ren) of the parent(s) outside of the custody, or care of one or more of the parents(s) or lawful

20  guardians(s) during a child abuse AND/OR neglect investigation.

21  **Response:**      This request is objected to on the basis that it is vague, ambiguous, overbroad and

22  unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

23  neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

24  Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

25  will comply with this request by producing all responsive documents in its possession. Discovery is

26  continuing.

27

28

1    20.    All DOCUMENTS, COMMUNICATIONS, records, writing, and tangible items of

2    COUNTY constituting the collection AND/OR maintenance of statistical data RELATED TO

3    entering parent(s) into a VOLUNTARY SAFETY PLAN, AND any subsequent AUDIT of said data.

4    **Response:**    This request is objected to on the basis that it is vague, ambiguous, overbroad and

5    unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

6    neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

7    Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

8    is unaware of any documents responsive to this request at the present time.  Discovery is continuing

9    and responding party reserves its right to amend this response at a later date.

10    21.    All DOCUMENTS, COMMUNICATIONS, records, writings, and tangible items of

11    COUNTY constituting COUNTY policies AND/OR procedures that relate to the process of choosing

12    a placement the child[ ren] outside the home of the parent or lawful guardian during a child abuse

13    (including, but not limited to, sexual abuse) AND/OR neglect investigation.

14    **Response:**    This request is objected to on the basis that it is vague, ambiguous, overbroad and

15    unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

16    neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

17    Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

18    will comply with this request by producing all responsive documents in its possession. Discovery is

19    continuing.

20    22.    All DOCUMENTS, COMMUNICATIONS, records, writings, and tangible items of

21    COUNTY constituting materials used for training, educating, AND/OR notifying social workers on

22    or about the policies AND/OR procedures set forth in the prior request.

23    **Response:**    This request is objected to on the basis that it is vague, ambiguous, overbroad and

24    unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

25    neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

26    Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

27

28

RESPONSES AND OBJECTIONS TO SHANE BEARD'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
THE COUNTY OF STANISLAUS, SET ONE - 11

1   will comply with this request by producing all responsive documents in its possession. Discovery is

2   continuing.

3          23.     All DOCUMENTS, COMMUNICATIONS, records, writings and tangible items of

4   COUNTY constituting materials used for training, educating, AND/OR notifying CSA personnel

5   regarding the nature and extent of the psychological trauma to children removed from their parents or

6   guardians, including but not limited to detrimental physiological changes to the brain and nervous

7   system of such children.

8   **Response:**      This request is objected to on the basis that it is vague, ambiguous, overbroad, and

9   unintelligible as phrased.  This request is also objected to on the basis that it seeks information that is

10  neither relevant to nor is reasonably calculated to lead to the discovery of admissible evidence.

11  Without waiving those objections and, after a reasonable search and diligent inquiry, responding party

12  will comply with this request by producing all responsive documents in its possession. Discovery is

13  continuing.

14         24.     All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE

15  received by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT from any Valley

16  Children's Hospital personnel CONCERNING any PLAINTIFF.

17  **Response:**      This request is objected to on the basis that it is vague, ambiguous, overbroad, and

18  unintelligible as phrased. Specifically, this request is objected to on the grounds that it violates

19  F.R.C.P. 34 in that is it is directed to each and every department of the County of Stanislaus, which

20  renders this request hopelessly overbroad. This request also violates F.R.C.P. 34 in that it is not

21  limited to a reasonable time. This request also objected to on the ground that it may call for the

22  production of documents that are neither relevant to nor are reasonably calculated to lead to the

23  discovery of admissible evidence. Based on the objections asserted herein, responding party is unable

24  to comply with this request as phrased.

25         25.     All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE

26  sent by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT to any Valley Children's

27  Hospital personnel CONCERNING any PLAINTIFF.

28

RESPONSES AND OBJECTIONS TO SHANE BEARD'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
THE COUNTY OF STANISLAUS, SET ONE - 12

1    **Response:**      This request is objected to on the basis that it is vague, ambiguous, overbroad, and

2    unintelligible as phrased. Specifically, this request is objected to on the grounds that it violates

3    F.R.C.P. 34 in that is it is directed to each and every department of the County of Stanislaus, which

4    renders this request hopelessly overbroad. This request also violates F.R.C.P. 34 in that it is not

5    limited to a reasonable time. This request also objected to on the ground that it may call for the

6    production of documents that are neither relevant to nor are reasonably calculated to lead to the

7    discovery of admissible evidence. Based on the objections asserted herein, responding party is unable

8    to comply with this request as phrased.

9          26.      All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE

10   received by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT from any Golden Valley

11   Health Center personnel CONCERNING any PLAINTIFF.

12   **Response:**      This request is objected to on the basis that it is vague, ambiguous, overbroad, and

13   unintelligible as phrased. Specifically, this request is objected to on the grounds that it violates

14   F.R.C.P. 34 in that is it is directed to each and every department of the County of Stanislaus, which

15   renders this request hopelessly overbroad. This request also violates F.R.C.P. 34 in that it is not

16   limited to a reasonable time. This request also objected to on the ground that it may call for the

17   production of documents that are neither relevant to nor are reasonably calculated to lead to the

18   discovery of admissible evidence. Based on the objections asserted herein, responding party is unable

19   to comply with this request as phrased.

20         27.      All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE

21   sent by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT to any Golden Valley Health

22   Center personnel CONCERNING any PLAINTIFF.

23   **Response:**      This request is objected to on the basis that it is vague, ambiguous, overbroad, and

24   unintelligible as phrased. Specifically, this request is objected to on the grounds that it violates

25   F.R.C.P. 34 in that is it is directed to each and every department of the County of Stanislaus, which

26   renders this request hopelessly overbroad. This request also violates F.R.C.P. 34 in that it is not

27   limited to a reasonable time. This request also objected to on the ground that it may call for the

28

RESPONSES AND OBJECTIONS TO SHANE BEARD'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
THE COUNTY OF STANISLAUS, SET ONE - 13

1  production of documents that are neither relevant to nor are reasonably calculated to lead to the

2  discovery of admissible evidence. Based on the objections asserted herein, responding party is unable

3  to comply with this request as phrased.

4      28.    All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE

5  received by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT from any Sierra Vista

6  Child & Family Services personnel CONCERNING any PLAINTIFF.

7  **Response:**    This request is objected to on the basis that it is vague, ambiguous, overbroad, and

8  unintelligible as phrased. Specifically, this request is objected to on the grounds that it violates

9  F.R.C.P. 34 in that is it is directed to each and every department of the County of Stanislaus, which

10  renders this request hopelessly overbroad. This request also violates F.R.C.P. 34 in that it is not

11  limited to a reasonable time. This request also objected to on the ground that it may call for the

12  production of documents that are neither relevant to nor are reasonably calculated to lead to the

13  discovery of admissible evidence. Based on the objections asserted herein, responding party is unable

14  to comply with this request as phrased.

15      29.    All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE

16  sent by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT to any Sierra Vista Child &

17  Family Service personnel CONCERNING any PLAINTIFF.

18  **Response:**    This request is objected to on the basis that it is vague, ambiguous, overbroad, and

19  unintelligible as phrased. Specifically, this request is objected to on the grounds that it violates

20  F.R.C.P. 34 in that is it is directed to each and every department of the County of Stanislaus, which

21  renders this request hopelessly overbroad. This request also violates F.R.C.P. 34 in that it is not

22  limited to a reasonable time. This request also objected to on the ground that it may call for the

23  production of documents that are neither relevant to nor are reasonably calculated to lead to the

24  discovery of admissible evidence. Based on the objections asserted herein, responding party is unable

25  to comply with this request as phrased.

26

27

28

RESPONSES AND OBJECTIONS TO SHANE BEARD'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
THE COUNTY OF STANISLAUS, SET ONE - 14

1       30.    All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE

2  received by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT from any Sierra Vista

3  Child & Family Services personnel CONCERNING any PLAINTIFF.

4  **Response:**    This request is objected to on the basis that it is vague, ambiguous, overbroad, and

5  unintelligible as phrased. Specifically, this request is objected to on the grounds that it violates

6  F.R.C.P. 34 in that is it is directed to each and every department of the County of Stanislaus, which

7  renders this request hopelessly overbroad. This request also violates F.R.C.P. 34 in that it is not

8  limited to a reasonable time. This request also objected to on the ground that it may call for the

9  production of documents that are neither relevant to nor are reasonably calculated to lead to the

10  discovery of admissible evidence. Based on the objections asserted herein, responding party is unable

11  to comply with this request as phrased.

12       31.    All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE

13  sent by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT to any Sierra Vista Child &

14  Family Service personnel CONCERNING any PLAINTIFF.

15  **Response:**    This request is objected to on the basis that it is vague, ambiguous, overbroad, and

16  unintelligible as phrased. Specifically, this request is objected to on the grounds that it violates

17  F.R.C.P. 34 in that is it is directed to each and every department of the County of Stanislaus, which

18  renders this request hopelessly overbroad. This request also violates F.R.C.P. 34 in that it is not

19  limited to a reasonable time. This request also objected to on the ground that it may call for the

20  production of documents that are neither relevant to nor are reasonably calculated to lead to the

21  discovery of admissible evidence. Based on the objections asserted herein, responding party is unable

22  to comply with this request as phrased.

23       32.    All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE

24  received by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT from any Kid's Dental

25  (Turlock, California) personnel CONCERNING any PLAINTIFF.

26  **Response:**    This request is objected to on the basis that it is vague, ambiguous, overbroad, and

27  unintelligible as phrased. Specifically, this request is objected to on the grounds that it violates

28

RESPONSES AND OBJECTIONS TO SHANE BEARD'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
THE COUNTY OF STANISLAUS, SET ONE - 15

1 F.R.C.P. 34 in that is it is directed to each and every department of the County of Stanislaus, which

2 renders this request hopelessly overbroad. This request also violates F.R.C.P. 34 in that it is not

3 limited to a reasonable time. This request also objected to on the ground that it may call for the

4 production of documents that are neither relevant to nor are reasonably calculated to lead to the

5 discovery of admissible evidence. Based on the objections asserted herein, responding party is unable

6 to comply with this request as phrased.

7      33.    All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE

8 sent by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT to any Kid's Dental (Turlock,

9 California) personnel CONCERNING any PLAINTIFF.

10 **Response:**    This request is objected to on the basis that it is vague, ambiguous, overbroad, and

11 unintelligible as phrased. Specifically, this request is objected to on the grounds that it violates

12 F.R.C.P. 34 in that is it is directed to each and every department of the County of Stanislaus, which

13 renders this request hopelessly overbroad. This request also violates F.R.C.P. 34 in that it is not

14 limited to a reasonable time. This request also objected to on the ground that it may call for the

15 production of documents that are neither relevant to nor are reasonably calculated to lead to the

16 discovery of admissible evidence. Based on the objections asserted herein, responding party is unable

17 to comply with this request as phrased.

18      34.    All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE

19 received by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT from any Del Puerto

20 Community Health Center personnel CONCERNING any PLAINTIFF.

21 **Response:**    This request is objected to on the basis that it is vague, ambiguous, overbroad, and

22 unintelligible as phrased. Specifically, this request is objected to on the grounds that it violates

23 F.R.C.P. 34 in that is it is directed to each and every department of the County of Stanislaus, which

24 renders this request hopelessly overbroad. This request also violates F.R.C.P. 34 in that it is not

25 limited to a reasonable time. This request also objected to on the ground that it may call for the

26 production of documents that are neither relevant to nor are reasonably calculated to lead to the

27

28

RESPONSES AND OBJECTIONS TO SHANE BEARD'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
THE COUNTY OF STANISLAUS, SET ONE - 16

1    discovery of admissible evidence. Based on the objections asserted herein, responding party is unable

2    to comply with this request as phrased.

3         35.    All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE

4    sent by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT to any Del Puerto

5    Community Health personnel CONCERNING any PLAINTIFF.

6    **Response:**    This request is objected to on the basis that it is vague, ambiguous, overbroad, and

7    unintelligible as phrased. Specifically, this request is objected to on the grounds that it violates

8    F.R.C.P. 34 in that is it is directed to each and every department of the County of Stanislaus, which

9    renders this request hopelessly overbroad. This request also violates F.R.C.P. 34 in that it is not

10   limited to a reasonable time. This request also objected to on the ground that it may call for the

11   production of documents that are neither relevant to nor are reasonably calculated to lead to the

12   discovery of admissible evidence. Based on the objections asserted herein, responding party is unable

13   to comply with this request as phrased.

14        36.    All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE

15   received by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT from any PLAINTIFF.

16   **Response:**    This request is objected to on the basis that it is vague, ambiguous, overbroad, and

17   unintelligible as phrased. Specifically, this request is objected to on the grounds that it violates

18   F.R.C.P. 34 in that is it is directed to each and every department of the County of Stanislaus, which

19   renders this request hopelessly overbroad. This request also violates F.R.C.P. 34 in that it is not

20   limited to a reasonable time. This request also objected to on the ground that it may call for the

21   production of documents that are neither relevant to nor are reasonably calculated to lead to the

22   discovery of admissible evidence. Based on the objections asserted herein, responding party is unable

23   to comply with this request as phrased.

24        37.    All DOCUMENTS that constitute COMMUNICATION or CORRESPONDENCE

25   sent by YOU AND/OR any INDIVIDUALLY NAMED DEFENDANT to any PLAINTIFF.

26   **Response:**    This request is objected to on the basis that it is vague, ambiguous, overbroad, and

27   unintelligible as phrased. Specifically, this request is objected to on the grounds that it violates

28

1   F.R.C.P. 34 in that is it is directed to each and every department of the County of Stanislaus, which

2   renders this request hopelessly overbroad. This request also violates F.R.C.P. 34 in that it is not

3   limited to a reasonable time. This request also objected to on the ground that it may call for the

4   production of documents that are neither relevant to nor are reasonably calculated to lead to the

5   discovery of admissible evidence. Based on the objections asserted herein, responding party is unable

6   to comply with this request as phrased.

7        38.    ALL DOCUMENTS CONCERNING or constituting any complaints or grievances

8   presented to YOU CONCERNING any INDIVIDUALLY NAMED DEFENDANTS' acts or

9   omissions related to their employment with CSA and including but not limited to off-duty conduct for

10  which ANY complaints or grievances were received pertaining to any INDIVIDUALLY NAMED

11  DEFENDANT. This Request does specifically include, but not by way of limitation, claims made

12  under the Government Tort Claim Act (G.C. 910 et seq.) or any complaint otherwise documented and

13  made by anyone, including parents, minors, civilians, other CSA employees, COUNTY employees,

14  or anyone else. [This request is limited in time to the period from January 1, 2012 to present.]

15  **Response:**    This request is objected to on the grounds that it is overbroad, burdensome, and

16  harassing. This request is also objected to on the grounds that it calls for the disclosure of information

17  that is neither relevant to nor has recently calculated to lead to the discovery of admissible evidence.

18  This request is further objected to on the grounds that it improperly calls for the disclosure of

19  privileged information. No documents will be produced.

20       39.    ALL DOCUMENTS that evidence or reflect any written complaint or claim that

21  COUNTY has received regarding the conduct of COUNTY AND/OR any INDIVIDUALLY

22  NAMED DEFENDANTS regarding a CSA investigation of child abuse or neglect, and specifically,

23  but not by way of limitation, incidents involving the removal of a minor from their parents(s) custody.

24  Such DOCUMENTS should include specifically, but not by way of limitation, claims made under the

25  Government Tort Claim Act (G.C. 910, et seq.), letters, incident reports, or any other

26  COMMUNICATION in the nature of a complaint made by anyone. [This request is limited in time to

27  the period from January 1, 2012 through present.]

28

RESPONSES AND OBJECTIONS TO SHANE BEARD'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
THE COUNTY OF STANISLAUS, SET ONE - 18

1    **Response:**      This request is objected to on the grounds that it is overbroad, burdensome, and

2    harassing. This request is also objected to on the grounds that it calls for the disclosure of information

3    that is neither relevant to nor has recently calculated to lead to the discovery of admissible evidence.

4    This request is further objected to on the grounds that it improperly calls for the disclosure of

5    privileged information. No documents will be produced.

6          40.    ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND

7    other electronic communications in YOUR possession AND control which support the contentions

8    made in YOUR First Affirmative Defense.

9    **Response:**      This request is objected to on the grounds that it is overbroad, burdensome, and

10   harassing and constitutes a "contention" request not permitted by F.R.C.P. 34, and improperly seeks

11   the mental impressions, conclusions, opinions or legal theories of counsel and is, therefore, protected

12   by the attorney work product privilege from disclosure. No documents will be produced.

13         41.    ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND

14   other electronic communications in YOUR possession AND control which support the contentions

15   made in YOUR Second Affirmative Defense.

16   **Response:**      This request is objected to on the grounds that it is overbroad, burdensome, and

17   harassing and constitutes a "contention" request not permitted by F.R.C.P. 34, and improperly seeks

18   the mental impressions, conclusions, opinions or legal theories of counsel and is, therefore, protected

19   by the attorney work product privilege from disclosure. No documents will be produced.

20         42.    ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND

21   other electronic communications in YOUR possession AND control which support the contentions

22   made in YOUR Third Affirmative Defense.

23   **Response:**      This request is objected to on the grounds that it is overbroad, burdensome, and

24   harassing and constitutes a "contention" request not permitted by F.R.C.P. 34, and improperly seeks

25   the mental impressions, conclusions, opinions or legal theories of counsel and is, therefore, protected

26   by the attorney work product privilege from disclosure. No documents will be produced.

27

28

1   43. ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND

2 other electronic communications in YOUR possession AND control which support the contentions

3 made in YOUR Fourth Affirmative Defense.

4 **Response:** This request is objected to on the grounds that it is overbroad, burdensome, and

5 harassing and constitutes a "contention" request not permitted by F.R.C.P. 34, and improperly seeks

6 the mental impressions, conclusions, opinions or legal theories of counsel and is, therefore, protected

7 by the attorney work product privilege from disclosure. No documents will be produced.

8   44. ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND

9 other electronic communications in YOUR possession AND control which support the contentions

10 made in YOUR Fifth Affirmative Defense.

11 **Response:** This request is objected to on the grounds that it is overbroad, burdensome, and

12 harassing and constitutes a "contention" request not permitted by F.R.C.P. 34, and improperly seeks

13 the mental impressions, conclusions, opinions or legal theories of counsel and is, therefore, protected

14 by the attorney work product privilege from disclosure. No documents will be produced.

15   45. ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND

16 other electronic communications in YOUR possession AND control which support the contentions

17 made in YOUR Sixth Affirmative Defense.

18 **Response:** This request is objected to on the grounds that it is overbroad, burdensome, and

19 harassing and constitutes a "contention" request not permitted by F.R.C.P. 34, and improperly seeks

20 the mental impressions, conclusions, opinions or legal theories of counsel and is, therefore, protected

21 by the attorney work product privilege from disclosure. No documents will be produced.

22   46. ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND

23 other electronic communications in YOUR possession AND control which support the contentions

24 made in YOUR Seventh Affirmative Defense.

25 **Response:** This request is objected to on the grounds that it is overbroad, burdensome, and

26 harassing and constitutes a "contention" request not permitted by F.R.C.P. 34, and improperly seeks

27

28

1    the mental impressions, conclusions, opinions or legal theories of counsel and is, therefore, protected

2    by the attorney work product privilege from disclosure. No documents will be produced.

3         47.    ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND

4    other electronic communications in YOUR possession AND control which support the contentions

5    made in YOUR Eighth Affirmative Defense.

6    **Response:**    This request is objected to on the grounds that it is overbroad, burdensome, and

7    harassing and constitutes a "contention" request not permitted by F.R.C.P. 34, and improperly seeks

8    the mental impressions, conclusions, opinions or legal theories of counsel and is, therefore, protected

9    by the attorney work product privilege from disclosure. No documents will be produced.

10        48.    ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND

11   other electronic communications in YOUR possession AND control which support the contentions

12   made in YOUR Ninth Affirmative Defense.

13   **Response:**    This request is objected to on the grounds that it is overbroad, burdensome, and

14   harassing and constitutes a "contention" request not permitted by F.R.C.P. 34, and improperly seeks

15   the mental impressions, conclusions, opinions or legal theories of counsel and is, therefore, protected

16   by the attorney work product privilege from disclosure. No documents will be produced.

17        49.    ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND

18   other electronic communications in YOUR possession AND control which support the contentions

19   made in YOUR Tenth Affirmative Defense.

20   **Response:**    This request is objected to on the grounds that it is overbroad, burdensome, and

21   harassing and constitutes a "contention" request not permitted by F.R.C.P. 34, and improperly seeks

22   the mental impressions, conclusions, opinions or legal theories of counsel and is, therefore, protected

23   by the attorney work product privilege from disclosure. No documents will be produced.

24        50.    ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND

25   other electronic communications in YOUR possession AND control which support the contentions

26   made in YOUR Eleventh Affirmative Defense.

27

28

1  **Response:**      This request is objected to on the grounds that it is overbroad, burdensome, and

2  harassing and constitutes a "contention" request not permitted by F.R.C.P. 34, and improperly seeks

3  the mental impressions, conclusions, opinions or legal theories of counsel and is, therefore, protected

4  by the attorney work product privilege from disclosure. No documents will be produced.

5         51.    ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND

6  other electronic communications in YOUR possession AND control which support the contentions

7  made in YOUR Twelfth Affirmative Defense.

8  **Response:**      This request is objected to on the grounds that it is overbroad, burdensome, and

9  harassing and constitutes a "contention" request not permitted by F.R.C.P. 34, and improperly seeks

10  the mental impressions, conclusions, opinions or legal theories of counsel and is, therefore, protected

11  by the attorney work product privilege from disclosure. No documents will be produced.

12        52.    ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND

13  other electronic communications in YOUR possession AND control which support the contentions

14  made in YOUR Thirteenth Affirmative Defense.

15  **Response:**      This request is objected to on the grounds that it is overbroad, burdensome, and

16  harassing and constitutes a "contention" request not permitted by F.R.C.P. 34, and improperly seeks

17  the mental impressions, conclusions, opinions or legal theories of counsel and is, therefore, protected

18  by the attorney work product privilege from disclosure. No documents will be produced.

19        53.    ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND

20  other electronic communications in YOUR possession AND control which support the contentions

21  made in YOUR Fourteenth Affirmative Defense.

22  **Response:**      This request is objected to on the grounds that it is overbroad, burdensome, and

23  harassing and constitutes a "contention" request not permitted by F.R.C.P. 34, and improperly seeks

24  the mental impressions, conclusions, opinions or legal theories of counsel and is, therefore, protected

25  by the attorney work product privilege from disclosure. No documents will be produced.

26

27

28

1    54.    ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND
2  other electronic communications in YOUR possession AND control which support the contentions
3  made in YOUR Fifteenth Affirmative Defense.

4  **Response:**    This request is objected to on the grounds that it is overbroad, burdensome, and
5  harassing and constitutes a "contention" request not permitted by F.R.C.P. 34, and improperly seeks
6  the mental impressions, conclusions, opinions or legal theories of counsel and is, therefore, protected
7  by the attorney work product privilege from disclosure. No documents will be produced.

8    55.    ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND
9  other electronic communications in YOUR possession AND control which support the contentions
10 made in YOUR Sixteenth Affirmative Defense.

11 **Response:**    This request is objected to on the grounds that it is overbroad, burdensome, and
12 harassing and constitutes a "contention" request not permitted by F.R.C.P. 34, and improperly seeks
13 the mental impressions, conclusions, opinions or legal theories of counsel and is, therefore, protected
14 by the attorney work product privilege from disclosure. No documents will be produced.

15    56.    ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND
16 other electronic communications in YOUR possession AND control which support the contentions
17 made in YOUR Seventeenth Affirmative Defense.

18 **Response:**    This request is objected to on the grounds that it is overbroad, burdensome, and
19 harassing and constitutes a "contention" request not permitted by F.R.C.P. 34, and improperly seeks
20 the mental impressions, conclusions, opinions or legal theories of counsel and is, therefore, protected
21 by the attorney work product privilege from disclosure. No documents will be produced.

22    57.    ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND
23 other electronic communications in YOUR possession AND control which support the contentions
24 made in YOUR Eighteenth Affirmative Defense.

25 **Response:**    This request is objected to on the grounds that it is overbroad, burdensome, and
26 harassing and constitutes a "contention" request not permitted by F.R.C.P. 34, and improperly seeks

27

28

1  the mental impressions, conclusions, opinions or legal theories of counsel and is, therefore, protected

2  by the attorney work product privilege from disclosure. No documents will be produced.

3      58.    ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND

4  other electronic communications in YOUR possession AND control which support the contentions

5  made in YOUR Nineteenth Affirmative Defense.

6  **Response:**    This request is objected to on the grounds that it is overbroad, burdensome, and

7  harassing and constitutes a "contention" request not permitted by F.R.C.P. 34, and improperly seeks

8  the mental impressions, conclusions, opinions or legal theories of counsel and is, therefore, protected

9  by the attorney work product privilege from disclosure. No documents will be produced.

10     59.    ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND

11  other electronic communications in YOUR possession AND control which support the contentions

12  made in YOUR Twentieth Affirmative Defense.

13  **Response:**    This request is objected to on the grounds that it is overbroad, burdensome, and

14  harassing and constitutes a "contention" request not permitted by F.R.C.P. 34, and improperly seeks

15  the mental impressions, conclusions, opinions or legal theories of counsel and is, therefore, protected

16  by the attorney work product privilege from disclosure. No documents will be produced.

17     60.    ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND

18  other electronic communications in YOUR possession AND control which support the contentions

19  made in YOUR Twenty-first Affirmative Defense.

20  **Response:**    This request is objected to on the grounds that it is overbroad, burdensome, and

21  harassing and constitutes a "contention" request not permitted by F.R.C.P. 34, and improperly seeks

22  the mental impressions, conclusions, opinions or legal theories of counsel and is, therefore, protected

23  by the attorney work product privilege from disclosure. No documents will be produced.

24     61.    ALL DOCUMENTS, COMMUNICATION, records, writings, reports, e-mail AND

25  other electronic communications in YOUR possession AND control which support the contentions

26  made in YOUR Twenty-second Affirmative Defense.

27

28

1    **Response:**      This request is objected to on the grounds that it is overbroad, burdensome, and

2    harassing and constitutes a "contention" request not permitted by F.R.C.P. 34, and improperly seeks

3    the mental impressions, conclusions, opinions or legal theories of counsel and is, therefore, protected

4    by the attorney work product privilege from disclosure. No documents will be produced.

5    Dated: January 20, 2022.                    ARATA, SWINGLE, VAN EGMOND & HEITLINGER
                                                  A Professional Law Corporation
6

7

8    By_____ /s/ Bradley J. Swingle_____
     BRADLEY J. SWINGLE
     Attorneys for Defendants
9    COUNTY OF STANISLAUS, ERIC ANDERSON,
     APRIL COBBS, MARIELA GOMEZ, DAVID
10   GRANADOS, STEPHANIE HERRERA, SHARI
     JOHNSON, SHYNELLE JONES and GLORIA
11   SOLORIO

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSES AND OBJECTIONS TO SHANE BEARD'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
THE COUNTY OF STANISLAUS, SET ONE - 25

1

<u>PROOF OF SERVICE</u>

2

    I am employed in the County of Stanislaus; my business address is P.O. Box 3287, Modesto, California 95353.  I am over the age of 18 years and not a party to the foregoing action.

3

4

    On January 20, 2022, I served the following document(s):

**RESPONSES AND OBJECTIOSN TO SHANE BEARD'S REQUEST FOR PRODUCTION OF DOCUMENTS TO THE COUNTY OF STANISLAUS, SET ONE**

5

6

\_\_    **BY MAIL** on the following party(ies) in said action, in accordance with Rule 5 of the Federal Rules of Civil Procedure, by placing a true copy thereof enclosed in a sealed envelope in the firm's daily mail processing center for mailing in the United States mail at Modesto, California.

7

8

\_\_    **BY PERSONAL SERVICE** by delivering true copy thereof; in accordance with Code of Civil Procedure Section 1011, to the person(s) and at the address(es) set forth below via courier.

9

10

\_\_    **BY OVERNIGHT DELIVERY** on the following party(ies) in said action, in accordance with Code of Civil Procedure Section 1013(c), by placing a true copy thereof enclosed a sealed envelope, with delivery fees paid or provided for, in a designated area for outgoing overnight mail, addressed as set forth below.

11

12

\_\_    **BY FACSIMILE**, by use of facsimile machine in accordance with Code of Civil Procedure Section 1013(e) and California Rules of Court 2008(e), to the following party(ies) at the facsimile number(s) indicated.  This transmission was reported as complete and without error.

13

14

15

\_X\_\_    **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by email or by electronic filing through the CM/ECF system to the e-mail addresses listed below.  I am readily familiar with the Microsoft Outlook's e-mail system and United States District Court's CM/ECF system, and the transmission was reported as complete without error.

16

17

18

| | |
|---|---|
| Robert R. Powell (SBN 159747)<br>rpowell@rrpassociates.com<br>POWELL & ASSOCIATES<br>925 West Hedding Street<br>San Jose, CA 95126<br>Telephone: (408) 553-0201<br>Facsimile: (408) 553-0203 | |

19

20

21

22

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

23

24

    Executed on January 20, 2022 at Modesto, California.

25

                        _____/s/ Christi Souza_____
                        Christi Souza

26

27

28

10374

**EXHIBIT E**

| | |
|---|---|
| **From:** | Brad Swingle |
| **To:** | Mari Carrington |
| **Cc:** | Robert Powell; Mary Ann Tatum; Sarah Paulson |
| **Subject:** | RE: Bear - Teleconference M&C Recap |
| **Date:** | Tuesday, March 29, 2022 12:44:07 PM |
| **Attachments:** | image001.png |

No objection

-Brad

**From:** Mari Carrington <mcarrington@rrpassociates.com>
**Sent:** Tuesday, March 29, 2022 11:12 AM
**To:** Brad Swingle <BSwingle@arata-law.com>
**Cc:** Robert Powell <rpowell@rrpassociates.com>; Mary Ann Tatum <MTatum@arata-law.com>;
Sarah Paulson <spaulson@rrpassociates.com>
**Subject:** FW: Bear - Teleconference M&C Recap

Mr. Swingle,

We realized that the attached stipulation had no proposed order attached, so have included it at the
bottom (see attached). Unless we hear any objection from your office by 4 p.m. today, we will get it
filed by EOB.

Thanks,

Mari Carrington
Paralegal

 **POWELL & ASSOCIATES**

**Powell & Associates**
925 West Hedding Street
San Jose, California 95126
Tel: (408) 553-0201
Fax: (408) 553-0203

The information in this e-mail may be confidential and/or privileged. This e-mail is intended to be reviewed only by the
individual or organization named above. If you are not the intended recipient or an authorized representative of the
intended recipient, you are hereby notified that any review, dissemination or copying of this e-mail and its attachments, if
any, or the information contained herein is prohibited. If you have received this e-mail in error, please immediately notify
the sender by return e-mail and delete this e-mail from your system. Thank you.

**From:** Brad Swingle
**Sent:** Monday, March 28, 2022 4:10 PM

**To:** Mari Carrington <mcarrington@rrpassociates.com>
**Cc:** Robert Powell <rpowell@rrpassociates.com>; Mary Ann Tatum <MTatum@arata-law.com>; Sarah Paulson <spaulson@rrpassociates.com>
**Subject:** RE: Bear - Teleconference M&C Recap

Yes, you do.

**From:** Mari Carrington <mcarrington@rrpassociates.com>
**Sent:** Monday, March 28, 2022 11:48 AM
**To:** Brad Swingle <BSwingle@arata-law.com>
**Cc:** Robert Powell <rpowell@rrpassociates.com>; Mary Ann Tatum <MTatum@arata-law.com>; Sarah Paulson <spaulson@rrpassociates.com>
**Subject:** RE: Bear - Teleconference M&C Recap

Dear Mr. Swingle,

I am following up to see if we have your approval to file the protective order S&O attached below.

Thanks,


Mari Carrington
Paralegal


 **POWELL&ASSOCIATES**

**Powell & Associates**
925 West Hedding Street
San Jose, California 95126
Tel: (408) 553-0201
Fax: (408) 553-0203

The information in this e-mail may be confidential and/or privileged. This e-mail is intended to be reviewed only by the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this e-mail and its attachments, if any, or the information contained herein is prohibited. If you have received this e-mail in error, please immediately notify the sender by return e-mail and delete this e-mail from your system. Thank you.


**From:** Mari Carrington
**Sent:** Friday, March 25, 2022 9:30 AM
**To:** Brad Swingle <BSwingle@arata-law.com>
**Cc:** Robert Powell <rpowell@rrpassociates.com>; Mary Ann Tatum <MTatum@arata-law.com>; Sarah Paulson <spaulson@rrpassociates.com>
**Subject:** Bear - Teleconference M&C Recap

Mr. Swingle,

This is a summary recap of Mr. Powell's teleconference with you yesterday on disputed issues in the Beard matter.

We ask you to respond particularly to anything you believe we have wrong or have misstated, along with anything else you deem worthy of response, but at a minimum request a confirmation of receipt of this e-mail.

- On the issue of County's RFPD Responses, Mr. Powell advised that we maintain these responses were late served. On December 29, 2021, Mr. Powell agreed to an extension to January 18, 2022 (see attached email). Responses were not served until January 20, 2022. Accordingly, it is Plaintiffs' position that all objections are waived due to untimely service. If you do not agree to promptly – by EOB Monday – submit full and complete good father answers devoid of objection, we will proceed either with the informal discovery process or simply a motion.  As mentioned, Mr. Powell is leaning towards only motions with your office due to the fact these kinds of things just continue to happen routinely.

- On the issue of the protective order we have been trying to get your cooperation in agreeing to for months in this matter, per your agreement during today's teleconference we have affixed your signature to the previously provided S&O. It is attached here. Please confirm approval by end of day today so that we may wrap up this issue.

Thank you,


Mari Carrington
Paralegal


 **POWELL & ASSOCIATES**

**Powell & Associates**
925 West Hedding Street
San Jose, California 95126
Tel: (408) 553-0201
Fax: (408) 553-0203

The information in this e-mail may be confidential and/or privileged. This e-mail is intended to be reviewed only by the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this e-mail and its attachments, if

any, or the information contained herein is prohibited. If you have received this e-mail in error, please immediately notify the sender by return e-mail and delete this e-mail from your system. Thank you.

**EXHIBIT F**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON STEWARD,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA, *et al.*,<br><br>Defendants. | Case No. 18-cv-04119-SI<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 142 |

Now before the Court is plaintiff's motion for attorneys' fees. For the reasons set forth below, the motion is GRANTED IN PART. The Court awards plaintiff fees in the amount of $180,117.50.

**DISCUSSION**

On July 11, 2018, plaintiff Aaron Steward filed a civil rights complaint alleging two causes of action under 42 U.S.C. § 1983 claiming excessive force pursuant to the Fourteenth Amendment; one cause of action under California Civil Code 52.1 ("Bane Act"); and four causes of action for intentional infliction of emotional distress ("IIED") against defendants the City of Santa Clara, Deputy Rico West, Deputy Christopher Graham, Amy Le, Richard Guerzo, Tony Alvarez, Adam Valle, and DOES 1-100. Dkt. No. 1. After summary judgment, plaintiff's claims against Deputy West, for an alleged November 7, 2016 contraband search and July 12, 2017 altercation, and Deputy Graham, for an alleged July 12, 2017 "rough ride", remained. Dkt. No. 83. The parties waived a jury trial, and the action came on for trial before the Court on April 26, 2021 through April 29, 2021.

After trial concluded, this Court found in favor of Steward on his claims against Deputy West related to the July 12, 2017 altercation, and found against Steward on his claims against West regarding the November 7, 2016 contraband search and his claims against Deputy Graham for the

United States District Court
Northern District of California

1   alleged "rough ride." With regard to the July 12, 2017 altercation, the Court found, *inter alia*, that

2   Deputy West's actions were unreasonable and that he had engaged in excessive force, that Steward

3   did not actively resist, that the testimony of West and other deputies was not credible, and that West

4   violated Steward's rights under the Fourteenth Amendment and the Bane Act. Dkt. No. 135 at 6-9.

5   The Court also found that Steward suffered from a deep laceration above his right eye and currently

6   suffers painful headaches, and awarded $10,000 in compensatory damages and $1,000 in punitive

7   damages against West. The Court also held, "Given plaintiff's limited success in his claims that

8   relate to his pre-trial detention against defendant Deputy West and Deputy Graham, plaintiff is

9   awarded attorneys' fees to the extent of his claims against Deputy West for the July 12, 2017

10  altercation." *Id*. at 10.

11          Plaintiff now seeks $360,235 in fees[1] and requests a 2.0 multiplier for the Bane Act claim.

12  In support of the fee request, plaintiff has submitted declarations from the lawyers and paralegals

13  who worked on the case, accompanied by their billing records, as well as a declaration from Richard

14  Pearl, an expert on attorneys' fees who opines about the reasonableness of plaintiff's counsel's

15  hourly rates. Dkt. Nos. 141, 142, 144, 147. Counsel state that they have made deductions to exclude

16  time spent on unsuccessful claims (approximately 78.8 hours).

17          Defendants contend that the Court should reduce the fee request by 80% on the ground that

18  many of plaintiff's claims were ultimately unsuccessful. Defendants also argue, *inter alia*, that

19  Steward is not entitled to a multiplier (and that counsel have not segregated work attributable to the

20  Bane Act claim), that plaintiff's counsel's rates are too high, and that plaintiff's counsel overstaffed

21  the case. Defendants contend that the Court should award no more than $30,650.

22          The Court finds it appropriate to reduce plaintiff's lodestar by 50% to account for plaintiff's

23  limited success, for a total of $180,117.50.[2] "[T]he extent of a plaintiff's success is a crucial factor

24  in determining the proper amount of an award of attorney's fees" under § 1988." *Hensley v.*

25  *Eckerhart*, 461 U.S. 424, 440 (1983). Courts may, in their discretion, reduce a fee award to reflect

26

27  ---------

    [1] Plaintiff submitted a separate bill of costs that was taxed by the Clerk. *See* Dkt. No. 157.

28  [2] For the same reason, the Court finds a multiplier is not appropriate.

United States District Court
Northern District of California

1    limited success, such as when a plaintiff only prevails on some claims, or only against one of several

2    defendants. *See Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004) (district court did not abuse

3    discretion by reducing fees when plaintiff did not prevail on majority of original claims); *Webb v.*

4    *Sloan*, 330 F.3d 1158, 1169-70 (9th Cir. 2003) (finding discretionary reduction of attorneys' fees to

5    reflect limited success appropriate where plaintiff initially sued several defendants, but prevailed

6    against only one, and had claims related to plaintiff's arrest, detention, and prosecution); *Harris v.*

7    *Marhoefer*, 24 F.3d 16, 18-19 (9th Cir. 1994) (affirming district court's 50% reduction of attorneys'

8    fees in civil rights case based on plaintiff's partial success).

9         Here, Steward prevailed on his § 1983 and Bane Act claims against Deputy West based on

10   the July 12, 2017 altercation, and was unsuccessful on his other claims either at summary judgment

11   or at trial. The Court finds that a 50% reduction in the lodestar reflects plaintiff's limited success,

12   while also accounting for the fact that the successful claims against Deputy West were factually

13   intertwined with many of the unsuccessful claims, including: Steward's *Monell* claim that

14   inadequate training led to the constitutional violations; his claim that Graham gave him a "rough

15   ride" after the altercation (raising questions of whether Steward's injuries were caused by the

16   altercation, the ride, or both); and claims that he suffered negative consequences of being labeled

17   the aggressor in the fight by West, such as witness intimidation and punitive rehousing decisions by

18   defendant Alvarez, defamation by defendant Le in a television interview after the incident, and

19   intimidation and harassment by defendant Internal Affairs investigator Valle. Under these

20   circumstances, the Court finds it appropriate to significantly reduce the fees sought, but not by the

21   80% proposed by defendant.

22         The Court is not persuaded by defendants' contention that the fees should be further reduced

23   because Steward did not recover significant monetary damages. As an initial matter, the Court notes

24   that at trial Steward did not request a particular dollar amount in damages, and the Court could have

25   awarded nominal damages. Based on the evidence of Steward's injuries and continuing headaches,

26   the Court awarded him compensatory damages of $10,000. The Court awarded punitive damages

27   of $1,000 based upon its finding that "Deputy West's actions, particularly his decision to disregard

28   his training of contraband searches and repeatedly striking plaintiff in the head with a pepper spray

3

1  can, to be either reckless or callous disregard of, or indifference to, the rights or safety of plaintiff

2  Aaron Steward" and that West's actions "were a shocking abuse of power." Dkt. No. 135 at 10.

3  Moreover, "the dollar amount lawyers recover for their clients is not the sole measure of the

4  results the prevailing parties' attorneys obtained." *Gonzalez v. City of Maywood*, 729 F.3d 1196,

5  1209-10 (9th Cir. 2013). "Attorneys who win a civil rights claim not only benefit their client in

6  terms of the amount of money they recover, they also confer benefits on others throughout society

7  by, for example, ending institutional civil rights abuses or clarifying standards of constitutional

8  conduct." *Id.* at 1210. "Even in cases seeking only monetary relief, 'a successful civil rights

9  plaintiff often secures important social benefits that are not reflected in nominal or relatively small

10  damage awards.' Therefore, it is inappropriate for a district court to reduce a fee award below the

11  lodestar simply because the damages obtained are small." *Quesada v. Thomason*, 850 F.2d 537,

12  540 (9th Cir. 1988) (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986)).

13  The Court is not persuaded by defendants' remaining challenges to plaintiff's fee request.

14  This case was factually and legally complicated and involved extensive discovery, and the Court

15  finds the case was not overstaffed. At trial (this Court's first zoom trial with live testimony during

16  the COVID pandemic), plaintiff's counsel ably navigated numerous logistical challenges, including

17  in presenting remote testimony from multiple incarcerated witnesses. Finally, the Court finds that

18  the declarations of counsel as well as that of Mr. Pearl support the reasonableness of counsel's rates.

19

20  **CONCLUSION**

21  Accordingly, for the reasons set forth above, the Court GRANTS IN PART plaintiff's

22  motion for attorneys' fees and awards $180,117.50 in fees.

23

24  **IT IS SO ORDERED**.

25

26  Dated: January 10, 2022

_____

SUSAN ILLSTON
United States District Judge

4

**EXHIBIT G**

# Beard v. County of Stanislaus
## Motion to Compel RFPD Set One Production

**Attorney**

| Date | | Details | Hours | Amount |
|------|--|---------|-------|--------|
| 02/12/2022 | Robert Powell | em to Swingle re: haven't produced the RFPD served 11/30 - way overdue, objections waived.  This is request m&c.  Pointed out didn't say a word when WebbT RFPD was late, which happened recently. | 0:12 | $140.00 |
| 03/18/2022 | Robert Powell | Rvw em from BSwingle re: will have M&C on informal discovery after scheduling conference in WestJ.  Checked, already calendared. | 0:06 | $70.00 |
| 03/24/2022 | Robert Powell | Rvw prpsd e-mail to Swingle re: teleconference issues of RFPd response was untimely - add language on fact we will file either informal discovery or regular motion to compel, and prefer latter.  All else looks good - send back to her to send tomorrow. | 0:12 | $140.00 |
| 03/24/2022 | Robert Powell | Time - Attend m&c with Swingle on issues of 1. late RFPD responses (discover in inbox, 2 days late, objections are boilerplate, advise will rvw and meet and confer again), 2. S&O Protective order (will redate and forward to Swingle for approval, then e-file); MC and SP in attendance | 0:18 | $210.00 |
| 6/20/2022 | Robert Powell | Rvw SP's draft of Mtn To Compel - made edits, sent back fro filing | 0:30 | $350.00 |
| | | **Total** | **1:28** | **$910.00** |

**Paralegals**

| Date | | Details | Hours | Amount |
|------|--|---------|-------|--------|
| 03/01/2022 | Mari Carrington | Time - Following talk with RRP re: RFPD responses, go to draft email to OC re: setting up informal teleconf w/Judge; rvw SAB Standing Order and see involves committing to accepting order from SAB following informal dis conf; email to RRP re slightly diff to EPG - what wants to do? also issue of sanctions in SO | 0:18 | $45.00 |
| 03/15/2022 | Mari Carrington | Time - Rvw case docket/discovery/emails to summarize all issues with OC and summarize in memo; shared with office and saved to server; req. advisement re: next steps | 0:18 | $45.00 |
| 03/23/2022 | Mari Carrington | Time - Prep Memo for m&c tomorrow, all issues | 0:12 | $30.00 |

| Date | Name | Description | Time | Amount |
|---|---|---|---|---|
| 03/24/2022 | Mari Carrington | Time - Attend teleconf m&c b/n RRP and Swingle on issues of 1. late RFPD responses (discover in inbox, 2 days late, objections are boilerplate, advise will rvw and meet and confer again), 2. S&O Protective order (will redate and forward to Swingle for approval, then e-file); note take | 0:18 | $45.00 |
| 03/25/2022 | Mari Carrington | Time - Draft recap email following m&c (drafted and sent to RRP 3/24 - issues = late RFPD responses and S&O protective order); find email re: extension agreed to RFPDs and attach to email, redate and sign S&O; send email + attachment to OC | 0:24 | $60.00 |
| | | **Total** | **1:30** | **$225.00** |
| 03/24/2022 | Sarah Paulson | Time - Attend teleconf m&c b/n RRP and Swingle on issues of 1. late RFPD responses (discover in inbox, 2 days late, objections are boilerplate, advise will rvw and meet and confer again), 2. S&O Protective order (will redate and forward to Swingle for approval, then e-file); note take | 0:18 | $45.00 |
| 04/13/2022 | Sarah Paulson | Time - Case meeting - discussion of status of case - Mtn to Compel RFPD 1, Supplemental R26 just went out, Sam Park will be working on some discovery, created dropbox of discovery and pleadings for Sam to work from. Sent email to S. Park with link to DropBox. | 0:18 | $45.00 |
| 05/10/2022 | Sarah Paulson | Time - continued drafting Mtn to Compel Re: RFPD Set 1 from SR's previously saved draft. fleshed out section II (Facts) - and Section 3 (Legal Argument). Westlaw research re: late response, privilege log, and boilerplate objections | 2:48 | $420.00 |
| 05/11/2022 | Sarah Paulson | Time - incorporated SR's suggestions, then continued work on Mtn to Compel. Westlaw research into attny client priv, and late responses. Finished legal section, began work on sanctions section | 4:48 | $720.00 |
| 5/16/2022 | Sarah Paulson | Time - Finished draft of Dec of RRP, revised NOM-TOC-TOA | 2:18 | $345.00 |
| 5/23/2022 | Sarah Paulson | Time - Created spreadsheet of Attny/Para fees for Mtn to Compel Set 1 Production | 1:06 | $165.00 |
| 5/24/2022 | Sarah Paulson | Time - Continued work on MMPA - revised section citing CA state Code - found federal case law. | 1:00 | $150.00 |
| 06/07/2022 | Sarah Paulson | Time - Finished draft of Dec of RRP for Mtn to Compel - sent to SR for review | 0:48 | $120.00 |

| | | | | |
|---|---|---|---|---|
| 06/09/2022 | Sarah Paulson | Time - Finalizing of Dec of RRP after SR review. saved exhibits, finished edits of MMPA after SR review. | 1:18 | 195.00 |

|  |  |  |
|---|---|---|
| **Total** | **14:42** | **$2,205.00** |

| | | | | |
|---|---|---|---|---|
| 04/13/2022 | Sean Reichhold | Time - Case meeting, set tasks for mtns. to compel against Cnty. for improper responses to RFPD; other mtn. to compel. | 0:12 | $35.00 |
| 04/13/2022 | Sean Reichhold | Time - Began reviewing our RFPD and OC's response in prep for mtn. to compel. | 0:36 | $105.00 |
| 05/03/2022 | Sean Reichhold | Time - Confer with RRP about meet and confer issue pre filing of motion to compel proper RFPD responses. Brief research on adequacy of RFPD responses and appropriate response to improper objections. Went through RRP emails to find attempts to confer with Defs. counsel on RFPD issue; forwarded relevant emails to my email for compilation as evidence for mtn. to compel. | 2:48 | $490.00 |
| 05/06/2022 | Sean Reichhold | Time - Templated and drafted facts section of motion to compel RFPD responses | 3:00 | $525.00 |
| 06/07/2022 | Sean Reichhold | Time - Review SP draft of RRP dec. for motion to compel RFPD responses. | 0:42 | $122.50 |
| 06/08/2022 | Sean Reichhold | Time - Email to SP about revisions to RRP dec. for motion to compel RFPD responses + possible issues with noticing and the Eastern Dist. R. 251 requirement for joint statements on discovery dispute motions. | 0:54 | $157.50 |

|  |  |  |
|---|---|---|
| **Total** | **8:12** | **$1,435.00** |

|  |  |
|---|---|
| **Overall Total** | **$4,775.00** |