1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE BEARD, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>   Defendants. | Case No. 1:21-cv-00841-DAD-SAB<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS<br><br>ORDER VACATING JULY 13, 2022 HEARING<br><br>(ECF Nos. 32, 34, 35) |

Currently before the Court is Plaintiffs Shane Beard, Hilda Perez, and N.P.'s (collectively, "Plaintiffs") motion to compel Defendant County of Stanislaus ("Defendant")[1] to produce documents in response to Plaintiff Beard's requests for production ("RPD"), set one. (ECF No. 32.) Defendant filed an opposition and the parties filed a joint statement re: discovery disagreement on June 29, 2022 (ECF Nos. 34, 35.) The Court finds this matter suitable for decision without oral argument and the parties will not be required to appear on July 13, 2022. See Local Rule 230(g). For the reasons explained herein, Plaintiffs' motion shall be granted in part and denied in part, Defendant County of Stanislaus shall provide, no later than August 11, 2022, all documents responsive to the requests for production identified in Plaintiff Beard's

---

[1] The Court notes multiple defendants have been named in this action. However, the instant motion to compel is directed only at Defendant County of Stanislaus, which shall be referred to herein as "Defendant" for purposes of this motion only.

RPDs, pursuant to the terms set forth herein, and Plaintiffs are awarded sanctions in the amount of $2,146.50.

# I.

# BACKGROUND

### A.      Factual Background and Pleading Allegations

Plaintiff N.P. is the son of Plaintiffs Beard and Perez.  Non-party minors A.S., C.P., V.P., and D.P. are the children of Perez and other partners.  At all relevant times, Beard and Perez lived in separate residences, and N.P. lived primarily with Perez.

On July 12, 2019, a social services referral was generated.  The reporting party alleged that A.S. reported he was touched inappropriately in the shower by V.P., and that V.P. and C.P. hit him on the head but Perez did nothing about it.  An investigation ensued, with the end result that on July 19, 2019, N.P. was removed from Beard's custody and on July 24, 2019, the juvenile court determined at a detention hearing that N.P. needed continued detention.  An amended juvenile dependency petition was filed on August 16, 2019.  The juvenile case eventually concluded on April 15, 2020.

Plaintiffs allege the individual Defendant social workers fabricated information, generally misrepresented the situation, and withheld exculpatory information during their investigation and in their reports and warrant application, notably that N.P. was not involved in the aforementioned situation, was no longer living with V.P. and C.P., and was not in any danger and therefore should not have been removed from Beard's custody.  Plaintiffs further allege Defendant County of Stanislaus promulgates unconstitutional policies and fails to properly train its social workers.

### B.      Procedural Background and Discovery Dispute

Plaintiffs initiated this action against Defendant County of Stanislaus and Defendant social workers Eric Anderson, April Cobbs, Mariela Gomez, David Granados, Stephanie Herrera, Shari Johnson, Shynelle Jones, and Gloria Solorio on May 24, 2021.  (ECF No. 1.)  The complaint asserts federal and state claims against Defendants for violations of the Fourth and Fourteenth Amendments, Monell liability, intentional infliction of emotional distress, false imprisonment, and violations of the Bane Act.  A scheduling order issued on October 27, 2021.

1    Plaintiffs served Defendant with Plaintiff Beard's RPD on November 30, 2021.  (ECF

2    No. 32 at 6; Powell Decl. ¶ 5, ECF No. 32-1; Ex. A, ECF No. 32-1 at 7–24.)  On December 28,

3    2021, defense counsel emailed Plaintiffs' counsel seeking an extension of time to produce

4    responses, which were previously due on December 30, 2021.  (ECF No. 32 at 6; Powell Decl. ¶

5    7; Ex. B, ECF No. 32-1 at 26–27.)  Defendants requested an extension up to and including

6    January 18, 2022, to respond to the discovery.  (ECF No. 32-1 at 26.)  Plaintiffs' counsel agreed

7    to the extension up to January 18, but cautioned that if Plaintiffs received "a plethora of specious

8    objections instead of good faith compliance . . . it [would be] unlikely that extensions will be

9    given in the future."  (Id.)

10    Defendant did not produce any responses by January 18, 2022. (ECF No. 32 at 6; Powell

11    Decl. ¶ 8.)  On January 20, 2022, Plaintiffs' counsel sent an email to defense counsel, notifying it

12    of the missed deadline.  (ECF No. 32 at 6; Powell Decl. ¶ 9; Ex. C, ECF No. 32-1 at 29–30.)

13    That same day, Defense counsel replied "[These] are due today and responses will be produced

14    today" (ECF No. 32-1 at 29), and later produced the responses by email (Powell Decl. ¶ 11).

15    The responses produced by email were not accompanied by any documents, and no privilege log

16    was provided, despite a number of attorney-client privilege objections asserted in the responses.

17    (Id.; see also Ex. D, ECF No. 32-1 at 32–57.)  Defendant confirms no responsive documents

18    were produced at that time because they "were still being compiled."  (Swingle Decl. ¶ 5; ECF

19    No. 35 at 3.)

20    On March 24, 2022, the parties met and conferred via telephone.  (ECF No. 32 at 7;

21    Powell Decl. ¶ 13.)  Plaintiffs' position was that, because of the late service of responses,

22    Defendant had waived its objections and if Defendant did not produce good faith responses

23    without objections by the end of business on March 28, 2022, Plaintiffs would file a motion to

24    compel.  (ECF No. 32 at 7; Powell Decl. ¶¶ 14–15.)  Plaintiffs' counsel sent an email on March

25    25, 2022, memorializing the call and Plaintiff's position.[2]  (Powell Decl. ¶ 16; Ex. E, ECF No.

26    32-1 at 61–62.)  Plaintiffs assert they did not receive any revised or completed responses to the

27

28    [2] The parties also discussed stipulating to a protective order.  On March 31, 2022, the Court entered a protective order stipulated to by the parties.  (ECF No. 23.)

1   RPDs, or a privilege log, as of March 28, 2022.  (Powell Decl. ¶ 18.)

2       Defendant asserts responsive documents were uploaded to a flash drive and placed in the

3   US Mail to Plaintiffs on February 28, 2022.  (ECF No. 35 at 1, 2; Swingle Decl. ¶ 6.)  The record

4   does not indicate that the parties met and conferred further on the point of Defendant's

5   objections to the RPDs or to discuss whether the production of documents was received.

6       On June 22, 2022, Plaintiffs filed the instant motion to compel, which was fully briefed

7   as previously detailed.  (ECF Nos. 32, 34, 35.)  Defense counsel maintains this is the first they

8   became aware that Plaintiffs had not received the February 28 document production.  (See

9   Swingle Decl. ¶¶ 6–9.)  On June 23, 2022, the parties exchanged emails and Defendants resent

10  the previously produced responses via US Mail.  (ECF No. 35 at 1–3.)

11      On June 24, 2022, the parties met and conferred via phone conference.  (Id. at 2.)

12  Plaintiffs maintain this was the first time they heard Defendant's assertion that responses were

13  originally sent on February 28, as Plaintiffs never received any responses.  (Id.)  Moreover,

14  Plaintiffs challenge the veracity of Defendant's position, stating counsel made further inquiries

15  as to the status of the production of documents on February 12 and 20, 2022, but did not receive

16  any response from Defendant.  (Id.; Ex. G, ECF No. 32-1 at 69–71.)[3]  Defense counsel proffers

17  he was aware the parties had a few communications around that time, but it was his

18  understanding all along that the responsive documents had been produced.  (Swingle Decl. ¶ 7;

19  ECF No. 35 at 3.)  Further, upon learning of Plaintiffs' position of never receiving the documents

20  via the June 22 motion to compel, Defendant resent the documents to Plaintiffs, via flash drive in

21  the US Mail, on June 23, 2022.  (Swingle Decl. ¶ 8; ECF No. 35 at 3.)

22      It appears Defendant only responded to the issues of whether responsive documents were

23  produced and whether the untimeliness of the responses to the RPDs was justified, but not the

24  issue pertaining to the lack of a privilege log or the sufficiency of the objections asserted in the

25  January 20 responses with which Plaintiffs take issue.  (See ECF No. 35 at 3.)  Plaintiffs state

---

26  [3] Plaintiffs' reference to the February 12 and 20, 2022 emails to defense counsel are included as entries in counsel's
27  billing records, though the specific communication/s the entries describe were not attached.  There is one attorney
    billing entry dated February 12, 2022, which provides "em [sic] to Swingle re: haven't produced the RFPD served
28  11/30 – way overdue, objections waived.  This is request m&c. . ."  (ECF No. 32-1 at 69.)  No further February
    billing entries appear in the record.

1    that, as of the date of the June 24 conference, they have still not received the responsive

2    documents.  (<u>Id.</u> at 1.)

3                                   **II.**

4                          **LEGAL STANDARD**

5          Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery

6    "regarding any nonprivileged matter that is relevant to any party's claim or defense and

7    proportional to the needs of the case, considering the importance of the issues at stake in the

8    action, the amount in controversy, the parties' relative access to relevant information, the parties'

9    resources, the importance of the discovery in resolving the issues, and whether the burden or

10   expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

11   "Information within this scope of discovery need not be admissible in evidence to be

12   discoverable."  <u>Id.</u>  "Evidence is relevant if: (a) it has any tendency to make a fact more or less

13   probable than it would be without the evidence; and (b) the fact is of consequence in determining

14   the action."  Fed. R. Evid. 401.

15          As relevant here, Rule 34 of the Federal Rules of Civil Procedure provides that

16             A party may serve on any other party a request within the scope of
17             Rule 26(b):

              (1) to produce and permit the requesting party or its representative
18             to inspect, copy, test, or sample the following items in the
              responding party's possession, custody, or control:
19

              (A) any designated documents or electronically stored
20             information—including writings, drawings, graphs, charts,
              photographs, sound recordings, images, and other data or data
21             compilations—stored in any medium from which information can
              be obtained either directly or, if necessary, after translation by the
22             responding party into a reasonably usable form. . . .

23   Fed. R. Civ. P. 34(a).  "The party to whom the request is directed must respond in writing within

24   30 days after being served. . . ."  Fed. R. Civ. P. 34(b)(2)(B).  A party's response "may state an

25   objection to a requested form for producing electronically stored information. If the responding

26   party objects to a requested form—or if no form was specified in the request—the party must

27   state the form or forms it intends to use."  Fed. R. Civ. P. 34(b)(2)(D).

28          Motions to compel are governed by Rule 37.  A party may move for an order compelling

1  production where the opposing party fails to produce documents as requested under Rule 34.

2  Fed. R. Civ. P. 37(a)(3(B)(iv).  Rule 37 provides in pertinent part:

3      **(a) Motion for an Order Compelling Disclosure or Discovery.**

4      **(1) In General.** On notice to other parties and all affected persons,
    a party may move for an order compelling disclosure or discovery.

5      The motion must include a certification that the movant has in
    good faith conferred or attempted to confer with the person or

6      party failing to make disclosure or discovery in an effort to obtain
    it without court action.

7

8  Fed. R. Civ. P. 37 (emphasis in original).  Rule 37 states that "an evasive or incomplete

9  disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed.

10  R. Civ. P. 37(a)(4).  The party opposing the discovery bears the burden of resisting disclosure.

11  Bryant v. Armstrong, 285 F.R.D. 596, 600 (S.D. Cal. 2012).

12      A party "who has responded to an interrogatory, request for production, or request for

13  admission—must supplement or correct its disclosure or response . . . as ordered by the court."

14  Fed. R. Civ. P. 26(e)(1)(B).  If a party fails to do so, "the party is not allowed to use that

15  information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the

16  failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  "In addition to or

17  instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A)

18  may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

19  (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions,

20  including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)."  Fed. R. Civ. P. 37(c)(1)(A)–(C).

21                                        **III.**

22                            **ANALYSIS**

23      The instant motion to compel seeks: (1) an order compelling production of all documents

24  responsive to Plaintiff Beard's RPDs, set one; (2) responses without objections; and (3)

25  sanctions.  (ECF No. 32 at 9–12.)

26  **A.      Order Compelling Production of Documents**

27      Plaintiffs argue Defendant did not produce responsive documents with their written

28  responses by the January 18 deadline, or thereafter.  Defendant proffers responsive documents

1  were mailed on February 28 but Plaintiff apparently did not receive them.  Further, Defendant

2  asserts that, after it discovered the documents were not received (on June 22), Defendant re-

3  mailed the documents (again, via flash drive) to Plaintiffs the very next day (June 23).

4         Plaintiffs challenge the veracity of Defendant's averment that the documents were

5  produced via mail on February 28.  In support of the challenge, Plaintiffs note follow up emails

6  were sent to defense counsel on February 12 and 20—to which Defendant did not respond—

7  which impute knowledge to Defendant that Plaintiffs had not received any responses.  However,

8  the fact that follow up emails requesting production were sent prior to February 28 is not

9  inconsistent with Defendant's position that it served responses by mail on February 28 and had

10 no reason to believe the responses were not actually received by Plaintiffs.  Indeed, the record

11 does not reflect that Plaintiffs attempted to meet and confer on the issue of missing documents at

12 any time after the February 12 and 20 emails but before filing the instant motion to compel on

13 June 22.  The Court currently has no reason to discount the averments made by defense counsel,

14 as an officer of the Court and under penalty of perjury, that a flash drive was mailed on February

15 28, even if Plaintiffs ultimately did not receive it.

16        As to the copy of documents Defendant mailed via flash drive on June 23, Plaintiffs

17 maintain in the June 29 joint statement that they had not yet received any documents as of the

18 date of the meet and confer conference (June 24).  Given the crafting of this language, it remains

19 unclear to the Court whether Plaintiffs subsequently received the documents; however, the joint

20 statement does not indicate the documents were received as of its filing date, Defendant does not

21 discuss whether Plaintiff confirmed receipt of the documents in its June 29 opposition to the

22 motion to compel, and no subsequent status updates indicating receipt have been filed in this

23 matter.

24        On this record, it appears Plaintiffs have not yet received responsive documents from

25 Defendant.  Furthermore, it remains undisputed that Defendant's responses to Plaintiff that were

26 emailed (late) on January 20 did not contain any responsive documents because "they were still

27 being compiled."  (Swingle Decl. ¶ 5.)  Yet there is no indication that Defendant requested, or

28 was granted, any further extensions of time beyond January 20 to produce responsive documents

1   apart from the written responses to the RPDs.  In light of the untimeliness of Defendant's

2   responses and to the extent Plaintiffs have not received a document production, the Court shall

3   grant Plaintiffs' request for an order compelling Defendants to produce the responsive

4   documents.

5          **B.     Responses Without Objections**

6          Plaintiffs further argue Defendant's responses should be produced without objections

7   pursuant to Rule 37(a)(5), and because Defendant's objections are unmeritorious.

8          As an initial matter, the Court notes an independent review of Plaintiff Beard's requests

9   reveals the requests are "reasonably calculated to the discovery of admissible evidence."

10  Moreover, Defendant does not dispute this point in its opposition to the motion to compel or the

11  joint statement.  (See generally ECF Nos. 34, 35.)  Nor does Defendant address Plaintiffs'

12  arguments regarding the impropriety of its objections in either the opposition to the motion to

13  compel or under its positional statement in the joint statement of discovery dispute.  (See

14  generally id.)  By failing to address the issue regarding its objections, Defendant thus concedes

15  these arguments.  See Gordon v. Davenport, No. C 08-3341 SI, 2009 WL 322891, at *4 n.4

16  (N.D. Cal. Feb. 9, 2009) ("Indeed, plaintiff does not even address his third cause of action in his

17  opposition brief, suggesting that he concedes defendants' assertion that he fails to state facts

18  giving rise to a claim for relief."), aff'd sub nom. Gordon v. State Bar of Cal., 369 F. App'x. 833

19  (9th Cir. 2010); Tatum v. Schwartz, No. Civ. S-06-01440 DFL EFB, 2007 WL 419463, at *3

20  (E.D. Cal. Feb. 5, 2007) ("[Plaintiff] tacitly concedes this claim by failing to address defendants'

21  argument in her opposition."); see also Ramirez v. Ghilotti Bros. Inc., 941 F. Supp. 2d 1197,

22  1210 (N.D. Cal. 2013) (deeming argument conceded where plaintiff failed to address it in

23  opposition); Adams v. Starbucks Corp., No. SACV 20-00225 JVS(KESx), 2020 WL 4196248, at

24  *6 (C.D. Cal. Jul. 9, 2020) (same); Certified Nutraceuticals, Inc. v. Oleofarm Sp. z o.o., No.

25  3:17-cv-1088-BEN-WVG, 2018 WL 1245261, at *2 (S.D. Cal. Mar. 9, 2018) (same).

26         Plaintiffs' motion is also meritorious for the reasons briefly discussed herein.

27         1.     Waiver of Objections

28         Unless otherwise agreed, a party must respond in writing within 30 days of being served

8

with a Rule 34 request for production, asserting any applicable objections. Fed. R. Civ. P. 34(b)(2)(A)–(C).  Generally, "a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).  However, Rule 33, governing interrogatories, allows courts to excuse a party's failure to timely assert objections "for good cause." Fed. R. Civ. P. 33(b)(4); see Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) (noting failure to object constitutes waiver under Rule 33 "in the absence of an extension of time or good cause" (emphasis added)).  Although Rule 34 does not contain an analogous express "good cause" exception, courts "generally agree that there is no reason to treat waiver under Rule 34 any different than Rule 33." Ocean Garden Prod. Inc. v. Blessings Inc., Nos. CV-18-00322-TUC-RM and CV-19-00284-TUC-RM, 2020 WL 4284383, at *1 (D. Ariz. Jul. 27, 2020) (quoting Liguori v. Hansen, No. 2:11-cv-00492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012).  Accordingly, courts "retain discretion to relieve a late or non-responding party from the potentially harsh consequences associated with waiver." Liguori, 2012 WL 760747, at *11.

Nonetheless, Rule 34(b) does not impose a *per se* waiver penalty for untimely discovery responses. Cf. Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont. (Burlington), 408 F.3d 1142, 1149 (9th Cir. 2005) (rejecting a "per se waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit").  Certainly, courts will not hesitate to order objections waived when a responding party offers no explanation for its failure to respond to discovery requests or when many months go by without a response to the propounding party. See, e.g, Stewart v. Fu, No. 2:19-cv-0286-JAM-CKD, 2021 WL 516709, at *2 (E.D. Cal. Feb. 11, 2021); Gutterglove, Inc. v. Lasell, No. 2:17-cv-01372-WBS-CKD, 2018 WL 4698325, at *2 (E.D. Cal. Sept. 28, 2018) (permitting defendants to assert objections based upon attorney client privilege and work product doctrine but deeming all other objections waived, commenting "A clash of personalities with opposing counsel does not excuse one from complying with the Federal Rules of Civil Procedure.").  Indeed, this Court recently granted a different motion to compel brought by Plaintiffs in this matter and ordered production,

1  without objections, where the responding parties failed to provide responses, objections, or an
2  opposition to the motion.  (ECF No. 28.)

3          Here, it is undisputed that Plaintiff's RPDs were initially served on November 30, 2021,
4  and due on December 30, 2021; that Defendants received cumulative extensions to January 18,
5  2022; and that Defendants did not produce any responses of any kind until at least January 20.
6  Notwithstanding Plaintiffs' substantive issues with the responses, the responses produced on
7  January 20 were untimely.

8          In opposition to the Plaintiffs' motion, however, defense counsel proffer they
9  inadvertently calendared January 20, 2022, as the due date for the responses.  (Swingle Decl. ¶
10 4.)  Counsel further avers that, "[w]hile not certain, it is suspected that the response date may
11 have been calendared in accordance with California law which allows for two days for service by
12 email."  (Id.)  Further, Defendant notes that as soon as the error was brought to counsel's
13 attention, Defendant served responses.

14         The Court finds sufficient cause good cause exists to excuse Defendant's untimely
15 assertion of objections to Plaintiff's RPDs and will not deem the objections waived on this basis.

16         2.      Objections Based on Privilege

17         Discovery can be limited by the attorney work product privilege, which "protects from
18 discovery documents and tangible things prepared by a party or his representative in anticipation
19 of litigation."  In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.), 357 F.3d 900, 906 (9th
20 Cir. 2004) (citing Fed. R. Civ. P. 26(b)(3)).  However, such protection only extends to (1)
21 "documents and tangible things" (2) "prepared in anticipation of litigation or for trial" (3) "by or
22 for another party or by or for that other party's representative."  Fed. R. Civ. P. 26(b)(3).  "The
23 fact that a person is a lawyer does not make all communications with that person privileged."
24 U.S. v. Ruehle, 583 F.3d 600, 607 (9th Cir. 2009) (citations omitted.)  Nor does the privilege
25 "protect facts concerning the creation of work product or facts contained within the work
26 product."  Garcia v. City of El Centro, 214 F.R.D. 587, 591 (S.D. Cal. 2003) (citations omitted).
27 "Only when a party seeking discovery attempts to ascertain facts, "which inherently reveal the
28 attorney's mental impression," does the work product privilege extend to the underlying facts.

<u>Id.</u>

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5). "The party asserting the work product privilege bears the burden of proving that the material withheld meets the standards established for material to be classified as work product." <u>Garcia</u>, 214 F.R.D. at 591; <u>Bruno v. Equifax Info. Servs., LLC</u>, No. 2:17-cv-327-WBS-EFB, 2019 WL 633454, at *4 (E.D. Cal. Feb. 14, 2019) (citing <u>Ruehle</u>, 583 F.3d at 608). If the court finds the work product privilege applies, the burden shifts, and the party seeking the discovery must demonstrate a substantial need for the materials, and show that such materials cannot be obtained without undue hardship or by alternative means. <u>See</u> Fed. R. Civ. P. 26(b)(3).

Here, Defendant claimed attorney work product privilege (among other objections) in identical responses to Plaintiffs' RPD Nos. 40–61, which seek "ALL DOCUMENTS, COMMUNICATIONS, records, writing, reports, e-mail AND other electronic communications in YOUR possession AND control which support the contentions made" in each of Defendant's twenty-two affirmative defenses.[4] (ECF No. 32-1 at 50–56.)

Yet Defendant did not produce a privilege log with its responses. Therefore, Defendant has not met its burden under Rule 26(b)(5) to establish the privilege. <u>Garcia</u>, 214 F.R.D. at 591; <u>Bruno</u>, 2019 WL 633454, at *4 (citing <u>Ruehle</u>, 583 F.3d at 608); <u>see also</u> <u>Burlington</u>, 408 F.3d at 1149 (on RPDs, noting boilerplate objections are insufficient to assert a privilege).

---

[4] The Court additionally notes Defendant objected to RPD Nos. 38 and 39 on the basis that the request "improperly calls for the disclosure of privileged information," without specifying what privilege was being invoked. (ECF No. 32-1 at 49–50.) RPD Nos. 38 and 39 seek documents relating to grievances or complaints against the County relating to behavior similar to that alleged in the instant action. (<u>See</u> <u>id.</u>) While Plaintiffs only expressly take issue with the objections purportedly based on attorney-client and work product privilege, these vague and unspecified privilege objections are also insufficient for the reasons detailed herein and must be equally addressed by Defendant in its amended responses.

1    Nevertheless, in the interest of fairness, the Court acknowledges that ordering Defendant

2    to produce material protected by attorney-client privilege or the work product doctrine could

3    result in extreme prejudice to Defendants. The Court does not wish to unduly punish Defendants

4    for the apparent failings of their attorney. Accordingly, in producing amended responses, the

5    Court will permit Defendant to either produce a privilege log in compliance with the Federal

6    Rules of Civil Procedure concurrently with its responses or produce the documents without

7    asserting the privilege.

8    3.    Improper General Objection

9    Finally, Plaintiff argues Defendant improperly incorporated "General Objections" into all

10   its responses and applied the same "unmeritorious objections" in response to all RPDs.

11   Defendant's three-page opposition, the argument for which is repeated in the parties' separately-

12   filed joint statement, does not address Plaintiffs' motion with respect to the boilerplate objections

13   issue in any manner. (See generally ECF Nos. 34, 35.)

14   Responses to requests for production "must be complete, explicit and responsive. If a

15   party cannot furnish details, he should say so under oath, say why and set forth the efforts he

16   used to obtain the information. He cannot plead ignorance to information that is from sources

17   within his control." Hash v. Cate, No. C 08-03729 MMC (DMR), 2012 WL 6043966, at *2

18   (N.D. Cal. Dec. 5, 2012); see also Louen v. Twedt, 236 F.R.D. 502, 505 (E.D. Cal. 2006) (the

19   requesting party "is entitled to individualized, complete responses to each of the requests . . . ,

20   accompanied by production of each of the documents responsive to the request, regardless of

21   whether the documents have already been produced."); Burnett v. U.S., No. EDCV 15-1707-

22   CAS (KKx), 2016 WL 3392263, at *6 (C.D. Cal. Jun. 14, 2016) ("Plaintiff has a duty to

23   undertake a diligent search and reasonable inquiry in order to adequately respond to requests for

24   production."); Ransom v. Marquez, No. 1:10-cv-00397-AWI-GS-PC, 2015 WL 2380860, at *5

25   (E.D. Cal. May 18, 2015) ("In responding to discovery requests, a reasonable inquiry must be

26   made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the

27   responding party should so state with sufficient specificity to allow the Court to determine

28   whether the party made a reasonable inquiry and exercised due diligence.").

1    In fact, the Court finds the objections appear boilerplate, as they are nearly identical in

2    response to each RPD, and with the result that Defendant did not produce any responsive

3    documents with its responses to Plaintiffs' RPDs.  More specifically, the Court notes Defendant

4    provides the exact same objections in each response to Plaintiffs' RPDs:

5            This request is objected to on the basis that it is vague, ambiguous,
         overbroad and unintelligible as phrased.  This request is also
6            objected to on the basis that it seeks information that is neither
         relevant to nor is reasonably calculated to lead to the discovery of
7            admissible evidence. . . .

8    (ECF No. 32-1 at 34–50 (responses to RPD Nos. 1–39).)  With respect to RPD Nos. 3, 6, 9, and

9    20, and solely on the basis of these objections, Defendant refuses to produce any documents,

10   stating, "Without waiving those objections and, after a reasonable search and diligent inquiry,

11   responding party is unaware of any documents responsive to this request at the present time.

12   Discovery is continuing and responding party reserves its right to amend this response at a later

13   date."  (Id. at 34–37, 42.)  Conversely, with respect to RPD Nos. 1–2, 4–5, 7–8, 10–19, and 21–

14   23, Defendant agrees to produce documents, stating, "Without waiving those objections and,

15   after a reasonable search and diligent inquiry, responding party will comply with this request by

16   producing all responsive documents in its possession.  Discovery is continuing."  (Id. at 34–43.)

17   Though, as noted, Defendant has not yet identified or produced the actual documents.

18       The remainder of Defendant's responses incorporate the above-quoted objections with

19   additional boilerplate objections.  For example, in response to Plaintiff's requests pertaining to

20   communications between Defendants and various health facilities about the Plaintiffs (RPD Nos.

21   24–37),[5] Defendant add the objections that it is "unable to comply with this request as phrased"

22   and that "this request is objected to on the grounds that it violates F.R.C.P. 34 in that it is

23   directed to each and every department of the County of Stanislaus, which renders this request

24   hopelessly overbroad [and] . . . is not limited to a reasonable time."[6]  (Id. at 43–49.)  Similarly,

25   Defendant's responses to RPD Nos. 38–61 assert the aforementioned objections plus invoke

26   [5] RPD Nos. 36 and 37 seek communications to and from the Plaintiffs.

27   [6] It bears mentioning that the relevant time period Plaintiffs identified as pertaining to each of their requests "is the
     period of January 1, 2018, through the date of response/production pursuant to this Request for Production of
28   Documents," a period to date of less than five years.  (See id. at 11–12.)

13

1   privilege without a privilege log, as previously discussed.  (<u>Id.</u> at 49–56.)

2          The Court  admonishes Defendant that boilerplate objections do not suffice, are not well-

3   received by this Court, and will usually be met with boilerplate overrulings.  See, e.g., Fed. R.

4   Civ. P. 34(b)(2)(B), (C); <u>Burlington</u>, 408 F.3d at 1149 (boilerplate objections are insufficient to

5   assert a privilege); <u>Paulsen v. Case Corp.</u>, 168 F.R.D. 285, 289 (C.D. Cal. 1996) (finding

6   objections of "overbroad, unduly burdensome, unduly redundant to other discovery, oppressive,

7   calls for narrative.  Discovery has only just begun" were general or boilerplate objections,

8   "which are not proper objections."); <u>McLeod, Alexander, Powel & Apffel, P.C. v. Quarles</u>, 894

9   F.2d 1482, 1485 (5th Cir. 1990) (objections that requests were overly broad, burdensome,

10  oppressive, and irrelevant were insufficient to meet party's burden to explain why discovery

11  requests were objectionable); <u>Panola Land Buyers Ass'n v. Shuman</u>, 762 F.2d 1550, 1559 (11th

12  Cir. 1985) (conclusory recitations of expense and burdensomeness are not sufficiently specific to

13  demonstrate why discovery is objectionable).

14         The Court finds Defendant's use of such boilerplate objections particularly egregious

15  where Plaintiffs granted Defendant two extensions of time to produce responses, and at the end

16  of that time, Defendant not only failed to timely respond, but also only produced responses with

17  the aforementioned boilerplate objections and zero documents (the documents purportedly being

18  provided over a month later).  Nor is it apparent that Defendant knew which documents were and

19  were not responsive to Plaintiff's requests at the time it served responses with only objections, as

20  defense counsel acknowledges that, at the time the responses were served on Plaintiffs, the

21  documents themselves "were still being compiled."  (Swingle Decl. ¶ 5.)

22         On this record, it is not apparent that Defendant made a reasonable inquiry and exercised

23  due diligence in responding to Plaintiff Beard's RPDs, in compliance with Rule 26(g)(1).  For

24  these reasons, Plaintiff's motion to compel shall be granted.  Defendant shall be required to

25  produce amended responses, without objections, except as to the responses in which the

26  attorney-client privilege was invoked; those responses shall be amended consistent with the

27  Court's order at subsection B.2.

28  ///

C.      **Sanctions**

If a motion to compel discovery is granted, the Court must order the "party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).  If the motion is denied, the court must "require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," however the court "must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(B).  Where the motion is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C).

Furter, if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, which may include: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."  Fed. R. Civ. P. 37(b)(2)(A).  "Instead of or in addition to the [other sanctions outlined in the Rule,] the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).

Here, Plaintiffs seek attorneys' fees in the amount of $4,775.00, which covers not only

the costs of bringing the instant motion but also certain meet and confer efforts, such as the informal discovery dispute conference.  The fees are further broken down in the billable hours spreadsheet (ECF No. 32-1 at 69–71), indicating almost 1.5 hours of attorney time was spent, at a rate of $700 per hour (totaling $910.00), and approximately 25.9 hours of paralegal time (totaling $3,865.00).  While Plaintiffs do not provide the exact paralegal rate, it appears the rate is approximately $150.00 per hour.  (ECF No. 32 at 11; ECF No. 32-1 at 69–71.)

Defendant opposes an award of attorney's fees on the basis that it acted in good faith in producing the responsive documents by mail on February 28, 2022, and had no reason to know that Plaintiffs did not receive that original production until Plaintiffs filed the instant motion to compel on June 22.  Furthermore, as soon as Defendant learned that Plaintiffs had not received its initial production, Defendant re-served the documents via flash drive through the US Mail on June 23, 2022.  (ECF No. 34 at 2; Swingle Decl. ¶¶ 6–9.)  Defendant argues Plaintiffs were not prejudiced by the two-day delay in providing responses (referring to the written responses without documents served on January 20 instead of January 18); and that the documents were produced on February 28.  (Swingle Decl. ¶ 9.)

Despite finding the two-day calendaring error sufficient good cause to excuse Defendant's untimely responses on January 20, however, the court cannot agree that the failure to produce any responsive documents until February 28 was substantially justified so as to preclude an award of attorneys' fees.  Defendant has provided no explanation for the failure to produce documents with its responses to Plaintiffs' RPDs on January 20, nor is there any indication Defendant sought or was granted an additional extension of time to produce the documents on February 28.  Moreover, the Court does not find Defendant made a reasonable inquiry and exercised due diligence in responding to Plaintiff Beard's RPDs in compliance with Rule 26(g)(1) when, after receiving extensions of time to produce responses, Defendant only responded with boilerplate objections and no documents, and thereafter did not produce any documents until over a month later.  As a result of Defendant's conduct, Plaintiffs were prejudiced (in the form of delayed responses and actual production of documents).  Accordingly, sanctions are warranted.

Having determined that an award of some reasonable expenses is warranted, the Court now turns to calculate appropriate and reasonable attorneys' fees.  "[U]nder federal fee shifting statutes the lodestar approach is the guiding light in determining a reasonable fee."  Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1176 (9th Cir. 2010) (internal punctuation and citations omitted); see also Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc., No. 17CV1943-LAB-LL, 2019 WL 3769191 (S.D. Cal. Aug. 9, 2019) (applying lodestar to calculate reasonable attorneys' fees under Rule 37)(b)(2)(C) for failure to comply with discovery order). The Ninth Circuit has explained the lodestar approach as follows:

> The lodestar/multiplier approach has two parts.  First a court determines the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed.  A district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary.  Second, a court may adjust the lodestar upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar.  The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high.

Van Gerwin v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (internal citations and punctuation omitted).

Under the lodestar method, the Court will first determine the appropriate hourly rate for the work performed, and that amount is then multiplied by the number of hours properly expended in performing the work.  Antoninetti, 643 F.3d at 1176.  The district court has the discretion to adjust the number of hours claimed or the lodestar, but is required to provide a clear but concise reason for the fee award.  Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). The lodestar amount is to be determined based upon the prevailing market rate in the relevant community.  Blum v. Stenson, 465 U.S. 886, 896 (1984).

1.    Reasonable Hourly Rates

The lodestar amount is to be determined based upon the prevailing market rate in the

relevant community, Blum, 465 U.S. at 896 (1984), which in this matter is the Fresno Division of the Eastern District of California.  "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum, 465 U.S. at 895 n.11.

Here, as noted, Plaintiffs indicate an attorney fee rate of $700.00 per hour and a paralegal rate of approximately $150.00 per hour.  (See ECF No. 32 at 11; ECF No. 32-1 at 69–71.) However, the declaration of counsel does not provide any information to support a finding that $700.00 per hour is a reasonable rate under the circumstances of this case.[7]  For example, counsel notes he is licensed to practice before all superior courts of the State of California, all Ninth Circuit District Courts and is a member in good standing to the bar to the U.S. Supreme Court (Powell Decl. ¶ 1), but he does not indicate how many years he has been practicing law, what area/s he has practiced in, or any other experiential information that would assist the Court in determining a reasonable lodestar amount.  Nor has counsel presented caselaw regarding the prevailing market rate in the relevant community which, in this matter, is the Fresno Division of the Eastern District of California.  At most, Plaintiffs identify one case in which Plaintiffs' counsel was awarded fees at the hourly rate of $700.00.  (ECF No. 32 at 11 n.4 (citing Ex. F, Steward v. Cnty. of Santa Clara, No. 18-cv-04119-SI (N.D. Cal. Jan. 10, 2022), ECF No. 32-1 at 64–67).)  However, the Court remains unpersuaded that this single case, which arises from the Northern District of California, is indicative of the reasonable rates for services in the Fresno Division of the Eastern District of California.  Thus, the Court relies on its own knowledge of customary legal local rates and experience with the legal market in setting a reasonable hourly rate.  Ingram v. Oroudjian, 647 F.3d 925, 926 (9th Cir. 2011).

---

[7] In his declaration, Mr. Powell states "It is important in the context of requesting attorneys fees and/or sanctions in this motion to advise the court that the undersigned until recently has been handling six lawsuits against Stanislaus County and its social workers, though one recently settled and has been closed, and another has been consolidated. Problems of the nature complained of in this motion to compel have occurred to some degree or another in every single one.  (Powell Decl. ¶ 4.)  The Court is not unsympathetic to counsel's experiences during protracted disputes with opposing counsel; however, this statement is insufficient for the Court to assess Mr. Powell's experience as an attorney so as to establish a reasonable fee pursuant to the lodestar approach.

In the Fresno Division of the Eastern District of California, across a variety of types of litigation generally, attorneys with experience of twenty or more years of experience are awarded $325.00 to $400.00 per hour, attorneys with ten to twenty years of experience are awarded $250.00 to $350.00 per hour, attorneys with five to ten years of experience are awarded $225.00 to $300.00 per hour, and less than $200.00 per hour for attorneys with less than five years of experience. See In re Taco Bell Wage & Hour Actions, 222 F. Supp. 3d 813, 839 (E.D. Cal. 2016) (noting attorneys in Fresno Division with twenty or more years of experience are awarded $350.00 to $400.00 per hour, and attorneys with less than fifteen years of experience are awarded $250.00 to $350.00 per hour); Garcia v. FCA US LLC, No. 1:16-cv-0730-JLT, 2018 WL 1184949, at *6 (E.D. Cal. Mar. 7, 2018) (awarding $400.00 per hour to attorney with nearly thirty years of experience; $300.00 per hour to attorney with nearly fifteen years of experience; $250.00 per hour to attorney with ten years of experience; $225.00 per hour to attorneys attorney with five years of experience; and $175.00 per hour to attorney with less than five years of experience); Mike Murphy's Enterprises, Inc. v. Fineline Indus., Inc., No. 1:18-cv-0488-AWI-EPG, 2018 WL 1871412, at *3 (E.D. Cal. Apr. 19, 2018) (awarding attorney with over twenty years of experience the $325.00 per hour requested, the $300.00 per hour requested by attorney with nearly twenty years of experience, and attorney with seven years of experience the requested $250.00 per hour); TBK Bank, SSB v. Singh, No. 1:17-cv-00868-LJO-BAM, 2018 WL 1064357, at *8 (E.D. Cal. Feb. 23, 2018), report and recommendation adopted, No. 1:17-cv-00868-LJO-BAM, 2018 WL 3055890 (E.D. Cal. Mar. 21, 2018) (awarding attorneys with over thirty-five years of experience $400.00 per hour, attorney with twenty years of experience $350.00 per hour; and attorney with ten years of experience $300.00 per hour); Phillips 66 Co. v. California Pride, Inc., No. 1:16-cv-01102-LJO-SKO, 2017 WL 2875736, at *16 (E.D. Cal. Jul. 6, 2017), report and recommendation adopted, No. 1:16-cv-01102-LJO-SKO, 2017 WL 3382974 (E.D. Cal. Aug. 7, 2017) (awarding attorney with twenty-years of experience $400.00 per hour); Roach v. Tate Publ'g & Enters., No. 1:15-cv-00917-SAB, 2017 WL 5070264, at *10 (E.D. Cal. Nov. 3, 2017) (awarding attorney with sixteen years of experience $325.00 per hour in copyright action); Sanchez w. Frito-Lay, Inc., No. 1:14-cv-00797-AWI-MJS, 2015 WL 4662636, at *18

1    (E.D. Cal. Aug. 5, 2015) (in a wage and hour class action finding reasonable rate of $350.00 per
2    hour for attorneys with more than twenty years of experience and $275.00 per hour for attorney
3    with fourteen years of experience).  Recently, this Court approved attorneys' fees in an FLSA
4    action that totaled approximately thirty-one percent (31%) of the common fund, and in
5    performing a lodestar cross-check, found the corresponding rates of $450.00 per hour for a
6    partner with nineteen years of experience, $400.00 per hour for a senior associate attorney with
7    an unspecified amount of years of experience, and a rate of $325.00 per hour for an associate
8    with eight years of experience, to be reasonable.  Englert v. City of Merced, No. 1:18-cv-01239-
9    NONE-SAB, 2020 WL 2215749, at *13 (E.D. Cal. May 7, 2020).

10          Accordingly, based on the absence of supporting information and the Court's own
11    familiarity with the relevant legal market, the Court finds a reasonable rate for the services of
12    attorney Robert Powell is $350.00 per hour.

13          Similarly, Plaintiffs do not provide any declarations or other supporting evidence to
14    establish that $150.00 is a reasonable paralegal rate for this matter, even though the billable
15    spreadsheet indicates three different paralegals worked on the instant matter.  (See ECF No. 32-1
16    at 69–71.)  However, the Court has, in many instances, determined that $115.00 is a reasonable
17    paralegal rate and shall apply that rate here, in the absence of any supporting evidence from
18    Plaintiffs.  See Trujillo v. Singh, No. 1:16-cv-01640-LJO-EPG, 2017 WL 1831941, at *3 (E.D.
19    Cal. May 8, 2017); accord, e.g., Trujillo v. GH Food Mart, Inc., No. 1:20-cv-00368-AWI-SKO,
20    2020 WL 4697139, at *7 (E.D. Cal. Aug. 13, 2020); Trujillo v. La Valley Foods, Inc., No. 1:16-
21    cv-01402-AWI-BAM, 2017 WL 2992453, at *5 (E.D. Cal. Jul. 14, 2017); Trujillo v. Lakhani,
22    No. 1:17-cv-00056-LJO-SAB, 2017 WL 1831942, at *7 (E.D. Cal. May 8, 2017).

23          2.    Reasonable Number of Hours

24          As noted, Plaintiffs seek attorneys' fees in the amount of $4,775.00, which covers not
25    only the costs of bringing the instant motion but also certain meet and confer efforts, a total of
26    approximately 1.5 attorney hours and 25.9 paralegal hours.  It appears Plaintiffs seek to recover
27    fees for the entirety of entries provided on the billable hours spreadsheet (ECF No. 32-1 at 69–
28    71).  The Court finds the attorney time spent is reasonable, but the paralegal time billed is

excessive, as follows.

Attorney Powell spent .5 hours reviewing the motion to compel drafted by his paralegals, and 1 hour in meet and confer efforts—which consist of .2 hours drafting an email to defense counsel, and .3 hours attending the March 24, 2022 meet and confer phone conference, and .3 hours reviewing emails and documents. The Court finds these amounts are reasonable.

However, the Court finds the paralegal time billed—25.9 hours—is excessive.  Notably, the instant discovery dispute does not involve detailed, substantive arguments regarding the sufficiency of several varied discovery responses and objections, but concerns the failure to produce any documents, the use of boilerplate and general objections in the responses, and the contention that objections are waived because the responses were two days late.   Yet the paralegals billed over 22.0 hours for drafting the seven-page motion; the Court finds this amount of time excessive and shall reduce it to 12.0 hours.  As to the meet and confer efforts, the Court finds some of the work identified by the paralegals appears duplicative and therefore excessive. For example, two of the three paralegals both billed for the time they spent attending the June 24, 2022 meet and confer telephonic conference—which also overlaps with the time billed by attorney Powell—and then also billed for the time to draft memorandum notes about the meeting.  Similarly, the three paralegals all bill time for various communications they engaged in with attorney Powell and each other regarding the limited meet and confer communications that actually occurred in this case and review/drafting memorandum therefrom.  The Court finds these entries are excessive and shall reduce times billed from 3.9 hours to 2.1 hours.  Thus, the Court finds 14.1 hours is reasonable for the paralegals' work on this discovery issue.

3.    Reasonable Attorneys' Fee Award

The Court finds that: (1) attorney Robert Powell reasonably expended 1.5 hours at a reasonable rate of $350.00 per hour, for a total of $525.00; and (2) paralegals Mari Carrington, Sarah Paulson, and Sean Reichhold reasonably expended a combined total of 14.1 hours in this action, at a reasonable rate of $115.00 per hour, for a total of $1,621.50.  Accordingly, the Court finds that Plaintiffs are entitled to attorneys' fees in the amount of $2,146.50.

///

**IV.**

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      The hearing on Plaintiffs' motion to compel set for July 13, 2022, at 10:00 a.m. is hereby VACATED;

2.      Plaintiffs' motion to compel Defendant County of Stanislaus's production of documents (ECF No. 32), is GRANTED in part and DENIED in part;

3.      Defendant is ordered to produce amended responses and responsive documents to Plaintiff Shane Beard's Requests for Production, Set One, without objections, except for any re-asserted objections based on the attorney-client privilege;

4.      Any objections based on the attorney-client privilege shall be accompanied by a privilege log, in compliance with the Federal Rules of Civil Procedure;

5.      The responses and responsive documents shall be served **no later than August 11, 2022**; and

6.      **No later than August 11, 2022**, defense counsel shall pay Plaintiffs' counsel the sum of $2,146.50 for expenses incurred in bringing this motion, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

IT IS SO ORDERED.

Dated:   **July 12, 2022**

UNITED STATES MAGISTRATE JUDGE

22