# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE BEARD, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>        Defendants. | Case No. 1:21-cv-00841-ADA-SAB<br><br>ORDER REQUIRING DEFENDANTS TO FILE AN OPPOSITION OR STATEMENT OF NON-OPPOSITION TO PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME FOR EXPERT WITNESS DISCLOSURES AND DATES RELATED THERETO<br><br>(ECF No. 42)<br><br>**DEADLINE: OCTOBER 5, 2022** |

Plaintiffs Shane Beard, Hilda Perez, and N.P.'s (collectively, "Plaintiffs") initiated this action on May 24, 2021. (ECF No. 1.) On September 26, 2022, Plaintiffs filed an "ex parte motion for miscellaneous administrative relief; extension of time for expert witness disclosures and dates related thereto," which they appear to bring pursuant to Local Rules 144 and 233, and this Court's standing order.[1] (ECF No. 42 at 6–7 (caption capitalizations removed).)

"The expression '*ex parte* motion' is a term of art. In its pure form it means a request a party makes to the court without any notice to the other side." Mission Power Eng'g Co. v.

---

[1] The Court notes the hearing on Plaintiffs' motion was originally set for October 17, 2022 before District Judge Ana de Alba, although the matter is properly set before this Court. Further, the reference to "ex parte" is not a proper designation as this is a motion which must be noticed to the opposing side and set consistent with the Court's Local Rules, as discussed herein.

1

1 Cont'l Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995).  "*Ex parte* relief is generally disfavored
2 when relief may be had through a regularly noticed motion." Hufnagle v. Rino Int'l Corp., No.
3 CV 10-08695 DDP (VBKx), 2012 WL 6553743, at *1 (C.D. Cal. Dec. 14, 2012).

4      Courts will consider an *ex parte* motion where "the moving party's cause will be
5 irreparably prejudiced if the underlying motion is heard according to regular noticed motion
6 procedures." Mission Power Eng'g Co., 883 F. Supp. at 492.  The *ex parte* request must be
7 accompanied by a separate proposed motion for the relief the party is seeking and papers
8 identical to what would be filed with a regular noticed motion. Id.  To justify *ex parte* relief,
9 "the evidence must show that the moving party's cause will be irreparably prejudiced if the
10 underlying motion is heard according to regular noticed motion procedures." Id.  Additionally,
11 "it must be established that the moving party is without fault in creating the crisis that requires *ex*
12 *parte* relief, or that the crisis occurred as a result of excusable neglect." Id.

13      The current deadline for expert disclosures is September 30, 2022, and the deadline for
14 supplemental/rebuttal disclosures is November 4, 2022.  (See ECF Nos. 21, 39.)  In the instant
15 application, Plaintiffs concede "a proverbial 'dropping of the ball' occurred due in large part to
16 an employee of Plaintiffs' counsel's firm" failing to gather and provide case-related materials to
17 Plaintiffs' designated expert to timely review prior to the discovery deadline.  (See ECF No. 42
18 at 3.)  Plaintiffs then indicate they mistakenly requested Defendants to stipulate to a twenty-one-
19 day extension of the deadlines on September 20, but thereafter realized a thirty-day-extension
20 was required and communicated this request to Defendants as well.  Defendants agreed only to
21 the twenty-one-day extension, resulting in the instant application.

22      Based on the foregoing, the Court is unpersuaded that *ex parte* relief is warranted at this
23 time.  Plaintiffs indicate they "elected to file this Motion for Administrative Relief as an 'Ex-
24 Parte' Motion for Administrative Relief" due to "confusion on 'which way to go' " with respect
25 to seeking an extension of the September 30 deadline and compliance with the Local Rules.
26 (ECF No. 42 at 6.)  However, if such a crisis exists, Plaintiffs' remedy would be to file a noticed
27 motion in compliance with the Local Rules and an application to shorten time for hearing the
28 motion.  Moreover, the Court notes the hearing previously set before Judge de Alba was set for

October 17, 2022, a date which falls after the discovery deadline. Therefore, the Court shall order Defendants to file an opposition or statement of non-opposition forthwith. Alternatively, the parties may stipulate to a modification of the schedule.

Accordingly, IT IS HEREBY ORDERED that: **no later than October 5, 2022**, Defendants shall file an opposition or statement of non-opposition to Plaintiffs' ex parte motion. If Defendants file an opposition to the ex parte motion, Plaintiffs may file a reply no later than **October 11, 2022**. Defendants are advised that failure to comply with this order will be construed as a statement of non-opposition to Plaintiffs' motion.

IT IS SO ORDERED.

Dated: __**September 27, 2022**__

UNITED STATES MAGISTRATE JUDGE