# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE BEARD, et al., | Case No. 1:21-cv-00841-ADA-SAB |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS |
| v. | |
| COUNTY OF STANISLAUS, et al., | ORDER VACATING FEBRUARY 15, 2023 HEARING |
| Defendants. | (ECF Nos. 59, 61, 62, 63) |

Currently before the Court is Plaintiffs Shane Beard, Hilda Perez, and N.P.'s (collectively, "Plaintiffs") motion to compel Defendant County of Stanislaus ("Defendant")[1] to produce documents in response to Plaintiff Beard's requests for production, set three ("RPD3"). (ECF No. 59.) Defendant filed an opposition and Plaintiffs filed a unilateral statement of discovery dispute on February 1, 2023. (ECF Nos. 61, 62.) The parties filed a joint statement of discovery disagreement on February 2, 2023. (ECF No. 63.) The Court finds this matter suitable for decision without oral argument and the parties will not be required to appear on February 15, 2023. See Local Rule 230(g). For the reasons explained herein, Plaintiffs' motion shall be denied, without prejudice to refiling, if necessary, after the parties have appropriately met and conferred. The

---

[1] The Court notes multiple defendants have been named in this action. However, the instant motion to compel is directed only at Defendant County of Stanislaus, which shall be referred to herein as "Defendant" for purposes of this motion only.

1

parties' cross-requests for sanctions shall also be denied.

# I.

# BACKGROUND

### A. Factual Background and Pleading Allegations

Plaintiff N.P. is the son of Plaintiffs Beard and Perez. Non-party minors A.S., C.P., V.P., and D.P. are the children of Perez and other partners. At all relevant times, Beard and Perez lived in separate residences, and N.P. lived primarily with Perez.

On July 12, 2019, a social services referral was generated. The reporting party alleged that A.S. reported he was touched inappropriately in the shower by V.P., and that V.P. and C.P. hit him on the head but Perez did nothing about it. An investigation ensued, with the end result that on July 19, 2019, N.P. was removed from Beard's custody and on July 24, 2019, the juvenile court determined at a detention hearing that N.P. needed continued detention. An amended juvenile dependency petition was filed on August 16, 2019. The juvenile case eventually concluded on April 15, 2020.

Plaintiffs allege the individual Defendant social workers fabricated information, generally misrepresented the situation, and withheld exculpatory information during their investigation and in their reports and warrant application, notably that N.P. was not involved in the aforementioned situation, was no longer living with V.P. and C.P., and was not in any danger and therefore should not have been removed from Beard's custody. Plaintiffs further allege Defendant County of Stanislaus promulgates unconstitutional policies and fails to properly train its social workers.

### B. Procedural Background

Plaintiffs initiated this action against Defendant County of Stanislaus and Defendant social workers Eric Anderson, April Cobbs, Mariela Gomez, David Granados, Stephanie Herrera, Shari Johnson, Shynelle Jones, and Gloria Solorio on May 24, 2021. (ECF No. 1.) The complaint asserts federal and state claims against Defendants for violations of the Fourth and Fourteenth Amendments, Monell liability, intentional infliction of emotional distress, false imprisonment, and violations of the Bane Act. A scheduling order issued on October 27, 2021 (ECF No. 21), which was modified on July 13, 2022 (ECF No. 39), October 6, 2022 (ECF No. 46), and November 16,

2022 (ECF No. 52). A protective order was entered on March 31, 2022. (ECF No. 23.)

Notably, the Court modified the schedule on November 16, 2022 in response to Plaintiffs' unopposed motion to reopen discovery and extend the non-expert discovery deadline to January 16, 2023, "for the limited purpose" of permitting the parties to resolve two discovery issues: (1) to allow the parties to litigate the issue of whether the County disobeyed a discovery order in failing to produce C.A.I.R.E. Center documents; and (2) to litigate the issue of County's refusal to produce unredacted documents it had previously agreed to produce. (ECF Nos. 49, 52.) Plaintiffs filed this motion to reopen discovery on October 31, 2022. (ECF No. 49.) As relevant here, the unredacted documents described in Plaintiffs' motion to reopen discovery are the same contested documents that are the subject of the instant motion to compel. (See id. at 7–8.) The Court did not grant leave at that time—nor did the parties seek any—to conduct any other type of non-expert discovery. Accordingly, with respect to all other fact-discovery matters, the cutoff date remained set as August 31, 2022. (See ECF No. 39.)

Of particular importance to the instant matter, the Court notes the scheduling order expressly addresses the discovery plan and cutoff dates:

> The parties are cautioned that the discovery/expert cut-off deadlines are the dates by which all discovery must be completed. Absent good cause, discovery motions will not be heard after the discovery deadlines. Moreover, absent good cause, the Court will only grant relief on a discovery motion if the relief requested requires the parties to act before the expiration of the relevant discovery deadline. In other words, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel. Counsel are expected to take these contingencies into account when proposing discovery deadlines. **Compliance with these discovery cutoffs requires motions to compel be filed *and heard* sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.**

(ECF No. 21 at 2–3 (emphases added and in original).)

Thus, pursuant to the operative, modified scheduling order, limited-purpose discovery closed January 16, 2023; the initial and supplemental expert disclosure deadlines have passed;

expert discovery closed on December 31, 2022; the dispositive motion deadline expired on February 13, 2023; and a pretrial conference is currently set for June 12, 2023, though it remains set before District Judge Drozd. (See ECF Nos. 21, 39, 46, 52.)

As noted, Plaintiffs filed the instant motion to compel on January 12, 2023. (ECF No. 59.) Defendants opposed the motion and Plaintiffs filed a unilateral statement of discovery dispute on February 1, 2023 (ECF Nos. 61, 62); the parties filed a joint statement of discovery dispute on February 2, 2023 (ECF No. 63); and the hearing on Plaintiffs' motion is set to be heard on February 15, 2023—all dates occurring after the January 16 discovery cutoff.

### C. Discovery Dispute and Meet and Confer Efforts

The instant discovery issue pertains to certain contested redactions in Defendant's production of Emergency Response Referral Information ("ERRI") documents. As described by Plaintiffs, these are forms filled out by social workers at a "hot line" when receiving referrals or reports of child abuse from child abuse reporters. Certain initials are included in each entry of reported abuse, which Plaintiffs contend are not the initials of the reporting party, but abbreviations to indicate what kind of reporter the social worker was interacting with: a "reporting party" ("RP"), a "mandated reporting party" ("MRP"), or a "mandated reporter" ("MR"). (ECF No. 59 at 3; Decl. of Robert R. Powell in Support of Pls.' Mot. to Compel ("Powell Decl.") ¶¶ 3–4, 7–8, ECF No. 59-1; Dep. of Def. April Cobbs ("Cobbs Dep."), Ex. A, ECF No. 59-1 at 7–12.) In Defendant's production, these abbreviations are redacted. Plaintiffs move to compel production of these documents in which the abbreviations are not redacted.

On August 23, 2022, Plaintiffs' Counsel emailed Defense Counsel to point out the at-issue redactions by attaching to the email the first page of numerous ERRIs which included the redactions. (Powell Decl. ¶ 5.) Plaintiffs' Counsel described this issue as "an issue he brought to Defense counsel's attention in the deposition of Stanislaus County Social Worker April Cobbs,"[2] and asserted the entries of "RP" and "MRP" are unnecessarily redacted in the referrals. (Decl. of Bradley J. Swingle in supp. of opp'n to mot. to compel ("Swingle Decl.") ¶ 3; ECF No. 61-1 at 1–

---

[2] The Court notes the certified transcript of the deposition of Ms. Cobbs indicates the deposition was taken on August 10, 2022, and certified by the court reporter on August 16, 2022. (See Cobbs Dep., ECF No. 59-1 at 8–12.)

4

5.) Defense Counsel proffers he "took this to mean that the Plaintiffs want the identities of these individuals." (ECF No. 61 at 2; Swingle Decl. ¶ 3.)

On August 31, 2022, Plaintiffs' Counsel emailed Defense Counsel a second time to request unredacted documents. (Powell Decl. ¶ 6; Ex. B, ECF No. 59-1 at 15–16.) Again, the Court notes that fact-discovery closed on August 31, 2022, pursuant to the scheduling order in effect at that time, and was not reopened until the November 16, 2022 modification order. (See ECF Nos. 39, 52.) Meanwhile, however, on September 6, 2022, Defense Counsel replied to Plaintiffs' Counsel, agreeing to produce to Plaintiffs unredacted first pages of specific ERRIs. (Powell Decl. ¶ 9; Ex. B, ECF No. 59-1 at 15.) At this time, Defense Counsel proffers he made an inquiry with Defendants to provide Plaintiffs' counsel the unredacted RP and MRP portions, but still understood this to mean Plaintiffs sought the identities of the reporting persons. (Swingle Decl. ¶ 5.)

Plaintiffs' Counsel sent a follow up email on September 16, 2022. (Powell Decl. ¶ 10; Ex. B, ECF No. 59-1 at 15.) On September 23, 2022, Defense Counsel replied that he was still waiting for the documents as the person who usually handles the matter had recently moved and it was taking longer than normal, but the unredacted documents were forthcoming and would be provided "as soon as they are received." (Powell Decl. ¶ 10; Ex. B, ECF No. 59-1 at 14; Swingle Decl. ¶ 6.) Thereafter, however, Defense Counsel met with various County employees and it was agreed that Plaintiffs' request sought disclosure of privileged reporter information in violation of the Penal Code, and that Defendant would not agree to reveal the identities of these individuals. (Swingle Decl. ¶ 7.)

On October 17, 2022, Defense Counsel informed Plaintiffs that Defendant would not be producing the unredacted ERRIs, on the basis that disclosure would violate California's laws against the disclosure of identifying information of mandated reporters, specifically Cal. Pen. Code § 11167(d)(1). (Powell Decl. ¶ 11; Ex. B, ECF No. 59-1 at 14; Swingle Decl. ¶ 8.) Defense Counsel stated the redactions would not be made absent a court order and/or an appropriate protective order, and also indicated Defendant would not oppose a motion by Plaintiffs seeking to remove the redactions. (See id.) On October 31, 2022, Plaintiffs filed their motion to reopen

discovery to permit the parties to litigate the issue of County's refusal to produce the unredacted ERRIs, "which the County had already previously agreed to." (ECF No. 49 at 7–18; Decl. of Robert R. Powell in Support of Pls.' Mot. to Reopen Disc. ("Powell-2 Decl.") ¶¶ 16–21, ECF No. 49-1 at 1–6.) As noted, Defendants did not oppose this motion (ECF No. 51), and the Court modified the scheduling order to reopen discovery for this limited purpose on November 16, 2022 (ECF No. 52).

On December 6, 2022, Plaintiffs formally requested the unredacted ERRIs pursuant to Federal Rule of Civil Procedure ("Rule") 34, with a deadline of January 10, 2023. (Powell Decl. ¶¶ 13–14; Ex. C, ECF No. 59-1 at 17–23.) RPD3 is a single request, which requests Defendants to:

> Produce ALL "Emergency Response Referral Information" DOCUMENTS regarding any children of Hilda Perez without the initials "MRP" and "RP" redacted.

(Ex. C, ECF No. 59-1 at 21.)

On January 10, 2023, Defense Counsel sent an email requesting a one-week extension (from January 10, 2023 to January 17, 2023) to respond to the request. (Powell Decl. ¶¶ 15–16; Ex. D, ECF No. 59-1 at 25.) Plaintiffs' Counsel proffers he did not immediately receive this request because he was engaged in a pre-settlement conference call for another matter at that time, and therefore did not respond to the request for an extension. (Powell Decl. ¶ 15.) Later that same day, Defendant produced a response that contained only boilerplate "general" objections and the following specific response and objections:

> This request is objected to on the grounds that it improperly calls for the disclosure of mandated reporter information in violation of [Cal.] Penal Code 11167(d)(1) and possibly other code sections, which provides that the identity of all persons who report issues of suspected child abuse or neglect shall remain confidential. Accordingly, responding party is unable to comply with this request.

(Powell Decl. ¶¶ 17–18; Ex. E, ECF No. 59-1 at 26–29; Swingle Decl. ¶ 12; Ex. 8, ECF No. 61-1 at 27–31.)

On January 11, 2023, 9:15 a.m., Plaintiffs' Counsel emailed Defense Counsel to "invoke this Court's … informal discovery process." (Powell Decl. ¶¶ 19, 21; Ex. F, ECF No. 59-1 at 33.)

In this email, Plaintiffs' Counsel explains Plaintiffs do not seek the actual identity of any of the redacted individuals, but only to have the initials "MRP" and "RP" unredacted from the documents. (Id.) Plaintiffs' Counsel next requests Defense Counsel to agree to meet and confer "now" and indicate Defendant's willingness to participate in the informal discovery process, even though "[Defense Counsel has] made clear [Defendants] refuse, so while we must meet and confer, it is in effect a mere formality given [Defendants'] position and now this specious objection. (Id.) However, Defense Counsel proffers that this is the first time that Plaintiffs tried to clarify what was being sought in RPD3. (ECF No. 61 at 4; Swingle Decl. ¶ 11.)

On January 11, 2023, 9:32 a.m., Defense Counsel emailed Plaintiffs' Counsel to note counsel and client's belief that Plaintiffs were seeking the identities of the MRPs and/or RPs, which was confidential information. (Ex. F, ECF No. 59-1 at 32.) Accordingly, Defendant requested Plaintiffs submit an amended RPD3, which clarified what the request was seeking, and indicated that Defendant would produce all responsive non-privileged documents in its possession. (Id.)

On January 11, 2023, 9:39 a.m., Plaintiffs' Counsel informed Defense Counsel that if a reply was not forthcoming within the next 20 minutes, Plaintiffs would file a discovery dispute statement or "a good old motion to compel and of course, request sanctions."[3] (ECF No. 59-1 at 32.)

Five minutes later, Defense Counsel responded, reiterating that he was unsure of what Plaintiffs were seeking, but believed the request, as he understood it, to seek the identities of the MRPs and/or RPs, which was confidential information. (Powell Decl. ¶ 20; Ex. F, ECF No. 59-1 at 31.) Defense Counsel requested Plaintiffs send an amended RPD3 to clarify what they were seeking and agreed to produce all responsive documents, if the amended request clearly sought non-privileged, discoverable documents. (Ex. F, ECF No. 59-1 at 31.) Defense Counsel's email also indicates Plaintiffs' Counsel sent a prior email via a different thread, stating Plaintiffs would issue a new request for production, but that the amended RPD3 had not yet been received. (Id.) Finally, Defense Counsel informed Plaintiffs' counsel that, if Plaintiffs filed a motion to compel

---

[3] It also appears from the email exchange that the parties disputed whether they were required to meet and confer by telephone rather than via email. (See ECF No. 59-1 at 32.) In the 9:39 a.m. email, Plaintiffs' Counsel indicates that meeting and conferring via email rather than telephonically was permissible.

despite their agreement to first serve an amended request for production, Defendant would likewise seek sanctions. (Id.)

Based on Defense Counsel's final January 11 email response, Plaintiffs proffer they believed that further attempts to meet and confer would be fruitless. (Powell Decl. ¶ 22; ECF No. 59 at 5–6.) Accordingly, on January 12, 2023, Plaintiffs filed the instant motion to compel. (ECF No. 59 at 6.)

**II.**

**LEGAL STANDARD**

Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

As relevant here, Rule 34 of the Federal Rules of Civil Procedure provides that

> A party may serve on any other party a request within the scope of Rule 26(b):
>
> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
>
> (A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. . . .

Fed. R. Civ. P. 34(a). "The party to whom the request is directed must respond in writing within 30 days after being served. . . ." Fed. R. Civ. P. 34(b)(2)(B). A party's response "may state an

objection to a requested form for producing electronically stored information. If the responding party objects to a requested form—or if no form was specified in the request—the party must state the form or forms it intends to use." Fed. R. Civ. P. 34(b)(2)(D).

Motions to compel are governed by Rule 37. A party may move for an order compelling production where the opposing party fails to produce documents as requested under Rule 34. Fed. R. Civ. P. 37(a)(3(B)(iv). Rule 37 provides in pertinent part:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
>
> **(1) In General.** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37 (emphasis in original). Rule 37 states that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The party opposing the discovery bears the burden of resisting disclosure. Bryant v. Armstrong, 285 F.R.D. 596, 600 (S.D. Cal. 2012).

A party "who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response . . . as ordered by the court." Fed. R. Civ. P. 26(e)(1)(B). If a party fails to do so, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Fed. R. Civ. P. 37(c)(1)(A)–(C).

## III.

## ANALYSIS

### A. Parties' Arguments

Plaintiffs argue the abbreviations are relevant to their claims because they intend to use the

1  unredacted ERRIs to show that allegations of abuse against Plaintiff Hilda Perez's children were
2  not being generated by Hilda, but by individuals such as mandated reporters and other "reporting
3  parties." (ECF No. 59 at 7.) Plaintiffs proffer the requested information is relevant to the instant
4  case because Defendant contends, in part, that the Plaintiff children were wrongfully removed
5  because Hilda was manufacturing abuse allegations against fathers of her other children, and that
6  Hilda was responsible for over 50 child abuse referrals. (Id.; see Powell Decl. ¶ 25.) Meanwhile,
7  Plaintiffs contend that over 30 of the alleged 53 reports were from "mandated reporters" and
8  sometimes "reporting parties," rather than Hilda. (ECF No. 59 at 7.) Plaintiffs seek to establish,
9  as part of their claims, that the County's Community Services Agency had no basis to allege that
10 Hilda was creating specious reports, and that the County had knowledge of who was offering these
11 reports. (ECF No. 59 at 7.) As to Defendant's objections to production based on § 11167(d)(1),
12 Plaintiffs argue § 11167(d)(1) states a mandated reporter's identity is confidential; whether a
13 particular statement or conclusion was uttered by a mandated reporter or reporting party, however,
14 is not confidential. (ECF No. 59 at 8.) Further, Plaintiffs argue there is no way to ascertain the
15 actual identity of the reporting person merely from the information that the reporter was either an
16 MR or an RP. (Id.)

17         In opposition, Defendant first contends the instant motion should be denied because
18 Plaintiffs failed to properly meet and confer prior to filing this motion. (ECF No. 61 at 1, 5–6.)
19 Specifically, Plaintiffs failed to meet and confer via telephone or videoconference, as required
20 under Local Rule 251(b), prior to filing the instant motion to compel. Further, Defendant maintains
21 Plaintiffs agreed to provide an amended RPD3 after Defendant raised concerns about the
22 vagueness of the request; however, instead of serving an amended RPD3 on Defendant, Plaintiffs
23 filed the instant motion to compel. (Id. at 1–2.) On this record, Defendant argues the motion was
24 prematurely filed and should be summarily denied.

25         Substantively, Defendant argues Plaintiff's RPD3 is vague and Defendant interpreted the
26 request as being something different from what Plaintiffs intended (*i.e.*, that removing the
27 redactions would violate Cal. Pen. Code § 11167(d)(1)). (ECF No. 61 at 1.) Further, Defendant
28 submits Plaintiffs' discovery requests are untimely because fact discovery closed long ago. (ECF

No. 61 at 6.) Nonetheless, Defendant proffers it remains amenable to permitting Plaintiffs to serve an amended request for production which clarifies the request.[4] (Id.)

**B.  Analysis**

Here, it is undisputed that Plaintiffs' Counsel did not engage in meet and confer communications via telephone or videoconference, but instead elected to attempt to meet and confer via electronic mail only. Plaintiffs contend this is sufficient under the local rules to satisfy the meet and confer requirement. This Court disagrees. Local Rule 251 requires:

> Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a matter mutually convenient to counsel.

E.D. Cal. L.R. 251(b). As noted in the Local Rules, a "conference" to meet and confer is required. Thus, an exchange of email communications is insufficient to meet the meet and confer requirement set forth here and may not be used as a substitution for verbal communications. Furthermore, this Court's standing orders regarding civil management procedures, available at www.caed.uscourts.gov/CAEDnew/assets/File/SAB-%20Chambers%20Information%20(March%202022)-CRD(1).pdf, provide:

> Parties must note that under the 'meet and confer' requirements, the Court requires, in addition to any written correspondence the parties may engage in (letters and/or email), that **the parties physically talk to each other** before the hearing about the discovery dispute. **This requirement can be accomplished in person, or through videoconferencing**."

United States Magistrate Judge Stanley A. Boone Civil Management Procedures, "General Civil Case Information," (last visited Feb. 8, 2023) (emphasis added); see also Evans v. City of Vallejo, No. 2:17-cv-01619 TLN AC, 2018 WL 4582605, at *2 (E.D. Cal. Sept. 25, 2018) (noting written correspondence between the parties, including email is insufficient to satisfy the parties' meet and confer obligations under Local Rule 251(b)). Furthermore, upon review of the attached email correspondences, it appears Plaintiffs also filed their initial unilateral statement of discovery dispute (ECF No. 62) prior to completion of the meet and confer process.

---

[4] The Court is amenable to a stipulated request by the parties to modify the scheduling order to reopen fact discovery for the very limited purpose here of completing the instant at-issue discovery responses.

11

"A court can deny a motion to compel solely because of a party's failure to meet and confer prior to filing the motion." Evans, 2018 WL 4582605, at *2 (citing Rogers v. Giurbino, 288 F.R.D. 469, 477 (S.D. Cal. 2012); Scheinuck v. Sepulveda, No. C 09-0727 WHA, 2010 WL 5174340, at *1–2 (N.D. Cal. Dec. 15, 2010)). Because Plaintiffs failed to engage in meet and confer communications in compliance with the Local Rules, the instant motion is premature and must be denied.[5]

Furthermore, Plaintiffs' motion is untimely. As previously noted, the scheduling order expressly requires *all* discovery—inclusive of discovery requests, meeting and conferring, any discovery motion, and the hearing on that motion—to be completed by the discovery cutoff date. (ECF No. 21 at 2–3.) That is, the order specifically requires parties to file any motion to compel sufficiently in advance of the discovery cutoff date so that the motion may be heard and the Court may grant effective relief within the allotted discovery time; moreover, the parties were cautioned that, absent a showing of good cause, discovery motions would not be heard after the discovery deadline, and a party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely. (Id.) Here, Plaintiffs filed the instant motion to compel on January 12, 2023, a mere four days before the close of discovery. Obviously, the deadlines to file an opposition and reply, and the hearing on the motion, would occur after the January 16, 2023 (extended) discovery cutoff date, thus rendering the motion untimely under the scheduling order. Yet Plaintiffs did not seek to modify the schedule to further extend discovery so that their motion could be heard, nor have they demonstrated any good cause exists to do so.

Indeed, as the Court has now noted multiple times throughout this order, the schedule has already been modified several times to extend the discovery deadlines for the parties. Plaintiffs became aware of the ERRI issue on August 10, 2022, when the information arose during Ms. Cobb's deposition. While the parties proffer meet and confer communications began around that time, Plaintiffs did not serve their RPD3 requesting the unredacted documents until December 6,

---

[5] The Court declines, at this juncture, to discuss the substantive arguments presented by Plaintiffs with respect to RPD3, though they may, in fact, be meritorious.

12

1  2022. Further, as particularly relevant here, after discovery closed on August 31, 2022, Plaintiffs
2  moved to reopen discovery on the express basis that the parties needed to litigate the issue of
3  County's refusal to produce unredacted ERRI documents it had previously agreed to produce.
4  (ECF No. 49 at 7–8.) Thus, by Plaintiffs' own admission (and the sworn affidavit of their counsel
5  (see Powell-2 Decl. ¶ 21)), Plaintiffs knew Defendants were unwilling to produce the unredacted
6  ERRIs at least as of October 17, 2022. The Court reopened discovery in November so that
7  Plaintiffs could resolve this very issue, yet Plaintiffs did not file the instant motion until mid-
8  January 2023.

9  Plaintiffs have filed three other motions to compel in this litigation alone. (See ECF Nos.
10 24, 25, 32.) The parties are represented by counsel and are by no means considered unsophisticated
11 in the practice of litigation. It is therefore presumed that the parties are familiar with the Local
12 Rules of this District and this Court's standing orders, particularly as they pertain to discovery
13 practices. Moreover, within the course of this litigation, the Court has repeatedly admonished and
14 cautioned the parties that discovery must be timely and diligently completed and deadlines will
15 not be moved absent a strong showing of good cause. Here, Plaintiffs learned of the ERRIs in
16 August and confirmed Defendants would not produce unredacted ERRIs in October; yet they did
17 not officially serve RPD3 until December, and they waited until mid-January 2023 to file a motion
18 to compel. The Court can discern no reason for Plaintiffs' several months' delay in bringing the
19 instant motion.

20 Even after the Court reopened discovery for Plaintiffs in November, extending the fact-
21 discovery deadline to January 16, 2023, to enable the parties to litigate the redacted ERRIs issue,
22 Plaintiffs did not complete the meet and confer process and they did not file the instant motion
23 until January 12, 2023, a mere four days prior to the close of discovery. This motion filing date
24 does not comport with the Court's standing order requiring parties to file motions to compel
25 sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within
26 the allotted discovery time. (ECF No. 21 at 2–3.) Instead, Defendants' opposition and both
27 statements of dispute were all filed—and the motion was set to be heard—on dates well after the
28 close of discovery. Remarkably, Plaintiffs do not acknowledge this deadline, but continue to

submit filings and attempt to conduct discovery in complete disregard of the cutoff date. Nor have the parties attempted to proffer any factual basis demonstrating good cause exists to, once again, extend the discovery deadline.

For all of these reasons, Plaintiffs' motion must be denied. The denial shall be without prejudice; however, no further discovery filings shall be permitted prior to the reopening of discovery. Furthermore, the parties are advised that the Court is not inclined to again modify the schedule absent an extremely strong proffer of good cause, which necessitates a showing of diligence that has not as of yet been demonstrated in this litigation.

### C. Requests for Sanctions

Both parties seek sanctions in relation to the instant discovery dispute. For the reasons asserted herein, both requests shall be denied.

#### 1. Legal Standard

If a motion to compel discovery is granted, the Court must order the "party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). If the motion is denied, the court must "require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," however the court "must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Where the motion is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

Further, if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, which may include: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to the [other sanctions outlined in the Rule,] the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

2. <u>Analysis</u>

Here, Plaintiffs seek attorneys' fees and paralegal fees in the total amount of $4,015.00, to cover the costs of bringing the instant motion. (Powell Decl. ¶¶ 24, 26; Ex. G, ECF No. 59-1 at 34–37; Ex. H, ECF No. 59-1 at 38–55.) In addition, Plaintiffs seek sanctions pursuant to the Court's inherent power to issue sanctions due to Defendant's bad faith conduct. (ECF No. 59 at 10–11.) Plaintiffs contend Defendant exhibited bad faith because it initially agreed to produce the unredacted documents, only to later produce meritless objections and pretend to not understand Plaintiff's request.

Defendant argues an award of sanctions to Plaintiffs is unwarranted because Plaintiffs circumvented the proper procedural process in filing the instant motion to compel without appropriate efforts to meet and confer on the issues addressed herein. (ECF No. 61 at 6.) Further, Defendant seeks sanctions in the amount of $1,625.00 for fees it was required to incur to defend against the instant motion. (<u>Id.</u> at 7.)

The Court finds neither party is entitled to recovery of fees. Having determined Plaintiffs' motion must be denied as both premature because Plaintiffs failed to properly comply with the meet and confer process required under Local Rule 251 and this Court's standing orders, and untimely because it purports to continue to litigate discovery issues after the close of discovery, an award of sanctions for them is unwarranted. Meanwhile, the Court is also unpersuaded that

15

Defendant is entitled to sanctions. In sum, both parties have demonstrated a lack of diligence, causing unnecessary delay in the discovery process through their mutual refusal to engage in appropriate and professionally civil meet and confer communications. *Both* parties have therefore, to the dismay of this Court, squandered valuable time and resources—of their clients, the taxpayers, and this Court—with their recalcitrant discovery practices and gamesmanship. Accordingly, the parties' cross-requests for sanctions shall be denied.

Finally, in light of the reassignment of this case to District Judge Ana de Alba, the Court shall reset the pretrial conference currently set before District Judge Dale A. Drozd. However, the parties are advised that no additional modifications to the schedule will be permitted absent an extremely strong showing of good cause as well as diligence by the parties.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The hearing on Plaintiffs' motion to compel set for February 15, 2023, at 10:00 a.m. is hereby VACATED;

2. Plaintiffs' motion to compel Defendant County of Stanislaus's production of documents (ECF No. 59), is DENIED, without prejudice;

3. Plaintiffs' request for sanctions is DENIED;

4. Defendant' cross-request for sanctions is DENIED; and

5. The pretrial conference currently set for June 12, 2023 is RESET for **August 14, 2023**, at **1:30 p.m.**, in **Courtroom 1** before District Judge Ana de Alba.

IT IS SO ORDERED.

Dated:   **February 13, 2023**

UNITED STATES MAGISTRATE JUDGE