Robert R. Powell (SBN: 159747)
POWELL & ASSOCIATES
925 W. Hedding St.
San Jose, CA 95126
Phone: (408) 553-0201
Fax: (408) 553-0203
Email: rpowell@rrpassociates.com

Samuel H. Park (SBN: 261136)
LAW OFFICE OF SAMUEL H. PARK, APC
374d Bergin Drive
Monterey, CA 93940
Phone: (831) 529-5955
Email: sam@sampark.lawyer

Attorneys for Plaintiffs,
Shane Beard, Hilda Perez, and N.P.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE BEARD, et al., | Case No. 1:21-cv-00841-JAM-CKD |
| Plaintiffs, | **PLAINTIFFS' BRIEF, RE: WAIVER OF OBJECTIONS TO DEPOSITIONS AND UNTIMELY ASSERTION OF OBJECTIONS AT TRIAL** |
| v. | |
| COUNTY OF STANISLAUS, et al., | |
| Defendants. | |

### I. Introduction

On May 10, 2024, counsel for Defendants filed Objections to Plaintiffs' Deposition Designation at Trial (Document 130) ("Defendants' Objections"), arguing, among other things, that:

> **"[T]he anticipated proffered testimony is rife with questions that lack foundation, have the witness testify on matters in documents for which they have no personal knowledge and was not proper refreshment, seek expert testimony when none of the defendants are designated as experts by any party, are based on questions that have no factual basis in the facts of this case (and are thus irrelevant), are best left to the jury's understanding of the documents under the best evidence rule, seek the witness to guess or speculate, contains testimony that is either non-responsive to the question or there was not even a question pending."**

Defendants have known, as early as February 6, 2024, those portions of the deposition transcripts for Defendants, April Cobb, Shynelle Jones, and Stephanie Herrera, that Plaintiffs intended to use at trial. Powell Declaration, ¶ 2, Exh. 1.

Defendants knew, as of February 8, 2024, those portions of the deposition transcript for Gloria Solorio that Plaintiffs intended to use at trial. Powell Declaration, ¶ 2, Exh. 2.

Plaintiffs made similar designation for the Deposition of Eric Anderson on February 19, 2024. Powell Declaration, ¶ 2, Exh. 3.

Video clips of the depositions to be used at trial were sent by Dropbox on April 17, 2024. Powell Declaration, ¶ 2, Exh. 4.

Plaintiffs even provided a sample form that the parties could use to determine what portions of the designated transcripts were the subject of trial objections. Powell Declaration, ¶ 3, Exh. 5.

Plaintiffs respectfully submit that the assertion of a blanket objections to Plaintiffs' designated portions of the deposition transcripts to be used at trial are improper for at least two reasons:

(1) Objections need to be specific to the parts of the deposition transcripts that are objected to. There is no "wave of the wand" procedure for objecting to evidence under the Federal Rules of Civil Procedure or the Federal Rules of Evidence; and

(2) Other than objections based on materiality or relevance, the types of objections that Defendants seek to assert at this late juncture are untimely and therefore waived.

Plaintiffs respectfully request the Court to overrule Defendants' Objections or, at a minimum, require Defendants to state their objections with particularity.

PLAINTIFFS' BRIEF, RE: WAIVER OF OBJECTIONS TO DEPOSITIONS
AND UNTIMELY ASSERTION OF OBJECTIONS AT TRIAL

## II. Law

Rule 32(d)(3)(A) of the Federal Rules of Civil Procedure provides:

> "An objection to a deponent's competence—or to the competence, relevance, or materiality of testimony—is not waived by a failure to make the objection before or during the deposition, unless the ground for it might have been corrected at that time."

Rule 32(d)(3)(B) provides:

> "An objection to an error or irregularity at an oral examination is waived if:
>
> (i) it relates to the manner of taking the deposition, the form of a question or answer, the oath or affirmation, a party's conduct, or other matters that might have been corrected at that time; and
>
> (ii) it is not timely made during the deposition."

"It is only necessary to object at a deposition where the 'form' of the question (not the nature of the question) is objectionable and a 'seasonable' objection would provide an opportunity to correct the form." *In re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. 614, 618 (D. Nev. 1998). "Questions to which timely objections should be made during the deposition include those which are leading or suggestive; ambiguous or uncertain; compound; assume facts not in evidence; call for a narration; call for speculation or conjecture; or argumentative." *Id.*

"Objections based on lack of foundation and use of facts not in evidence are deemed waived if not made during a deposition because they "might have been cured if presented at the deposition." *Sequoia Prop. & Equip. v. United States*, No. CV-F-97-5044-LJO, 2002 U.S. Dist. LEXIS 7541, at *5, 89 A.F.T.R.2d (RIA) 2002-1435 (E.D. Cal. Feb. 5, 2002), citing *In re WPMK, Inc.*, 42 B.R. 157, 160-161 (Bankr. D. Haw. 1984) and Fed. R. Civ. P. 32(d)(3)(B).

Objections asserted on grounds of privilege or work product are also waived unless timely and specifically made at deposition. *Nguyen v. Excel Corp.*, 197 F.3d 200, 208 (5th Cir. 1999).

### III. Argument

The Court cannot and should not condone Defendants' belated attempt to assert objections, wholesale, to the portions of deposition transcripts that Plaintiffs seek to use at trial. This is not a recognized procedure under the Rules of Civil Procedure and Rules of Evidence. Moreover, there is no excuse for Defendants' attempt to assert a unparticularized objections to the designated portions as they have had ample opportunity to articulate specific objections. This attempt to assert a blanket objection is unfair to both the Court and to counsel. It burdens the Court with having to read through the deposition transcripts and determining, for itself, whether any of the list of objections apply to each question. Plaintiffs, for their part, are disabled from even responding.

Moreover, the types of objections that Defendants are "unseasonable" or not properly asserted for the first time at time of trial, as discussed above. The failure to timely assert objections based on the form of the question, privilege, or work-product results in waiver.

/ / /

/ / /

/ / /

## IV. Conclusion

Based on the foregoing, Plaintiffs respectfully request the Court to overrule Defendants' Objections. If the Court is inclined to entertain any new objections to Plaintiffs' designated portions of the deposition transcripts, Plaintiffs' request the Court to overrule any untimely objections as set forth above.

Dated: 5/13/2024                     LAW OFFICE OF SAMUEL H. PARK, APC

                          By:   /s/ Samuel H. Park
                                Samuel H. Park,
                                Attorney for Plaintiffs