UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE BEARD, HILDA PEREZ, AND N.P., a minor, by and through Guardian ad Litem Donnie R. Cox, | Case No. 1:21-cv-00841 JAM-CSK |
| Plaintiffs, | **JURY INSTRUCTIONS** |
| v. | |
| COUNTY OF STANISLAUS, a political subdivision of the State of California, ERIC ANDERSON, APRIL COBBS, MARIELA GOMEZ, DAVID GRANADOS, STEPHANIE HERRERA, SHARI JOHNSON, SHYNELLE JONES, GLORIA SOLORIO, and DOES 1 through 10, Inclusive, | |
| Defendants. | |

Dated: May 28, 2024        /s/ John A. Mendez

THE HONORABLE JOHN A. MENDEZ

SENIOR UNITED STATES DISTRICT JUDGE

JURY INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

JURY INSTRUCTION NO. 2

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

JURY INSTRUCTION NO. 3

    You should decide the case as to each Plaintiff separately. Unless otherwise stated, the instructions apply to all parties.

JURY INSTRUCTION NO. 4

   To assist with deliberations, I am providing you with the following summary of the claims brought by Plaintiffs against Defendant April Cobbs.

   You need not consider any other claims against any other persons or the County of Stanislaus that may have been mentioned by the parties in this case.

| Plaintiffs | Defendant | Claim |
|---|---|---|
| N.P. | April Cobbs | 42 USC § 1983 – 4th Amendment – Unreasonable Seizure by Judicial Deception |
| N.P., Hilda Perez, Shane Beard | April Cobbs | 42 USC § 1983 – 14th Amendment – Substantive Due Process Familial Association |
| N.P. | April Cobbs | False Imprisonment |

JURY INSTRUCTION NO. 5

The parties have agreed to the following facts that you must treat as having been proved:

1. Plaintiff Hilda Perez is the natural mother of N.P., A.S., C.P., D.P. and V.P.

2. Plaintiff Shane Beard is the natural father of Plaintiff N.P.

3. Plaintiff N.P. was born in 2018.

4. At all relevant times, Plaintiffs Hilda Perez and Shane Beard lived in different residences.

5. On July 12, 2019, Defendant April Cobbs and Shynelle Jones went to the home of Hilda Perez and spoke to her in order to investigate a child abuse referral regarding Hilda Perez's son, A.S.

6. A "Team Decision Meeting" ("TDM") was held July 15, 2019.

7. Following the TDM, on July 15, 2019, a staff meeting referred to as "Team Assessment Planning" ("TAP") was held by the social workers. Those who attended were Eric Anderson, Mariela Gomez, Gloria Solorio, Defendant April Cobbs, Shynelle Jones and Stephanie Herrera; also acting as "facilitator" was Stanislaus County employee Howard Courney.

8. On July 19, 2019, Defendant April Cobbs filed an "Application and Affidavit in Support of Protective Custody Order and Order Authorizing Entry into Home" (warrant application) with the Juvenile Court seeking judicial authorization to remove N.P. from the custody of his parents, Plaintiffs Hilda Perez and Shane Beard. A judge signed the warrant on July 19, 2019 and N.P. was

removed on the warrant the same day.

9.   A Juvenile Dependency Petition signed by David Granados and Mariela Gomez regarding N.P. was submitted in the Stanislaus County Superior Court on July 23, 2019.

10.   On July 29, 2019, the Stanislaus County Juvenile Court issued an Order of Detention for N.P.

11.   A 1st Amended Juvenile Dependency Petition signed by David Granados and Mariela Gomez regarding N.P. was submitted in the Stanislaus County Superior Court on August 16, 2019.

12.   A Jurisdiction Report signed by David Granados and Mariela Gomez regarding N.P. was submitted in the Stanislaus County Superior Court on August 19, 2019.

13.   A Disposition Report signed by David Granados and Mariela Gomez regarding N.P. was submitted in the Stanislaus County Superior Court on September 10, 2019.

14.   An Addendum Report signed by David Granados and Mariela Gomez regarding N.P. was submitted in the Stanislaus County Superior Court on October 8, 2019.

15.   On October 8, 2019, the Stanislaus County Juvenile Court adjudicated N.P. a ward of the court

16.   On the same day Plaintiff N.P. was physically returned to Plaintiff Shane Beard only, pursuant to a reunification plan; Plaintiff Hilda Perez was placed on a family maintenance plan.

17.   A 2nd Amended Juvenile Dependency Petition signed by David Granados and Mariela Gomez regarding N.P. was submitted in the Stanislaus County Superior Court on October 11, 2019.

18.   A Status Review Report signed by social workers Rebecca Blacksten and Kurt Van Houten regarding N.P. was submitted in the

Stanislaus County Superior Court on March 27, 2020.

19. An Addendum Report signed by social workers Rebecca Blacksten and Kurt Van Houten regarding N.P. was submitted in the Stanislaus County Superior Court on April 27, 2020.

20.  On April 27, 2020, the Stanislaus County Juvenile Court terminated the dependency proceedings, returning physical and legal custody to Plaintiffs Hilda Perez and Shane Beard.

Again, you must treat these facts as having been proven.

JURY INSTRUCTION NO. 6

The evidence you are to consider in deciding what the facts are consists of:

1.    The sworn testimony of any witness;

2.    The exhibits that have been admitted into evidence;

3.    Any facts to which the parties have agreed; and

4.    Any facts that I have instructed you to accept as proved.

JURY INSTRUCTION NO. 7

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.   Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4.   Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

JURY INSTRUCTION 8

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

JURY INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  The opportunity and ability of the witness to see or hear or know the things testified to;

(2)  The witness's memory;

(3)  The witness's manner while testifying;

(4)  The witness's interest in the outcome of the case, if any;

(5)  The witness's bias or prejudice, if any;

(6)  Whether other evidence contradicted the witness's testimony;

(7)  The reasonableness of the witness's testimony in light of all the evidence; and

(8)  Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose

not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were and how much weight you think their testimony deserves.

JURY INSTRUCTION NO. 10

You have heard testimony from an expert witness who testified to opinions and the reasons for her opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

JURY INSTRUCTION NO. 11

The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

JURY INSTRUCTION NO. 12

   The Plaintiffs Shane Beard, Hilda Perez, and N.P bring two claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

JURY INSTRUCTION NO. 13

In a § 1983 action, a plaintiff must demonstrate that the defendant's conduct was the actionable cause of the claimed injury. In order to establish causation on Plaintiff N.P.'s Unreasonable Seizure by Judicial Deception claim, Plaintiffs must establish that Defendant April Cobbs' actions in violation of the Fourth Amendments were a substantial factor in causing harm to Plaintiff N.P.

In order to establish causation on Plaintiffs Hilda Perez, Shane Beard, and N.P.'s Interference with Familial Association claim, Plaintiffs must establish that Defendant April Cobbs' actions in violation of the Fourteenth Amendment were a substantial factor in causing harm to Plaintiffs Shane Beard, Hilda Perez, and/or N.P.

A substantial factor is one that a reasonable person would consider to have contributed to the harm.  Although the conduct need not be the only cause of the harm, the conduct must be more than a trivial or remote fact.

JURY INSTRUCTION NO. 14

In order to prevail on their § 1983 claims against Defendant April Cobbs, the Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.   Defendant April Cobbs acted under color of law;

2.   The act of Defendant April Cobbs deprived Plaintiffs Shane Beard, Hilda Perez, and/or N.P. of their particular rights under the United States Constitution as explained in later instruction; and

3.   Defendant April Cobbs' conduct was an actual cause of the claimed injuries.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties stipulate that Defendant April Cobbs was acting under color of law.

If you find Plaintiffs have proved each of these elements as to Defendant April Cobbs, and if you find that the Plaintiffs have proved all the elements they are required to prove under the additional instructions provided, your verdict should be for the Plaintiffs.  If, on the other hand, the Plaintiffs have failed to prove any one or more of these elements, your verdict should be for the Defendant.

JURY INSTRUCTION NO. 15

As previously explained, the Plaintiffs have the burden of proving that the acts of Defendant April Cobbs deprived the Plaintiffs of particular rights under the United States Constitution.  In this case, minor-Plaintiff N.P. alleges Defendant April Cobbs deprived him of his rights under the Fourth Amendment to the Constitution when the Defendant Cobbs intentionally or in reckless disregard of the truth made one or more material misrepresentations or omissions in a protective custody warrant affidavit submitted to a judge.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  A protective custody warrant is a written order signed by a judge that permits social workers to place a child in protective custody.  To obtain a protective custody warrant, a social worker must show probable cause that there exists substantial danger to the safety or to the physical or emotional health of the child and there are no reasonable means to protect the child's safety or physical health without removal. In deciding whether to issue a protective custody warrant, a judge generally relies on the facts stated in a warrant affidavit signed by a social worker.

To prove Defendant April Cobbs deprived Plaintiff N.P. of his Fourth Amendment right, Plaintiffs must prove the following additional elements by a preponderance of the evidence:

1.    Defendant April Cobbs submitted to a judge a warrant affidavit that contained one or more misrepresentations or omissions material to the finding of probable cause; and

2.    Defendant April Cobbs made those misrepresentations or

omissions either intentionally or with reckless disregard for the truth.

To show materiality in the context of this claim, the Plaintiff must demonstrate that the judge would not have issued the warrant if the false information had been excluded or if the omitted or missing information had been included.

In the context of this claim, a "reckless disregard for the truth" means highly unreasonable conduct that is an extreme departure from ordinary care, presenting a danger of misleading a reasonable judge into concluding that probable cause has been established, when that danger is either known to the Defendant or is so obvious that the Defendant must have been aware of it.

JURY INSTRUCTION NO. 16

With respect to Plaintiffs Hilda Perez, Shane Beard, and N.P.'s claim for loss of familial relationship, in general, a parent has a constitutional right to a familial relationship with his/her child.  In order for Plaintiffs to prove that Defendant April Cobbs interfered with their familial relationship, Plaintiffs must prove by a preponderance of the evidence that Defendant's conduct shocks the conscience.

There are two tests used to decide whether a defendant's conduct "shocks the conscience."  A defendant's conduct may shock the conscience if (1) the official acted with a "purpose to harm" the victim for reasons unrelated to legitimate enforcement objectives; or (2) the official acted with "deliberate indifference" to the victim.  Which test applies turns on the specific circumstances of the underlying events in each case. Here, if you find that the encounter at issue escalated so quickly that Defendant April Cobbs had to make a snap judgment, the Plaintiffs must show Defendant acted with a "purpose to harm."  However, if you find the situation evolved within a time frame that allowed Defendant April Cobbs to reflect before acting, the Plaintiffs must show she acted with "deliberate indifference."

JURY INSTRUCTION NO. 17

Plaintiff N.P. claims that he was wrongfully removed by Defendant April Cobbs under state law.  To establish this claim against Defendant April Cobbs, Plaintiff N.P. must prove all of the following:

1.   That Defendant April Cobbs intentionally caused N.P. to be removed;

2.   That the protective custody warrant was invalid because it contained perjured information, fabricated evidence, or failed to disclose known exculpatory evidence;

3.   That Defendant April Cobbs did so with malice.  Malice is defined as conduct that is intended to cause injury to the Plaintiff or despicable conduct that is carried on with a willful and conscious disregard of the rights or safety of others;

4.   That N.P. was actually harmed; and

5.   That Defendant April Cobbs' conduct was a substantial factor in causing N.P.'s harm.

JURY INSTRUCTION NO. 18

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiffs on any of Plaintiffs' claims, you must determine the Plaintiffs' damages.  Plaintiffs have the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Plaintiffs for any injury you find was caused by the Defendant.  You should consider the following:

1.   Nature and extent of the injuries; and

2.   The mental or emotional pain and suffering experienced and that with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

JURY INSTRUCTION NO. 19

If you find for Plaintiffs, you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish Defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate Plaintiffs.

Plaintiffs have the burden of proving by a preponderance of the evidence that punitive damages should be awarded for their unreasonable seizure, loss of familial relationship, or false imprisonment claims and, if so, the amount of any such damages.

You may award punitive damages only if you find that Defendant April Cobbs' conduct that harmed Plaintiffs was malicious, oppressive, or in reckless disregard of the Plaintiffs' rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring a plaintiff.  Conduct is in reckless disregard of a plaintiff's rights if, under the circumstances, it reflects complete indifference to a plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal or state law.  An act or omission is oppressive if the defendant injures or damages or otherwise violate the rights of a plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree

of reprehensibility of Defendant's conduct.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on Plaintiffs.

Punitive damages may be awarded even if you award Plaintiffs only nominal, and not compensatory, damages.

JURY INSTRUCTION NO. 20

The law that applies to this case authorizes an award of nominal damages on the claims for unreasonable seizure and loss of familial relationship.  If you find for the Plaintiffs but you find that Plaintiffs have failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

JURY INSTRUCTION NO. 21

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

JURY INSTRUCTION NO. 22

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But, do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

JURY INSTRUCTION NO. 23

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website, or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the Court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do

not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the Court immediately.

JURY INSTRUCTION NO. 24

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the Court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

JURY INSTRUCTION NO. 25

　　　A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.